IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

    Plaintiff,

  v.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Defendants.

No. C 06-00545 WHA

**ORDER RE NON-PARTIES' ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND *IN CAMERA* AND CHANGING DEADLINES**

    This action challenges the placement of plaintiff's name on the "no-fly list." An order dated July 27, 2009, dismissed all federal government defendants, including the FBI, Department of Homeland Security, and Transportation Security Administration ("former federal defendants" or "non-parties") from this action (Dkt. No. 197).

    The parties and former federal defendants have filed a series of motions and oppositions seeking to compel, disclose, or suppress certain disclosures, thereby creating a somewhat confusing mess of discovery disputes (*see* Dkt. Nos. 231, 245–47). Specifically, the San Francisco defendants have filed a motion for order authorizing disclosures of information that the former federal defendants seek to keep confidential (Dkt. No. 238). On November 16, 2009, the former federal defendants filed an opposition to the motion for order authorizing disclosures (Dkt. No. 251). In addition to this motion, the non-parties filed an administrative motion to file under seal and *in camera* attachment A to non-parties' opposition to San Francisco defendants'

motion to authorize disclosures (Dkt. No. 250). The administrative motion to file under seal and *in camera* does not reveal the contents of attachment A, but states only that "[a]ttachment A is a declaration asserting the law enforcement privilege over portions of the 'teletype' San Francisco defendants seek authorization to disclose. The declaration contains detailed descriptions of the document, which cannot be disclosed pursuant to the law enforcement privilege" (*id.* at 1–2). As a result, the Court has no clue what is in attachment A and, therefore, can only rule that it will be willing to review the document *in camera* and under seal, as requested by the former federal defendants. But if the Court deems the materials should not remain under seal, the Court will then release the document pursuant to a protective order. If the former federal defendants agree to submit the document under these terms, then they may submit it to the Court by no later than **WEDNESDAY, NOVEMBER 18, 2009, AT NOON**.

Also, an order dated November 13, 2009, combined all motions regarding this discovery dispute to be heard in a single hearing on November 23, 2009, at 9:00 a.m. and issued deadlines for the filing of a motion to quash (Dkt. No. 248). The deadlines issued in that order regarding the filing of the motion to quash and the opposition to that motion remain unchanged. But the hearing currently scheduled for November 23, 2009, will be continued until **THE WEEK OF NOVEMBER 30, 2009**. Likewise, the deadline for the San Francisco defendants' reply to the former federal defendants' opposition to the motion for order authorizing disclosures will be postponed until **THE WEEK OF NOVEMBER 23, 2009**. The specific dates of these revised deadlines will be specified in an order that will issue by no later than **FRIDAY, NOVEMBER 20, 2009**.

**IT IS SO ORDERED.**

Dated: November 17, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2