JAMES McMANIS (40958)
ELIZABETH PIPKIN (243611)
CHRISTINE PEEK (234573)
RUBY H. KAZI (243872)
McMANIS FAULKNER
A Professional Corporation
50 W. San Fernando, 10th Floor
San Jose, CA  95113
Telephone:     (408) 279-8700
Facsimile:     (408) 279-3244
epipkin@mcmanislaw.com
cpeek@mcmanislaw.com

Attorneys for Plaintiff, Rahinah Ibrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAHINAH IBRAHIM, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.<br><br>       Defendants. | CASE NO.  C06-0545 WHA<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENAS FILED BY DEPARTMENT OF HOMELAND SECURITY, FEDERAL BUREAU OF INVESTIGATION, AND DEPARTMENT OF STATE**<br><br>Date:    December 7, 2009<br>Time:    2:00 p.m.<br>Ctrm:    9, 19th Floor<br>Judge:   The Hon. William H. Alsup |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

    A.    Visa Subpoenas..................................................................................................2

    B.    Percipient Witness Subpoenas ..........................................................................3

ARGUMENT..........................................................................................................................4

    A.    The Federal Government Has Waived Any Privilege Objection to the Subpoenas Because It Failed to Timely Serve a Motion to Quash or Objections...........................................................................................4

    B.    District Courts Apply Federal Discovery Rules to Discovery Requests Made Against Government Agencies, Whether or Not the Agency is a Party ......................................................................................4

    C.    Ibrahim Has Issued Valid Subpoenas to Which the Government Must Be Compelled to Respond Because the Information is Discoverable Factual Information and Testimony of Percipient Witnesses ..........................................................................................................5

        1.    The Subpoenas for Documents Related to Ibrahim's Visa Status Seek Discoverable Information..................................................5

        2.    The Subpoenas for Testimony by Paul C. Woods and Lee Korman Seek Discoverable Information ..............................................6

        3.    The Cases Cited by the Federal Government for the Proposition that Ibrahim Must Undergo the *Touhy* Procedures Do Not Apply....................................................................7

    D.    Even If *Touhy* Applies to the Discovery Requested, Ibrahim Has Already Complied with *Touhy*..........................................................................8

    E.    Ibrahim Seeks Leave to Amend Her Complaint to Add Claims Against the Federal Agencies For Their Refusal To Provide Requested Discovery ........................................................................................8

CONCLUSION.......................................................................................................................9

ii

PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENAS FILED BY DEPARTMENT OF HOMELAND SECURITY, FEDERAL BUREAU OF INVESTIGATION, AND DEPARTMENT OF STATE; Case No.: C 06-0545 WHA

# TABLE OF AUTHORITIES

**Cases**

*Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*
　175 F.R.D. 646 (C.D. Cal. 1997) ................................................................................................ 6

*Exxon Shipping Co. v. United States Dept. of Interior*
　34 F.3d 774 (9th Cir. 1994) .............................................................................................. 2, 5, 7, 8

*FBI v. Superior Court of the State of Cal.*
　507 F. Supp.2d 1082 (N.D. Cal. 2007) ........................................................................................ 7

*In re DG Acquisition Corp.*
　151 F.3d 75 (2d Cir. 1998) ........................................................................................................... 4

*In re Recalcitrant Witness Richard Boeh v. Gates*
　25 F.3d 761 (9th Cir. 1994 ........................................................................................................ 5, 7

*King v. Fidelity Nat'l Bank of Baton Rouge*
　712 F.2d 188 (5th Cir. 1983) ........................................................................................................ 4

*Lopez v. Chertoff*
　2009 WL 1575209 (E.D. Cal.) ..................................................................................................... 8

*Oakes v. Halvorsen Marine Ltd.*
　179 F.R.D. 281 (C.D. Cal. 1998) ................................................................................................. 6

*Touhy v. Ragen*
　340 U.S. 462 (1951) ....................................................................................................... 4, 5, 7, 8, 9

*U.S. v. Mejia*
　69 F.3d 309 (9th Cir. 1995) .......................................................................................................... 6

*United States v. Henson*
　123 F.3d 1226 (9th Cir. 1997) ...................................................................................................... 7

**Statutes, Rules, Regulations and Other Authorities**

5 U.S.C. § 301 ................................................................................................................................ 5

5 U.S.C. § 702 ................................................................................................................................ 9

Fed. R. Civ. Proc. 26(b)(1) ............................................................................................................ 5

PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENAS FILED BY DEPARTMENT OF HOMELAND SECURITY, FEDERAL BUREAU OF INVESTIGATION, AND DEPARTMENT OF STATE; Case No.: C 06-0545 WHA

Fed. R. Civ. Proc. 45(c)(2)(B) .................................................................................................. 4

Fed. R. Evid. 43(a) ................................................................................................................... 5

Schwarzer, Tashima & Wagstaff, California Practice Guide: Federal Civil Procedure Before
   Trial, § 11.21 (1995 revised) ................................................................................................ 6

# INTRODUCTION

The federal government's motion seeks to quash four subpoenas served by Rahinah Ibrahim in this case:

1.  Subpoena to the Department of Homeland Security to produce documents and information regarding a) Rahinah Ibrahim's September 29, 2009 visa interview in Kuala Lumpur, Malaysia; b) Ibrahim's current visa application; and c) any decision on Ibrahim's current visa application;

2.  Subpoena to the Department of State to produce documents and information regarding a) Rahinah Ibrahim's September 29, 2009 visa interview in Kuala Lumpur, Malaysia; b) Ibrahim's current visa application; and c) any decision on Ibrahim's current visa application;

3.  Subpoena for testimony and documents to Paul C. Woods, an FBI agent who, according to the police report,[1] spoke to the San Francisco police regarding Ibrahim on the day of her arrest.

4.  Subpoena for testimony and documents to Lee Korman, a TSA Inspector who, according to the police report, was at the scene of the arrest and communicated with the San Francisco police regarding Ibrahim on the day of her arrest.

The first two subpoenas relate to Ibrahim's ability to obtain a visa and travel here to testify in her case. The last two subpoenas seek testimony of percipient witnesses (Paul Woods and Lee Korman) who have personal knowledge regarding Ibrahim's arrest and the alleged bases therefore.

The government's sole objections to these subpoenas is that Ibrahim must comply with the *Touhy* procedures. However, the government's reliance on *Touhy* to shield it from discovery

---

[1] By referring to the police report, Ibrahim does not make any representation or assumption as to its accuracy, nor does she waive any objection to its admissibility. However, in conducting discovery, Ibrahim must use the sources available to her to determine the likely witnesses to the events in question.

1

1  in this case is misplaced.  The Ninth Circuit has held that *Touhy* does not create an independent

2  privilege for the federal government to withhold information and that district courts should apply

3  the federal rules of discovery when evaluating discovery requests made against government

4  agencies, whether or not the United States is a party to the underlying action.  *See Exxon*

5  *Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 780 (9th Cir. 1994) Therefore, this

6  Court has the authority to consider whether the discovery will be allowed pursuant to the Federal

7  Rules of Civil Procedure.  Here, the discovery is proper because it seeks information and

8  documents from percipient witnesses that were relied upon and created at or around the time of

9  the events in question.  The government should therefore be ordered to comply with the

10  subpoenas.

## BACKGROUND

**A.  Visa Subpoenas**

On September 9, 2009, counsel for the defendants requested that Ibrahim travel to the United States for her deposition in this case.  *See* Declaration of Elizabeth Pipkin in Support of Plaintiff's Opposition to Motion to Quash Subpoenas Filed by Department of Homeland Security, Federal Bureau of Investigation, and Department of State ("Pipkin Decl."), ¶ 2.  As soon as defendants requested that Ibrahim travel to the U.S. for her deposition, Ibrahim prepared her visa application and attended her visa interview on September 29, 2009.  This was the earliest possible date by which she could complete the application and schedule the visa appointment.

Ibrahim necessarily attended the visa interview without her counsel, as her counsel is in the U.S.  At her visa interview on September 29, the federal government took the opportunity to ask Ibrahim several questions about her legal strategy, including why she hired a lawyer in the United States and what she wanted to settle her case.  *See* Pipkin Decl., ¶ 3.  These questions had no conceivable relation to Ibrahim's eligibility for a U.S. visa and were highly intimidating.  It was also improper to question a represented party about such matters without the presence of her counsel.  After the interview was completed, Ibrahim was told that she would receive a decision on her visa application within one to two weeks.  *See* Pipkin Decl., ¶ 3.  As of November 19,

2

1  2009 (over seven weeks since the visa interview), she has received no decision.

