IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Defendants.

No. C 06-00545 WHA

**ORDER REGARDING OBJECTIONS TO PROPOSED PROTECTIVE ORDER**

The Court has reviewed the objections filed on January 7, 2010, to the parties' proposed protective order. With respect to plaintiff's continuing objection based upon the theory that experts and consultants should be allowed to view sensitive security information (SSI) without being subject to the security clearance process, this objection is *again* overruled. It is commonplace for experts and consultants on both sides of any ordinary civil action to be vetted so that trade secrets and other sensitive information will not fall into the hands of someone with an adverse position to the owner of the sensitive information (other than, of course, adverse parties to the litigation itself). The risk is simply too great that someone in such an adverse position will be tempted to misuse sensitive information for a purpose other than the litigation. For example, a trade secret might be misappropriated by a consultant or expert and written into a pending patent application. This risk is all the greater when dealing with SSI and national security. Indeed, it is hard to imagine *any* legitimate reason for suppressing the identity of experts or consultants and exempting them from the security screening process, given that our country has a legitimate need

to know that those experts and consultants can be trusted with the SSI in this case. Beyond this, this order reiterates that counsel have had many years to retain experts and consultants, and the deadline set by the undersigned for submitting their names for the security screening process was eminently reasonable. Moreover, counsel waited until *the day of the deadline* to request an extension. No extension will be granted.

With respect to the government's objection that plaintiff should not be allowed access to SSI *even if sitting in the courtroom during trial*, it is hard to imagine how the undersigned could conduct a legitimate trial without plaintiff being present. Perhaps counsel will suggest a *modus vivendi* for solving this problem. The Court will gladly consider such alternatives, if it turns out that plaintiff will be able to enter the country and attend. In the meanwhile, the Court's prior orders are absolutely clear that plaintiff cannot have access to SSI prior to trial, unless plaintiff is herself vetted by the security screening process.

As a final comment, although the undersigned foresaw at least some of these problems when determining that there was no subject matter jurisdiction over this action, the Ninth Circuit ruled that there *was* subject matter jurisdiction with respect to at least some issues and defendants. We must *all* do the best we can to follow the ruling of the Court of Appeals and litigate those issues against those parties to a just conclusion. This case has been pending for nearly four years. The undersigned is determined to move the discovery process along and take this case to trial. The Court needs the help of counsel to do this. Please do not delay.

**IT IS SO ORDERED.**

Dated: January 8, 2010.

/s/ Wm Alsup

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE