JAMES McMANIS (40958)
ELIZABETH PIPKIN (243611)
CHRISTINE PEEK (234573)
RUBY H. KAZI (243872)
McMANIS FAULKNER
A Professional Corporation
50 W. San Fernando, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: melzankaly@mcmanislaw.com
 cpeek@mcmanislaw.com

Attorneys for Plaintiff, Rahinah Ibrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAHINAH IBRAHIM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY; JANET NAPOLITANO, in her official capacity as Secretary of the Department of Homeland Security; MICHAEL CHERTOFF, in his official capacity as the former Secretary of the Department of Homeland Security; TOM RIDGE, in his official capacity as the former Secretary of the Department of Homeland Security; ERIC H. HOLDER, JR., in his official capacity as Attorney General; TERRORIST SCREENING CENTER; LEONARD C. BOYLE, in his official capacity as Director of the Terrorist Screening Center; DONNA A. BUCELLA, in her official capacity as former Director of the Terrorist Screening Center; FEDERAL BUREAU OF INVESTIGATION; ROBERT MUELLER, in his official capacity as Director of the Federal Bureau of Investigation; ARTHUR M. CUMMINGS, II, in his official capacity as Executive Assistant Director of the FBI's National Security Branch; NATIONAL COUNTERTERRORISM CENTER; MICHAEL E. LEITER, in his official | CASE NO. C06-0545 WHA<br><br>[PROPOSED] PROTECTIVE ORDER REGARDING SENSITIVE SECURITY INFORMATION |

1

| | |
|---|---|
| 1 | capacity as Director of the National Counterterrorism Center; DEPARTMENT OF STATE; HILARY CLINTON, in her official capacity as Secretary of State; SAN FRANCISCO AIRPORT; CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; RICHARD PATE, an individual; JOHN BONDANELLA, an individual; JOHN CUNNINGHAM, an individual; ELIZABETH MARON, an individual; US INVESTIGATIONS SERVICES, INC., a Virginia Corporation; and DOES 13 through 100, inclusive.<br><br>  Defendants. |

In accordance with Section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Public Law No. 109-295, § 525(d), 120 Stat. 1382 (Oct. 4, 2006), as reenacted by Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, § 522, 121 Stat. 2069 (Dec. 26, 2007); Consolidated Security, Disaster Assistance, and Continuing Appropriations Act, 2009, Pub. L. No. 110-329, § 510, 122 Stat. 3682 (Sept. 30, 2008); and the Legislative Branch Appropriations and Continuing Appropriations Resolution of 2010, Pub. L. 111-68, Division B, § 101, --- Stat. --- (Oct. 1, 2009) (the "Act"), the Court hereby enters this Protective Order Governing Access to, Handling of, and Disposition of Potential Sensitive Security Information (the "Order") exchanged in the above-captioned matter (this "Litigation").

**1.    Scope**

1.1    This Order shall govern any Document, information or other material that potentially contains "Sensitive Security Information" as defined herein, including Documents potentially containing Sensitive Security Information that are produced by the Parties, Documents produced by non-parties, and Documents produced by government agencies. Any Party serving a subpoena or other document request (including a request to a government agency made pursuant to 5 U.S.C. § 301) upon a non-party or a government agency shall serve a copy of this Order along with the subpoena or other document request.

1.2    Nothing contained herein alters or affects in any manner a Covered Person's

obligations and duties as set forth in 49 C.F.R. Part 1520.

**2.     Definitions**

2.1     Cleared Counsel.  The term "Cleared Counsel" shall refer to the attorneys representing the Plaintiff in this Litigation, who are not otherwise authorized to have access to Sensitive Security Information pursuant to 49 C.F.R. Part 1520, but whom TSA has cleared for access to specific Sensitive Security Information after determining that such attorneys do not present a risk of harm to the nation based upon a criminal history records check and terrorist threat assessment as mandated by Section 525(d) of the Act.  All Cleared Counsel must be signatories to this Order or agree in writing to be bound by its terms.

