```
                                        Volume 1

                                        Pages 1 - 16

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

     BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

RAHINAH IBRAHIM,                      )
                                      )
          Plaintiff,                  )
                                      )
  VS.                                 ) NO. C 06-0545 WHA
                                      )
DEPARTMENT OF HOMELAND SECURITY,      )
ET AL.,                               )
                                      )  San Francisco, California
          Defendants.                 )  Friday
                                      )  November 6, 2009
_____)  2:31 p.m.


              TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:          MCMANIS FAULKNER
                        50 West San Fernando Street
                        10th Floor
                        San Jose, California  95113
                   BY:  ELIZABETH PIPKIN, ESQ.
                        CHRISTINE PEEK, ESQ.


For Defendants John Bondonella and U.S. Investigations
Services, Inc.:
                        Arnold & Porter
                        275 Battery Street
                        Suite 2700
                        San Francisco, California  94111-3823
                   BY:  SHARON D. MAYO, ESQ.


Reported by:            BELLE BALL, CSR #8785, RMR, CRR
                        Official Reporter, U.S. District Court

(Appearances continued, next page)
```

**APPEARANCES, CONTINUED:**

**For the San Francisco Defendants:**
                **City and County of San Francisco**
                **Office of the City Attorney**
                **1390 Market Street**
                **7th Floor**
                **San Francisco, California 94102**
      **BY:**  **RONALD P. FLYNN, ESQ.**
            **PETER J. KEITH, ESQ.**

**Reported by:**       **BELLE BALL, CSR #8785, RMR, CRR**
                **Official Reporter, U.S. District Court**

```
 1  FRIDAY, NOVEMBER 6, 2009                              2:31 P.M.
 2                      P R O C E E D I N G S
 3          THE COURT:  This is Ibrahim versus Homeland Security.
 4  06-545.  Please make your appearances.
 5          MS. PIPKIN:  Good afternoon, Judge.  Elizabeth
 6  Pipkin, McManis Faulkner, on behalf of Plaintiff Ibrahim.
 7          THE COURT:  Say that name again.
 8          MS. PIPKIN:  Elizabeth Pipkin, from McManis Faulkner,
 9  on behalf of Plaintiff Rahinah Ibrahim.
10          THE COURT:  Okay, great.  Welcome.  And?
11          MS. PEEK:  Good afternoon, Your Honor.  Christine
12  Peek from McManis Faulkner.
13          THE COURT:  Peek, okay.  And?
14          MS. MAYO:  Good afternoon, Your Honor.  Sharon Mayo
15  from Arnold & Porter on behalf of Defendants John Bondonella
16  and U.S. Investigations Services, Inc.
17          THE COURT:  Thank you.
18          MS. PIPKIN:  Good afternoon, Your Honor.  Ron Flynn,
19  City and County of San Francisco, on behalf of the
20  San Francisco Defendants.
21          MR. KEITH:  And Your Honor, Peter Keith, also with
22  the San Francisco Defendants.
23          THE COURT:  Keith?
24          MR. KEITH:  Keith.  K-E-I-T-H.
25          THE COURT:  All right.  And, is there anyone here
```

1  from Homeland Security?

2         **MS. PIPKIN:**  I believe not, Your Honor.

3         **THE COURT:**  Does this motion involve them?

4         **MS. PIPKIN:**  To the extent that the Department of

5  Homeland Security might have the ability to expedite the

6  granting of Ms. Ibrahim's visa, then it might, but they have

7  been silent on this issue.

8         **THE COURT:**  Who wants to take the deposition?

9         **MS. MAYO:**  The Defendants do, Your Honor, and --

10         (Reporter interruption)

11         **MS. MAYO:**  The Defendants do, Your Honor.  And, the

12  Department of Homeland Security has been dismissed from the

13  case.

14         **THE COURT:**  Oh.  They're still --

15         **MS. MAYO:**  But there are no federal Defendants

16  remaining in the case.

17         **THE COURT:**  Oh, that's right.  How come I still have

18  the caption saying "Department of Homeland Security"?  We

19  should change that.

20         **THE CLERK:**  Well --

21         **THE COURT:**  Since that's ancient history.  Okay.

22         Well, what's the issue?  Tell me the issue.  You want

23  to do what, Ms. Mayo?

24         **MS. MAYO:**  Your Honor, we want to take Plaintiff's

25  deposition because she brought this action, she filed it in

1  San Francisco.  And we think her deposition --

2          **THE COURT:**  How could she get into the country?  She

3  can't get into the country.

4          **MS. MAYO:**  Well, she has a visa application pending,

5  Your Honor.  And at the time that her visa was revoked years

6  ago, back in 2005, I believe it was, the letter that informed

7  her of that fact also invited her to reapply for a visa at any

8  time.

