TONY WEST
Assistant Attorney General
SANDRA M. SCHRAIBMAN
Assistant Branch Director
PAUL G. FREEBORNE
LILY FAREL
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@usdoj.gov
Attorneys for the Federal Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RABINAH IBRAHIM, | Case No.: 3:06-cv-00545 |
| Plaintiff, | FEDERAL DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS |
| vs. | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

## INTRODUCTION

The Federal Defendants submit the following objections to plaintiff's bill of costs filed February 22, 2012, ECF No. 348.

For the reasons stated below, plaintiff is not entitled to any costs for her appeal as she is not a "prevailing party." And even if plaintiff was a "prevailing party," the Court should exercise its discretion and deny costs under the discretion afforded in Fed. R. Civ. P. 54(d)(1) given the close and complex legal issues presented in the appeal. In the alternative, and at a minimum, plaintiff's bill of costs should be reduced from the requested amount; the Court should not allow plaintiff to charge defendants for discovery dispute-related transcripts given that the Court of Appeals affirmed certain of the discovery rulings favorable to the Federal Defendants.

Federal Defendants have complied with the obligation set forth in Local Rule 54-2(b) to "meet and confer" with plaintiff's counsel in an attempt to resolve the objections to plaintiff's bill of costs. The parties met on February 29, 2012 and were unable to resolve the objections.

## BACKGROUND

This case involves plaintiff's claim that her alleged inclusion on the No Fly List violates the Constitution. *See Ibrahim v. DHS*, No. 10-15873, slip op. at 1305 (9th Cir. Feb. 8, 2012), *see* ECF No. 347 (describing plaintiff's claims).

The district court dismissed plaintiff's constitutional claims for failure to state a claim on which relief could be granted. In a two-to-one decision, the panel reversed the district court's dismissal and remanded for further proceedings. *Id.* at 1310-16. The Court emphasized that "the parties have not briefed whether [plaintiff's] placement on a terrorist watchlist violates her rights to freedom of association, equal protection, and due process," and "[t]he only question before [the Court] is whether [plaintiff] even has the right to assert such claims." *Id.* at 1310; *see also id.* at 1316 ("we express no opinion on the validity of the underlying constitutional claims").

Plaintiff also appealed from a series of district court discovery orders. *Id.* at 1316-19. The Court vacated certain of the discovery rulings, *id.* at 1317, but affirmed on others, *id.* at 1317-19.

Accordingly, the Court's opinion stated that "We REVERSE in part, AFFIRM in part, and VACATE in part. We REMAND for further proceedings consistent with this opinion." *Id.* at 1320.

## ARGUMENT

**I.    OBJECTION: PLAINTIFF IS NOT A PREVAILING PARTY.**

Plaintiff is not entitled to any costs. "[A] judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(a)(1) (emphasis added).

Plaintiff is not a "prevailing party" entitled to costs for her appeal. A litigant is not a "prevailing party" where she "received no damages award" and "[n]o injunction or declaratory

Federal Defendants' Objections to Plaintiff's Bill of Costs, *Ibrahim v. DHS*, Case No. 3:06-cv-00545-WHA -2

judgment was entered in [her] favor" and "[t]he most that [she] obtained was an interlocutory ruling that [her] complaint should not have been dismissed for failure to state a constitutional claim." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987).  Accord *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) ("prevailing party" is a "legal term of art" that "requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail"); *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) ("prevailing party" means "a party who has established [her] entitlement to some relief on the merits of his claims"); *United States v. Bell*, 602 F.3d 1074, 1087 (9th Cir. 2010) ("Under 28 U.S.C. 2412(a), a 'prevailing party' . . . requires that a party 'ha[ve] been awarded some relief by the court.").

The same is true of plaintiff here: she has obtained no relief (damages, injunctive, declaratory, or otherwise), and the most that she has obtained is a reversal for consideration of her constitutional claims.  The Court of Appeals observed that the merits of her claim were not before it on appeal and expressly declined to state an opinion on their validity.  Accordingly, plaintiff is not a "prevailing party" under 28 U.S.C. § 2412(a), and thus, not entitled to any costs.

Fed. R. Civ. P. 54(d) does not provide an alternative basis for awarding costs.  Under Rule 54(d), "[c]osts . . . against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." (emphasis added.)  As noted above, Section 2412(a) does not authorize costs for the appeal.  Nor does 28 U.S.C. § 1920 provide a waiver of sovereign immunity for costs against the United States.  Section 2412(a) provides that costs "as enumerated in section 1920" may be awarded against the United States, but Section 1920 does not provide any independent legal basis for awarding such costs when they are not authorized under Section 2412(a).

## II. OBJECTION: NO COSTS SHOULD BE CHARGED HERE GIVEN THE CLOSE AND COMPLEX LEGAL ISSUES PRESENTED IN THE APPEAL.

And even if plaintiff were a prevailing party, the Court should deny costs here given the complex legal issues presented on appeal.  Fed. R. Civ. P. 54(d)(1) provides that costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless "a court

Federal Defendants' Objections to Plaintiff's Bill of Costs, *Ibrahim v. DHS*, Case No. 3:06-cv-00545-WHA -3

provides otherwise." By its terms, Rule 54(d) vests the Court with discretion to refuse to award costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945-946 (9th Cir. 2003); *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591-593 (9th Cir. 2000) (internal citations omitted). Thus, where a case involves, as here, issues of substantial public importance, *see Association of Mexican-American Educators*, 231 F.3d at 593, or where the legal issues are close and complex, *see Save Our Valley*, 335 F.3d at 946, the Court has the discretion to deny any award of costs under Rule 54. The exercise of such discretion is particularly appropriate here given the split, two-to-one decision rendered by the Court of Appeals.

### III.     OBJECTION:  PLAINTIFF'S COSTS SHOULD BE REDUCED.

In the alternative, an at a minimum, the costs plaintiff seeks to charge defendants should be reduced under the discretion afforded under Rule 54(d)(1). As noted above, while the Court of Appeals reversed the district court's dismissal of plaintiff's constitutional claims, it affirmed the district court's discovery orders in part and vacated other parts of the discovery orders.

This Court should accordingly not award costs for those portions of the appeal. Thus, plaintiff seeks to charge defendants for two transcripts (for hearings on November 6, 2009 and December 7, 2009) that related exclusively to discovery matters. The cost of such transcripts (which are not separately set forth in the bill) should be reduced from whatever amount could be charged.

### CONCLUSION

For the reasons set forth above, the Court should deny the bill of costs in full or, in the alternative, and at a minimum, reduce the amount requested as noted above.

Dated:  March 5, 2012                          Respectfully submitted,

                                               TONY WEST
                                               Assistant Attorney General

                                               SANDRA M. SCHRAIBMAN
                                               Assistant Branch Director

        */s/ Paul G. Freeborne*
PAUL G. FREEBORNE
LILY FAREL
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@usdoj.gov

*Attorneys for the Federal Defendants*