United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

    Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Defendants.

No. C 06-00545 WHA

**ORDER DENYING BILL OF COSTS**

## INTRODUCTION

In this civil rights action, plaintiff files a bill of costs for appealing her action to our court of appeals. For the following reasons, plaintiff's bill of costs is **DENIED**.

## STATEMENT

This action involves plaintiff's claim that her inclusion on the government's terrorist watch lists violated the Constitution. This Court dismissed plaintiff's constitutional claims for failure to state a claim on which relief could be granted (Dkt. No. 101).

Our court of appeals reversed the dismissal, emphasizing, however, that it only addressed whether plaintiff could assert such claims, and "express[ed] no opinion on the validity" of the claims themselves. *Ibrahim v. DHS*, -- F.3d --, 2012 WL 390126, 10-15873 at *12 (9th Cir. Feb. 8, 2012). Plaintiff also appealed a series of discovery orders. Our court of appeals vacated some of these rulings and affirmed others. Thus, our court of appeals's final disposition was to "reverse in part, affirm in part, and vacate in part." *Id.* at *13.

Pursuant to FRCP 54(d), plaintiff filed a bill of costs for $779.50 on February 22 for costs associated with appealing this action. Defendants objected.

**ANALYSIS**

Under 28 U.S.C. 2412(a)(1), "[A] judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity . . ." For a litigant to be a "prevailing party," a party must "receive at least some relief on the merits." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). "[A]n interlocutory ruling that [a] complaint should not have been dismissed for failure to state a constitutional claim . . . is not the stuff of which legal victories are made." *Ibid*.

Plaintiff is not a "prevailing party" under the meaning of Section 2412. Our court of appeals only decided that plaintiff has a right to assert her claims. Her claims have not been decided on the merits, and she has not received relief of any kind.

Plaintiff argues that, under Rule 39 of the Federal Rules of Appellate Procedure, the costs of appealing an action are taxable in the district courts. Yet the rule states: "If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4). There is split authority as to whether, under this rule, "the court" refers to the appellate court or the district court. Our court of appeals has not addressed this issue. Because neither our court of appeals nor this order award costs, this order need not address that issue.

**CONCLUSION**

For the foregoing reasons, plaintiff's bill of costs is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 21, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2