2  On September 29, 2009, counsel for Ibrahim wrote to the Department of Justice objecting
3  to the improper questioning of Ibrahim regarding legal strategy without her counsel present.
4  Ibrahim received no response. Ibrahim's counsel then issued the subpoenas in question to the
5  Department of State and the Department of Homeland Security in an attempt to learn what had
6  happened at Ibrahim's visa interview and to obtain any documents related to any possible delay
7  in her visa application. The Department of Homeland Security was served on October 14, 2009.
8  *See* Pipkin Decl., ¶ 6, Exh. C. The Department of State was served on October 16, 2009. *See*
9  Pipkin Decl., ¶ 5, Exh. B.

10  On November 5, 2009, counsel for the Department of State and the Department of
11  Homeland Security wrote Ibrahim's counsel giving Ibrahim one day to withdraw the subpoenas.
12  *See* Pipkin Decl., ¶ 7, Exh. D. Ibrahim responded and the parties met and conferred further on
13  November 9, 2009. *See* Pipkin Decl., ¶ 8, Exh. E.

14  On November 6, 2009, the Court conducted a conference with the remaining parties
15  regarding the location of Ibrahim's deposition. At that time, the Court requested that a letter be
16  written to the Department of Homeland Security and the Department of State requesting a
17  decision on Ibrahim's visa by November 25, 2009 so that Ibrahim may make travel arrangements
18  and appear for her deposition on December 7, 2009. Ibrahim's counsel wrote the letter to the
19  relevant agencies and the U.S. Embassy in Kuala Lumpur. *See* Pipkin Decl., ¶ 9, Exh. F.
20  Ibrahim has received no response.

21  **B.  Percipient Witness Subpoenas**

22  The San Francisco Police Department has made clear that it intends to rely on
23  instructions that it allegedly received from the federal government to justify its wrongful arrest of
24  Ibrahim. *See* Notice of Motion and Motion for Order Authorizing Disclosures by San Francisco
25  Defendants (Doc. #238), at p. 1. Ibrahim therefore needs to question federal government
26  witnesses who allegedly communicated with the San Francisco Police Department. The police
27  report created by the San Francisco police in this matter states that FBI agent Paul Woods
28  communicated with the San Francisco police about Ibrahim on the day of the arrest. Pipkin

3

Decl., ¶ 10, Exh. G.  The police report also indicates that TSA Inspector Lee Korman communicated with the San Francisco police about Ibrahim's arrest. *See id.*  Ibrahim has reason to believe that these individuals have information regarding the San Francisco police's alleged reason for Ibrahim's arrest.

Ibrahim therefore served subpoenas for testimony by Agent Woods and Inspector Korman on counsel for the federal government.  *See* Pipkin Decl., ¶¶ 12-13, Exhs. H and I.

On November 9, 2009, counsel for the Department of State and the Department of Homeland Security and counsel for Ibrahim met and conferred regarding the subpoenas via telephone.  *See* Pipkin Decl., ¶ 11.

## ARGUMENT

### A. The Federal Government Has Waived Any Privilege Objection to the Subpoenas Because It Failed to Timely Serve a Motion to Quash or Objections

A motion to quash a subpoena must be made promptly.  It must be heard and granted *before* the scheduled deposition.  *See King v. Fidelity Nat'l Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir. 1983).  Furthermore, objections must be served within 14 days after service of the subpoena.  *See* Fed. R. Civ. Proc. 45(c)(2)(B).  Failure to serve timely objections waives all grounds for objection, including privilege.  *See In re DG Acquisition Corp.,* 151 F.3d 75, 81 (2d Cir. 1998).  Here, the federal government objected more than 14 days after service of the subpoenas for documents to the Department of Homeland Security and the Department of State, thereby waiving its objections.  Furthermore, the federal government has never asserted any objections to the document requests attached to the subpoenas of Lee Korman and Paul Woods, thereby waiving any objection other than those based on the *Touhy* regulations.

### B. District Courts Apply Federal Discovery Rules to Discovery Requests Made Against Government Agencies, Whether or Not the Agency is a Party.

In *Touhy v. Ragen*, 340 U.S. 462 (1951) the Supreme Court ruled that an FBI agent could not be held in contempt for refusing to obey a subpoena duces tecum when the Attorney General, acting pursuant to federal regulations regarding the release of official documents, had ordered him to refuse to comply.  *Id.* at 469.  The Court specifically refused to reach the question of the

4

power of agency heads to withhold evidence from a court without a specific claim of privilege. *Id.* at 467; *see In re Recalcitrant Witness Richard Boeh v. Gates,* 25 F.3d 761, 764 & n.4 (9th Cir. 1994) (noting that *Touhy* did not decide the legality of agency heads' executive privilege claim).