2.2     Covered Person.  The term "Covered Person" shall refer to any person who is authorized to have access to specific Sensitive Security Information pursuant to 49 C.F.R § 1520.7 and 1520.11.

2.3     Documents.  The terms "Document" and "Documents" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise).  The terms further include, but are not limited to, the following:

    a.     papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, inter-office and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets, transcripts of any kind (including depositions and Court proceedings), legal briefs, pleadings and papers (including those filed with the Court) and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

    b.     graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

    c.     electronic, mechanical or electric records of any kind, including, but not

3
[PROPOSED] PROTECTIVE ORDER RE SENSITIVE SECURITY INFORMATION;     CASE NO.: C 06-0545 WHA

limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage.

2.4     Restricted Use Document.  The term "Restricted Use Document" shall refer to any Document that contains Sensitive Security Information.

2.5     Parties.  The terms "Party" and "Parties" refer to the parties to this Litigation and their counsel, excluding TSA, as well as any and all future parties to this Litigation.

2.6     Sensitive Security Information.  The term "Sensitive Security Information" shall have the meaning set forth in 49 U.S.C. § 114(r)(1)(C), 49 C.F.R. § 1520.1 et seq., and as designated in orders issued by TSA pursuant to 49 U.S.C. § 114(r).

**3.     Identification and Review of Sensitive Security Information**

3.1     All Documents sought to be produced in connection with this Litigation that contain, or that the producing party has reason to believe contain, Sensitive Security Information, shall first be submitted to TSA for review, with an accompanying index of the submitted Documents, as required under 49 C.F.R. § 1520.9(a)(3).  The indices of the Documents submitted shall be provided to TSA and the Parties by the producing entity.

3.2     TSA shall promptly complete a review to determine if any particular Document submitted contains Sensitive Security Information.  Upon completion of this review, to the extent that a Document does not contain Sensitive Security Information, TSA shall authorize the release of the Document and the Document shall no longer be subject to this Order.  Information that TSA has determined does not constitute Sensitive Security Information may be used and disclosed in any manner consistent with the disclosure of non-Sensitive Security Information documents exchanged in this Litigation.

3.3     Upon completion of this review, to the extent that TSA determines that a Document does contain Sensitive Security Information, TSA shall redact the specific Sensitive Security Information from the face of the Document and provide such redacted version to the entity that submitted the Document for review.  TSA shall authorize the production of such Documents as redacted and such redacted Documents may be used and disclosed in any manner

consistent with the disclosure of non-Sensitive Security Information documents exchanged in this Litigation.

3.4 Should it come to TSA's attention that it may have inadvertently failed to designate material as Sensitive Security Information, TSA may review any Document to re-assess whether it contains any Sensitive Security Information. To the extent that TSA determines upon re-review that the Document does not contain any Sensitive Security Information, TSA shall authorize the Document for production pursuant to Section 3.2 of this Order. To the extent TSA determines upon re-review that the Document does contain Sensitive Security Information, TSA shall apply the procedures of Section 3.3 of this Order and require that any Cleared Counsel or Covered Person, who does not otherwise have a right to access to that Sensitive Security Information independent of this Litigation, immediately certify to TSA that he or she has destroyed such Sensitive Security Information. Notwithstanding the foregoing, if the Sensitive Security Information is subject to release under this Order or Section 525(d) of the Act, the Sensitive Security Information will be re-released as provided in Sections 4 and 6 of this Order. Disputes concerning whether information designated as Sensitive Security Information is subject to release under this Order or Section 525(d) of the Act may be resolved by the district court in this action.