9          Your Honor, the Plaintiff's counsel and Plaintiff

10 didn't apply for a visa until some time in September of this

11 year, despite the fact that they have submitted a declaration

12 in response to the Federal Defendants' motion to dismiss, going

13 through at length why it was so important for Ms. Ibrahim to be

14 able to travel to the United States, and to the Bay area in

15 particular, for a multitude of personal and professional

16 reasons.  There was even, specifically, an October conference

17 that was cited.

18         And, to respond to a point that Plaintiff's counsel

19 made in their response to my letter, this is not an issue that

20 we raised for the first time in September.  In fact, we have

21 been raising it for months and months.  It's noted in the joint

22 case management statement that we filed back in March.

23         So, the Defendants have always taken the position

24 that if Plaintiff intends to pursue this case against the

25 remaining Defendants and pursue it here in San Francisco, and

1  intend to show up at trial and to testify to the emotional
2  distress and humiliation that she allegedly suffered as a
3  result of this incident, then she needs to travel here, make
4  the necessary arrangements to travel here, so that we can take
5  that deposition.
6       Now, I understand that she has now, in fact, filed --
7  or -- filed an application to get a visa and come here.  And we
8  think that we should not be prejudiced by that delayed
9  application, and that the discovery cutoff should be extended
10 for the limited purpose of taking her deposition once she gets
11 that visa, once they rule on her visa application.
12      **THE COURT:**  When will that happen?
13      **MS. MAYO:**  Could be any day now, but I don't know.
14 None of the remaining Defendants have any control over that.
15      She was told at the time that she applied and had her
16 interview, that a response or an answer to her application
17 would be forthcoming, soon.
18      **THE COURT:**  All right.  Let's hear from the other
19 side.
20      **MS. PIPKIN:**  Your Honor, we've done everything at
21 this point that we can to try to get Ms. Ibrahim into the
22 country.  I think it goes without saying that she's not going
23 to be able to travel here right now.  We do not know when the
24 decision will be made on her visa application.
25      Typically, a deponent is -- a witness is deposed

1  either in the location of the action or in the place of his or
2  her residence.  Now, there are other things that could be done
3  to try to make it easier on the Defendant.  If they would like
4  to do the deposition telephonically, for example, that's an
5  option.
6           At this point, though, I don't know what else we can
7  do, other than to have the deposition in Malaysia, or to do
8  some other type of compromise.
9           **THE COURT:**  When will she know on the visa?
10          **MS. PIPKIN:**  She was told it would be one to two
11 weeks.  And that was on September 29th.  The -- she hasn't
12 heard anything from the embassy, one way or the other.
13          I have written the Department of Justice, the lawyers
14 who represented the government in this case, to request their
15 assistance.  And, they have not responded to that request.  I
16 wrote them on September 29th --
17          **THE COURT:**  If she does get the visa, why wouldn't it
18 be the fair thing for her to come here for the deposition?
19          **MS. PIPKIN:**  Oh, absolutely.  She will come here.
20 That's why we've applied for the visa.
21          **THE COURT:**  So, what's the problem?
22          **MS. PIPKIN:**  I think the issue is we do not know if
23 it will happen before the discovery cutoff.
24          **THE COURT:**  All right.  This is easy.  I'll extend
25 the cutoff.  What is it now?  What is the cutoff now?

1    **MS. PIPKIN:**  November 30th.

2    **THE COURT:**  All right.  We will make it December 31, for the limited purpose of taking her deposition, here in San Francisco, whenever she gets the visa.  So, you all work out a date that works.

6    Why don't you tell -- write a letter to the Homeland Security or whoever is doing the visa, and say the Judge wants it to occur on -- I'm just picking a date -- November 30th.  Does that work?

10   **MS. PIPKIN:**  Judge, I have another hearing, an arbitration hearing that date.  So if we could pick --

12   **THE COURT:**  All right.  How about December 7th?

13   **MS. PIPKIN:**  That's fine for me.

14   **THE COURT:**  Okay.  And, so that they need to not wait until December 1st or 2nd to do it, because then we wouldn't know for sure.  But, could they please issue the visa, let's say, by November 20th -- let's say, make it the 25th, so that she will know in plenty of time and can make the airplane reservations to come here.

20   We will extend the cutoff to allow that deposition to go forward.  All right?  Does that solve that problem?

22   **MS. PIPKIN:**  I believe so, Judge.

23   **MS. MAYO:**  It does, Your Honor.

24   **THE COURT:**  Great.  All right.  Here's the other thing I would like to ask you about.