Title 5 of the U.S. Code, section 301 authorizes federal agencies to create regulations regarding the custody, use and preservation of their records as follows:

> The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. ***This section does not authorize withholding information from the public or limiting the availability of records to the public.***

5 U.S.C. § 301 (emphasis added).

Section 301 does not authorize agency heads to withhold documents or testimony from federal courts. *See Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 777 (9th Cir. 1994). Nor does it create an independent privilege to withhold government information or shield federal employees from valid subpoenas. *See id.* at 780. Rather, district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action. *See id.*

### C.  Ibrahim Has Issued Valid Subpoenas to Which the Government Must Be Compelled to Respond Because the Information is Discoverable Factual Information and Testimony of Percipient Witnesses.

It is undisputed that Ibrahim properly requested the information she seeks by valid subpoenas for production of documents and testimony. Pipkin Decl., ¶¶ 5-6, 12-13 Exhs. B, C, H and I. Pursuant to *Exxon Shipping Co.,* the district court must apply the federal rules of discovery in ruling on the discovery requests. *See Exxon Shipping Co.,* 34 F.3d at 780.

#### 1. The Subpoenas for Documents Related to Ibrahim's Visa Status Seek Discoverable Information

Pursuant to the Federal Rules of Civil Procedure, a party may obtain discovery regarding any nonprivileged matter that is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. Proc. 26(b)(1). At trial, a witness's testimony must be taken in open court, absent an exception. *See* Fed. R. Evid. 43(a). In trying issues involving the credibility of

1  witnesses, courts must proceed by the way of live testimony so that the rights of the parties will
2  be protected to the fullest extent practical.  *See U.S. v. Mejia,* 69 F.3d 309, 319 (9th Cir. 1995).  It
3  is substantially prejudicial to deprive a party of the right to testify live in his or her own case.
4  *See id.*

5        Ibrahim needs to travel here to testify in her case; indeed her testimony is critical
6  evidence.  The federal government's improper interrogation of Ibrahim in her visa interview and
7  failure to act on Ibrahim's visa application raise serious questions about the reasons that
8  Ibrahim's visa is being withheld.  Ibrahim's visa subpoenas seek information that she needs to
9  determine the status of her visa application.  Without this information, she is unable to determine
10 what she needs to do to secure her opportunity to travel here.

**2.   The Subpoenas for Testimony by Paul C. Woods and Lee Korman Seek Discoverable Information**

13       For the purposes of discovery, "information is 'relevant' if it relates to the claim or
14 defense of the party seeking discovery or any other party, or to the credibility of any witness."
15 *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal.
16 1997) (quoting Schwarzer, Tashima & Wagstaff, California Practice Guide: Federal Civil
17 Procedure Before Trial, § 11.21 (1995 revised)).  Rule 26 permits the discovery of information
18 which may simply relate to the credibility of a witness or other evidence in the case. *See Oakes v.*
19 *Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

20       Here, the San Francisco police department has made clear that it intends to justify its
21 arrest of Ibrahim based on information allegedly received from the federal government about
22 Ibrahim.  Ibrahim therefore needs the testimony of Agent Woods and Inspector Korman to
23 determine the credibility of the San Francisco police department's assertions.  According to the
24 police report, these two federal officials have information regarding what the police were told on
25 January 2, 2005 by federal officials and what information the federal government relied upon
26 regarding Ibrahim.  Such information is essential to determine the credibility of the San
27 Francisco police department's statements.
28 / / /

### 3. The Cases Cited by the Federal Government for the Proposition that Ibrahim Must Undergo the *Touhy* Procedures Do Not Apply

The federal government cites several cases to support its view that the *Touhy* regulations require that the subpoenas in question be quashed. However, these cases are inapplicable. *In re Recalcitrant Witness Boeh*, cited by the government, held that an FBI agent could not be held in contempt for failing to comply with a subpoena for testimony after the Attorney General denied permission for the agent to testify. *See In re Recalcitrant Witness Boeh*, 25 F.3d at 767. However, the Court emphasized that the recalcitrant government witness was not a percipient witness to the events at issue. Therefore, the Court did not address any questions of application or interpretation of the *Touhy* regulations that are posed in such a case. *See id.* at 766, n. 8. Unlike *Boeh*, in this case, the information sought is from percipient witnesses and parties who not only possess direct factual knowledge but also documents relied upon during the incident (such as Ibrahim's status on the No-Fly List) and created contemporaneously with the incident (such as phone logs). Forcing Ibrahim to undertake collateral proceedings to obtain information and documentation from federal percipient witnesses will effectively eviscerate her right to the requested testimony and documentation. *See Exxon Shipping Co.*, 34 F.3d at 780, n.11 (citing *In re Recalcitrant Witness Boeh,* 25 F.3d at 770 n. 4 (Norris, J., dissenting) and stating that in such cases, the need for district court review is all the more compelling).