**4. Access to Sensitive Security Information**

4.1 Access to the Sensitive Security Information under the terms and conditions of this Order shall be restricted to:

    a. Covered Persons;

    b. Cleared Counsel who are signatories to this Order or have agreed to be bound by its terms;

    c. Court personnel, which includes court reporters for trial, hearings, and depositions. Such persons will not be required to undergo background checks in order to participate in this litigation;

    d. Employees of a Covered Person or Cleared Counsel, including paralegals, technical support, and administrative assistants, to whom it is reasonably necessary to

disclose the information for this litigation, provided that such persons are Covered Persons, have undergone the background check referenced in 525(d) of the Act, or hold a clearance for access to National Security information;

  e. Party-designated consultants and experts, provided they are Covered Persons, have undergone the background check referenced in section 525(d) of the Act, or hold a clearance for access to National Security Information;

  f. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who are Covered Persons, have undergone the background check referenced in 525(d) of the Act, or who hold a clearance for access to National Security information;

  g. Plaintiff, if she attends and is present at trial, has the right to hear the evidence presented in her case, whether or not it is SSI. Short of her attendance at trial, however, plaintiff cannot view SSI without being vetted by the background check process.

4.2 Cleared Counsel shall have access to the Sensitive Security Information contained in any Restricted Use Document as follows:

  a. As authorized by the Court's Orders in this action issued December 17, 2009, and December 24, 2009, respectively. Nothing in this Order shall prejudice the right of any party to appeal from such Order.

  b. If Cleared Counsel seeks access to the Sensitive Security Information contained in any Restricted Use Document that is not subject to the Court's Orders of December 17, 2009 or December 24, 2009, Cleared Counsel must make a showing to TSA that Plaintiff: (a) has a substantial need for relevant Sensitive Security Information in the preparation of her case, and, (b) is unable without undue hardship to obtain the substantial equivalent of the information by other means. If TSA determines that the Cleared Counsel seeking access has successfully made such showings, TSA will grant Cleared Counsel access to the specific Sensitive Security Information pursuant to this Order, unless TSA determines that access to the Sensitive Security Information by

Cleared Counsel would present a risk of harm to the nation based on the sensitivity of the information. Any such determination will be made in writing within twenty calendar days of the request for disclosure of information, and will be served by electronic mail upon all Parties to this Litigation on the same business day that such determination is made. Any such determination, and any determination by TSA concerning substantial need for relevant Sensitive Security Information or inability to obtain Sensitive Security Information or its substantial equivalent by other means without undue hardship, will be reviewable by the district court in this action.

4.3     If TSA determines that it is appropriate to grant Cleared Counsel access to specific Sensitive Security Information pursuant to Section 4.2(b) of this Order, it will authorize production to the requesting Cleared Counsel of a Restricted Use Document with the specific Sensitive Security Information unredacted.

4.4     To the extent that a Restricted Use Document contains a range of Sensitive Security Information, some of which TSA determines is appropriate for production to Covered Counsel and some of which is inappropriate for production under the criteria set forth in Section 4.2(b) of this Order and Section 525(d) of the Act, TSA shall redact the Sensitive Security Information that is inappropriate for production. TSA shall then authorize the production of such Restricted Use Document to Cleared Counsel only in such redacted form.

4.5     Should a Cleared Counsel cease representing the Plaintiff in this Litigation, for whatever reason, such Cleared Counsel shall no longer be cleared for access to Sensitive Security Information. Should Cleared Counsel cease to be employed by a law firm or legal practice that represents the Plaintiff in this Litigation, such attorney will no longer be cleared for access to Sensitive Security Information. At any point in the litigation, the law firm representing Plaintiff may elect to have additional attorneys undergo the vetting process described in Section 525(d) of the Act in order to obtain access to Sensitive Security Information in this Litigation.

4.6     In the event that a Cleared Counsel loses or relinquishes his or her clearance for access to Sensitive Security Information, for whatever reason, the former Cleared Counsel must promptly certify in writing to TSA that all Sensitive Security Information in his or her custody

has been destroyed or that all Sensitive Security Information in his or her custody has been transferred to the other Cleared Counsel in this Litigation.

  4.7 All Restricted Use Documents subject to this Order in the possession of Cleared Counsel shall be certified in writing to have been destroyed within 60 days of termination of this Litigation, including any appellate proceedings.