1           I got a message from Judge James.  And, it's not 100
2  percent clear to me, but don't you have a motion coming up on
3  privilege in about a week and a half or so, two weeks, maybe?
4           **MS. PIPKIN:**  November 19th, for Plaintiff's motion,
5  yes.
6           **THE COURT:**  All right.  Well, they may overlap.  I
7  may want to have them at the same time.  But, I think I said
8  don't ask for extension; maybe they do.
9           Anyhow, is there somebody here who doesn't want the
10 depositions taken until after?  Some depositions of the
11 officers?  Explain that part to me.
12          **MR. KEITH:**  Your Honor, I'm Peter Keith.
13          **THE COURT:**  Come up here, so they can hear you.
14          (Request complied with by the Witness)
15          **MR. KEITH:**  The San Francisco Defendants are going to
16 make a motion this Monday, to be heard on November 25th,
17 essentially for a protective order allowing them to disclose
18 materials that the Federal Government has designated sensitive
19 security information.
20          **THE COURT:**  I thought that was already the motion.
21 What am I missing here?  I thought you had already filed that
22 motion.
23          **MR. KEITH:**  We filed a letter informing the Court --
24          **THE COURT:**  Then I told you to file a formal motion.
25          **MR. KEITH:**  By – by tomorrow, by --

1          **THE COURT:** I know. But, are there depositions that
2  you want to postpone until after I rule on that?
3          **MR. KEITH:** From San Francisco's perspective, just
4  the officers' depositions. Because we have -- the purpose of
5  this motion is to allow the officers to testify fully about the
6  information and the directions they got that day.
7          **THE COURT:** All right.
8          **MR. KEITH:** Without having to have two depositions.
9          **THE COURT:** Was there any other depositions that hang
10 on the -- on these documents?
11         **MR. KEITH:** Not for San Francisco.
12         **THE COURT:** All right.
13         **MS. PIPKIN:** The other depositions that may hang on
14 these documents, Your Honor, there's a deposition that's been
15 noticed for the ticket agent at United Airlines, who is saying
16 that he cannot testify as to the sensitive security
17 information.
18         **THE COURT:** Is United still in the case?
19         **MS. PIPKIN:** They're not a defendant, but this
20 particular witness is the person who determined that
21 Ms. Ibrahim was originally on the no-fly list.
22         **THE COURT:** All right. Well, I think we've got to
23 postpone -- I would think the sensible thing to do is postpone
24 all of those until after I can rule on this motion.
25         I hate to do that, because I don't like to give

1  extensions, but that's what I'm going to do, unless somebody
2  has a better idea.
3              **MS. PIPKIN:**  (Shakes head)
4              **THE COURT:**  So we will take those in December, too.
5  I'll extend the cutoff to December 24.  So, like Bob Cratchit,
6  on December 24 you can be working hard on this case.
7              **MS. PIPKIN:**  Judge, the expert --
8              **THE COURT:**  Go ahead.
9              **MS. PIPKIN:**  Definitely don't know how to respond to
10 your laughing, Judge, but --
11             **THE COURT:**  You don't know who Bob Cratchit is?
12             **MS. PIPKIN:**  Yes.
13             **THE COURT:**  He's the guy in *The Christmas Carol*, the
14 accountant who -- what was the name of his son?  Something Tim,
15 right?  What's his name, Tiny Tim?  Yeah.  So, yeah, Bob
16 Cratchit, and he's working on Christmas Eve, and Scrooge
17 finally gives him the night off.
18         But, we'll say December -- you can obviously do it
19 before December 24.  That will be the last day.  Okay?
20             **MS. PIPKIN:**  Judge, the expert disclosure cutoff is
21 also currently November 30th.  In order for the experts,
22 regarding the police --
23             **THE COURT:**  No, we'll extend that too.  We'll extend
24 that to December 31.
25         Now, what else do we -- I don't know, I hate to

1  extend everything, but can you still do your summary judgment
2  motions without -- it says the last date to file dispositive
3  motions will be January 7th.
4      **MR. FLYNN:**  I think January 7th is tight, Your Honor.
5  Given that --
6      **THE COURT:**  Look.  You all just work out a schedule
7  that will try to keep the same trial date, and send it up to
8  me, that roughly slips the other dates by that.
9      But, don't slip the trial.  All right?
10     **MS. PIPKIN:**  (Nods head)
11     **THE COURT:**  Otherwise, I may just go back to square
12 one, and stick with my original schedule.
13     **MR. FLYNN:**  Thank you, Your Honor.
14     **THE COURT:**  All right.  So, submit that to me by
15 Monday at noon.
16     **MS. PIPKIN:**  Okay.
17     **THE COURT:**  Please.
18     **MS. PIPKIN:**  Yes.
19     **THE COURT:**  Can you work out a system so that those
20 two motions are heard on the earlier of the two dates?
21     Who -- who was filing the other motion?
22     **MR. KEITH:**  The other motion was Plaintiff's motion.
23 That's set for hearing on November 19th.
24     **THE COURT:**  Don't you have to get the -- Homeland
25 Security in as a party to that?