Likewise, the information sought by the criminal defendant in *United States v. Henson,* 123 F.3d 1226, 1237 (9th Cir. 1997), *rev'd on other grounds,* 165 F.3d 689, 692, n.5 (9th Cir. 1999) was obtainable by other means, namely questioning a witness directly about the information. *See Henson*, 123 F.3d at 1237. Here, Ibrahim thus far has no access to any federal witness regarding the information she seeks.[2]

---

[2] *FBI v. Superior Court of the State of Cal.,* 507 F. Supp.2d 1082, 1093 (N.D. Cal. 2007) cited by the government, also does not compel the result sought. In *FBI,* the subpoenas in contention

7

### D. Even If *Touhy* Applies to the Discovery Requested, Ibrahim Has Already Complied with *Touhy*.

As explained above, the Court has the power to rule on the discovery requests at issue. However, if it is determined that Ibrahim must first comply with the *Touhy* regulations, she has already done what the federal government requests in its motion to quash. Namely, the federal government argues that Ibrahim must explain the relevance of the information and documents she seeks under the applicable *Touhy* regulations. By this opposition and meet and confer conversations with counsel for the federal government, Ibrahim has already explained the relevance of the information sought. Yet, it is important to note, that the federal government has not stated that it will agree to provide any information even if Ibrahim does go through additional procedures. If there is anything further required by the *Touhy* regulations in the view of the federal government, Ibrahim requests that she be informed of that immediately. Furthermore, Ibrahim requests that the proper agency officials take action on her requests so that she may expeditiously resolve this issue.

### E. Ibrahim Seeks Leave to Amend Her Complaint to Add Claims Against the Federal Agencies For Their Refusal To Provide Requested Discovery

In *Exxon Shipping Co.,* the Ninth Circuit considered claims brought directly by a party against federal agencies for the agencies' failure to comply with discovery requests. *See Exxon Shipping Co.,* 34 F.3d at 776. Because the federal government refuses to comply with discovery requests in this matter and indeed, is holding the entire case up by its inaction on various discovery issues, Ibrahim seeks leave to amend her complaint to add the following claims against

---

were issued by a state court prior to removal to the district court. Under principles of sovereign immunity, the state court did not have the power to compel federal government employees to submit to subpoenas or court orders. *See FBI,* 507 F.Supp.2d at 1087-88. Unlike *FBI,* this case is and always has been pending in federal court so no such issue presents itself. *Lopez v. Chertoff,* 2009 WL 1575209 (E.D. Cal.) also relied upon by the government, is an unpublished opinion that is not binding on the Court.

8

PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENAS FILED BY DEPARTMENT OF HOMELAND SECURITY, FEDERAL BUREAU OF INVESTIGATION, AND DEPARTMENT OF STATE; Case No.: C 06-0545 WHA

FBI, TSA, TSC, DHS, and the Department of State: (1) the government's refusal to provide the requested discovery violates the Federal Rules of Civil Procedure and the U.S. Constitution because, *inter alia,* the United States is a *de facto* party to this action; (2) the agencies' actions regarding discovery in this matter are not authorized by 5 U.S.C. § 301, or federal regulations promulgated pursuant to the statute; and (3) the agencies' actions are unlawful under the APA, 5 U.S.C. § 702 *et seq*.

## CONCLUSION

The documents and testimony Ibrahim seeks are reasonably calculated to lead to admissible evidence. The federal government has waived its objections to the subpoenas at issue. Furthermore, the district court must apply the rules of civil procedure in weighing the subpoenas at issue because the *Touhy* regulations do not create an independent privilege for the federal government to withhold relevant information. In the alternative, even if the *Touhy* regulations apply, Ibrahim has already complied with them and requests that the proper federal government officials take action on her requests so that she may proceed with this matter. Finally, Ibrahim requests leave to amend her complaint to assert claims against the relevant federal agencies for failure to comply with discovery.

DATED: November 19, 2009               McMANIS FAULKNER

                                                    By:   /s/ Elizabeth Pipkin
                                                    ELIZABETH PIPKIN
                                                    Attorneys for Plaintiff, RAHINAH IBRAHIM