**5. Non-Disclosure of Sensitive Security Information**

  5.1 Except as provided in this Order, Cleared Counsel are prohibited from disclosing, in any manner, or otherwise providing access to, Sensitive Security Information, however obtained, to any individual or entity.

  5.2 Except as permitted in this Order, Cleared Counsel are prohibited from aiding or assisting any person or entity in disclosing, in any manner, or otherwise providing access to, Sensitive Security Information.

  5.3 Any authorized disclosure of Sensitive Security Information must be made pursuant to Sections 6, 7, and 8.

**6. Production of Documents**

  6.1 Prior to production, the entity responsible for producing Restricted Use Documents shall label or stamp any such Document with the following language:

**SUBJECT TO SENSITIVE SECURITY**

**INFORMATION PROTECTIVE ORDER**

**IN IBRAHIM v. DHS ET AL.,**

**3:06-CV-00545-WHA (N.D. CAL)**

**SENSITIVE SECURITY INFORMATION**

**WARNING: THIS RECORD MAY CONTAIN**

**SENSITIVE SECURITY INFORMATION THAT IS**

**CONTROLLED UNDER 49 CFR PART 1520. NO**

**PART OF THIS RECORD MAY BE DISCLOSED TO**

**PERSONS WITHOUT A 'NEED TO KNOW,' AS**

**DEFINED IN 49 CFR PART 1520, EXCEPT WITH**

**THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION.**

6.2     All Restricted Use Documents shall be produced by creating password-protected adobe pdf files of the authorized Restricted Use Documents and copying them on to a DVD-ROM and sending the DVD-ROM by mail, courier, or overnight delivery service with the password provided only via email.

6.3     Cleared Counsel must maintain custody of the DVD-ROM containing Restricted Use Document(s), and such Cleared Counsel have a duty to safeguard the DVD-ROM, the Restricted Use Document(s), and the Sensitive Security Information contained therein, from unauthorized disclosure. When not in the physical possession of Cleared Counsel, the DVD-ROM containing the Restricted Use Document(s) shall be stored in a secured container, such as a locked desk or file cabinet.

6.4     Cleared Counsel and Covered Persons may create Documents containing Sensitive Security Information found in a Restricted Use Document, provided that any such Document is secured in the same or equivalent manner, to the same or equivalent extent, and with the same restrictions on access as the DVD-ROM containing the Restricted Use Document as set forth in this Section 6.

**7.     Use of Sensitive Security Information in Depositions and Examinations**

7.1     Sensitive Security Information that is authorized for production pursuant to Section 4 of this Order may be used and/or elicited during the examination of a witness, provided such witness is allowed access under Section 4.1 of this Order, subject to the following restrictions:

    7.1.1     Only the individuals identified in Section 4.1 of this Order may be present in the room when such Sensitive Security Information is used and/or elicited.

    7.1.2     To the extent that a Cleared Counsel or a Covered Party wishes to use a

Restricted Use Document as an exhibit at a deposition, the Cleared Counsel or Covered Party may do so, provided that at the conclusion of the deposition, the original marked deposition exhibit and all hard copies are collected and maintained by a court reporter who is allowed access under Section 4.1(c) of this Order. The court reporter shall secure the Restricted Use Documents in the same manner, to the same extent, and with the same restrictions on access prescribed in Section 6 of this Order.

   7.1.3 Sensitive Security Information that is not authorized for release pursuant to this Order may not be used or elicited during the examination of a witness.