1            **MS. PIPKIN:**  (Nods head)

2            **THE COURT:**  Are they willing to come in and -- how

3   are you going to get them into the case?

4            **MS. PIPKIN:**  I believe -- the motion is based on

5   discovery requests that were issued to them at the time that

6   they were a party.

7            **THE COURT:**  So this is like third -- oh, so they --

8   but they will appear for that hearing.  Is that true?

9            **MS. PIPKIN:**  I have not confirmed that with them.  I

10  served the motion on them.  And these are with respect to

11  discovery requests that they objected and withheld information

12  on when they were parties.

13           **THE COURT:**  Is that good enough?  I don't know.  I

14  mean, do I reserve jurisdiction over them for purposes of that?

15           **MS. PIPKIN:**  If it becomes an issue of needing to

16  issue a duplicate subpoena to what we already requested from

17  them, we can do that.

18           **THE COURT:**  You might have to.  I'm not relieving you

19  of the need possibly to have already done it.  I am -- you

20  know, you have got to tee it up in the right way.  Whether you

21  teed it up in the right way or not, I don't know.

22           But normally, when somebody is dismissed from the

23  case, they're not still in the case for discovery purposes.

24  They're out, totally.  But, I have had one case where I

25  reserved jurisdiction for this type of problem.  But, I don't

1  remember if I did that here or not.
2          So, you'd better think about whether or not you even
3  have jurisdiction over them.
4          **MS. PIPKIN:**  Understood, Your Honor.
5          **THE COURT:**  Now, you do have jurisdiction over the
6  Defendants, and somebody had better give notice to the United
7  States that I may order you to turn that stuff over.  That I
8  may allow you to use it, publicly.  So, if they want to come in
9  here and assert themselves, they'd better hurry up and do it.
10         **MR. KEITH:**  Your Honor, the federal -- I have spoken
11 with Mr. Freeborne of the Department of Justice, and he is
12 aware of the motion hearing schedule.
13         **THE COURT:**  You tell him that the Court is going to
14 turn it over, maybe, and he'd better get in here and assert his
15 rights if he wants to stop that.
16         **MR. KEITH:**  I'll send him a followup letter,
17 informing him of that.
18         **THE COURT:**  All right.  I would call him, too.
19 Because, I don't want them to say they didn't get notice.
20         If you can make that earlier rather than later, that
21 would be good.  But, I want you to work it out so that they are
22 heard on the same day.  That's better.  Because I think they're
23 overlapping too much to have two different hearings.
24         Okay?
25         **MS. PIPKIN:**  (Nods head)

```
 1            THE COURT:  All right.
 2            MR. FLYNN:  I want to make -- sorry, Your Honor.  So
 3   many people speaking.  I think it will be difficult, because
 4   the Federal Government is not here, to force an earlier changed
 5   schedule.  Other than --
 6            THE COURT:  Do it for the later date.
 7            MR. FLYNN:  Okay.
 8            THE COURT:  Do it for the later date.  But, I think
 9   they should be an active participant in the briefing.
10            MR. FLYNN:  And, we understand that.  At least as a
11   San Francisco motion, they will be.
12            MS. MAYO:  Your Honor, I think -- we will work it out
13   with the Federal Defendants.  I know that they are not pleased
14   about having travel to be here on the Wednesday before
15   Thanksgiving, which is the currently-scheduled date.
16            THE COURT:  Well --
17            MS. MAYO:  So, I think their preference would be to
18   be on the earlier date.  But we'll -- we'll discuss with them
19   what makes the most sense.
20            THE COURT:  They work for the United States.  They
21   don't have the right to be -- just like me.  They --
22            MS. MAYO:  I'm sure they would prefer to come just
23   once, so -- for one --
24            THE COURT:  Of course, the worst travel day of the
25   year is the day before Thanksgiving.  Did you know that?
```

1  That's always been true.  You don't want to be in O'Hare
2  Airport on the day before Thanksgiving.
3              **MS. MAYO:**  Planes, trains and automobiles.
4              **THE COURT:**  That's -- what more can I do for you
5  today?
6              **MS. PIPKIN:**  I think that's it, Judge.
7              **THE COURT:**  Please do a form of order that captures
8  what we agreed on here, and send it up to me on Monday at noon.
9  Okay?  Agree on it.
10             **MS. PIPKIN:**  Yes.
11             **THE COURT:**  All right.  Thank you.
12             **MS. PIPKIN:**  Thank you.
13             **MS. MAYO:**  Thank you, Your Honor.
14             (Proceedings concluded)

**CERTIFICATE OF REPORTER**

     I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 06-0545 WHA, Rahinah Ibrahim v. Department of Homeland Security, et al., were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

    The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

                _/s/ Belle Ball_____

              Belle Ball, CSR 8785, RMR, CRR

                Monday, June 21, 2010