  7.2 Sensitive Security Information elicited at deposition shall be usable in this litigation as follows.

   7.2.1 One of the purposes of this Order is to allow for testimony to be taken at depositions in this matter, without fear that giving truthful testimony will subject the witness to penalties for unauthorized release of SSI. To that end, whenever a deposition involves the possible disclosure of SSI, the deposition shall be governed by the terms of this Order, including the limitation that only persons authorized under section 4.1 may be present in the deposition ("Secure Deposition). Counsel for TSA shall receive notice of any deposition in this action and may be present at any deposition in this action. If the deposition involves the possible disclosure of SSI it shall be a Secure Deposition. If Counsel for TSA attends a deposition, he or she may raise objections and instruct not to answer on the ground that the subject matter responsive to the question is both (a) not subject to disclosure pursuant to the Court's Order of December 17, 2009, December 24, 2009, or subsequent Court orders made under Section 525(d), and (b) would not be subject to disclosure pursuant to a motion brought under Section 525(d). The parties shall attempt to meet and confer at the deposition, outside the presence of the witness, to resolve any such disputes. The parties may contact the Court during the deposition for assistance in resolving any such disputes. If the deposition is a Secure Deposition, then the witness may provide truthful testimony and the transcript shall be provided for review to TSA pursuant to section 7.2.2. In this circumstance, provision of the information in

the Secure Deposition, with subsequent review by TSA, is not an unauthorized release of information.

    7.2.2    The court reporter who records a deposition shall promptly submit the deposition transcript to TSA for review. TSA shall promptly complete a review to determine if a deposition transcript contains Sensitive Security Information. TSA shall designate all portions of the transcript that constitute Sensitive Security Information. To the extent that TSA determines, upon review of the deposition transcript, that the transcript contains Sensitive Security Information that is not addressed by the Court's December 17, 2009 and December 24, 2009 Orders but is appropriate for release pursuant to Section 4 of this Order, TSA shall authorize the transcript for release with all such appropriate Sensitive Security Information unredacted from the transcript. TSA must complete its review and submit the transcript with designations to counsel for all parties in this action within twenty calendar days of the date the transcript is submitted to TSA for review. To the extent TSA determines any Sensitive Security Information appearing in the transcript cannot be released pursuant to this Order or Section 525(d) of the Act, TSA may redact such material from the transcript, but this Court may review any determination by TSA concerning whether SSI may be released pursuant to this Order or Section 525(d) of the Act. For the purpose of resolving any dispute over whether SSI may be released pursuant to this Order or section 525(d) of the Act, the redacted text shall be made available only to those persons who were present at the deposition, unless the Court -- after reviewing the redacted text -- decides it should be released to Covered Persons and Cleared Counsel.

**8.    Use of Sensitive Security Information in Motions and Court Proceedings**

    8.1    Any Party who wishes to use a Restricted Use Document or the Sensitive Security Information contained therein in connection with a motion or other submission to this Court must file the Restricted Use Document and any pleadings, motions or other papers containing Sensitive Security Information under seal. Where possible, only the portions of the filings that contain Sensitive Security Information shall be filed under seal.

8.2     All court proceedings, or portions thereof, in which Sensitive Security Information may be disclosed, shall be closed to the public.

**9.     Dispute Resolution**

9.1     To the extent there is a dispute concerning whether information constitutes Sensitive Security Information, the Parties and TSA shall meet and confer in an attempt to resolve the dispute consensually.  If TSA and the Parties fail to reach agreement, TSA will issue a final order pursuant to 49 U.S.C. § 114(r) designating such information as Sensitive Security Information.  TSA final orders concerning the designation of information as Sensitive Security Information are reviewable in the United States Court of Appeals in accordance with 49 U.S.C. § 46110.

9.2     To the extent there is a dispute concerning whether redacted or withheld Sensitive Security Information should be authorized for production under this Order and Section 525(d) of the Act, the Parties and TSA shall meet and confer in an attempt to resolve the dispute consensually.  TSA shall state its position regarding such authorization no more than twenty calendar days after receiving a request to do so.  Any dispute over the release of Sensitive Security Information pursuant to Section 525(d) of the Act or this Order is reviewable by this Court.  Any order by this Court granting access to Sensitive Security Information under this Section shall be immediately appealable to the United States Court of Appeals in accordance with Section 525(d) of the Act.

**10.     Unauthorized Disclosures**

10.1     If Sensitive Security Information is disclosed other than as authorized by this Order, the Party or person responsible for the unauthorized disclosure, and any other Party, person, firm or entity who is subject to this Order and learns of the unauthorized disclosure, shall immediately bring such disclosure to the attention of TSA.

10.2     The Party or person responsible for the unauthorized disclosure shall make every effort to obtain the return of the Sensitive Security Information (including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom Sensitive Security Information was transmitted as a direct or indirect result of the

unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

10.3  In addition to any other remedies that are available under law, any Party, person, firm or entity responsible for an unauthorized disclosure of Sensitive Security Information protected by this Order may be subject to a civil penalty of up to $50,000, and all other remedies provided under 49 C.F.R. § 1520.17.

10.4  In the event that TSA determines that a Cleared Counsel has intentionally, willfully or recklessly disclosed Sensitive Security Information in violation of this Order, TSA may revoke such Cleared Counsel's clearance for access to Sensitive Security Information. If TSA does revoke access to Sensitive Security Information, the TSA's determination may be reviewed by this Court.

**11.  Reservation of Rights**

11.1  As to Documents not covered by this Court's December 17, 2009 and December 24, 2009 Orders, if TSA determines that it may have inadvertently failed to designate material as Sensitive Security Information, TSA may remove the Document containing that SSI from the Litigation as provided in Section 3.4, provided that if the Sensitive Security Information is subject to release under this Order or Section 525(d) of the Act, the Sensitive Security Information will be re-released as provided in Sections 4 and 6 of this Order. Disputes concerning whether information designated as Sensitive Security Information is subject to release under this Order or Section 525(d) of the Act may be resolved by the district court in this action as follows:

  11.1.1 Any party who received an inadvertently produced document removed under this section may challenge the removal. A party that elects to challenge a removal must do so in good faith and must begin the process by meeting and conferring with counsel for TSA. In conferring, the challenging party must explain the basis for its belief that the removal was not proper and must give TSA an opportunity to reconsider the circumstances, and, if no change in TSA's position is offered, to explain the basis for the removal. A challenging party may proceed to the next stage of the challenge process

13
[PROPOSED] PROTECTIVE ORDER RE SENSITIVE SECURITY INFORMATION;    CASE NO.: C 06-0545 WHA

only if it has engaged in this meet and confer process first.

  11.1.2 A party that elects to press a challenge to a removal after considering the justification offered by TSA may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the removal that was given by TSA in the meet and confer dialogue.  Until a court rules on the challenge, no party shall make use of the removed document.

 11.2 TSA reserves the right to revoke a Cleared Counsel's clearance in the event TSA obtains information that leads TSA to determine that granting such Cleared Counsel access to Sensitive Security Information presents a risk of harm to the nation.  Such revocation will be subject to review by the Court in this action.

 11.3 If it comes to TSA's attention that information or items that it designated as SSI do not qualify as SSI or have ceased to qualify as SSI, TSA must promptly notify all other parties that it is withdrawing its SSI designation.

 11.4 This Order is without prejudice to the rights of any party or government agency to make any claim of privilege or to make any objection to discovery or use of Sensitive Security Information, or documents that may contain Sensitive Security Information, permitted by the Federal Rules of Civil Procedure, or any other statute, regulation, or authority.

 11.5 Nothing in this Order abridges the right of any person to seek its modification by the Court.

**12. Applicability of Provisions.**

 12.1 With regard to Sensitive Security Information already addressed in this Court's December 17, 2009 Order for Production of Items Despite the Assertion of Various Privileges, or the Court's December 24, 2009 Clarification of Order Dated December 17, 2009, the following provisions shall <u>not</u> apply: Sections 1 (Scope), 3 (Identification and Review of Sensitive Security

Information), 4.3, 4.4, and 9 (Dispute Resolution).

**SO ORDERED.**

Dated: January 13, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge William Alsup*

15
[PROPOSED] PROTECTIVE ORDER RE SENSITIVE SECURITY INFORMATION;  CASE NO.: C 06-0545 WHA