```
                                            PAGES 1 - 16

                UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

           BEFORE THE HONORABLE WILLIAM H. ALSUP

RAHINAH IBRAHIM,                  )
                                  )
            PLAINTIFF,            )
                                  )
   VS.                            ) NO. C 06-0545 WHA
                                  )
DEPARTMENT OF HOMELAND SECURITY,  )
ET AL.                            )
                                  )  SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.           )  THURSDAY
                                  )  DECEMBER 20, 2012
_____)
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF**          MCMANIS FAULKNER
                           50 W. SAN FERNANDO STREET
                           FAIRMONT PLAZA, 10TH FLOOR
                           SAN JOSE, CALIFORNIA  95113
                      **BY: CHRISTINE PEEK, ESQUIRE
                           ELIZABETH PIPKIN, ESQUIRE**


**FOR DEFENDANTS**         UNITED STATES DEPARTMENT OF JUSTICE
                           CIVIL DIVISION
                           FEDERAL PROGRAMS BRANCH
                           20 MASSACHUSETTS AVENUE, NW
                           WASHINGTON, DC  20001
                      **BY: PAUL G. FREEBORNE, SENIOR TRIAL COUNSEL
                           JOHN K. THEIS, TRIAL ATTORNEY**


*REPORTED BY:  JOAN MARIE COLUMBINI, CSR 5435, RPR*
*              OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

```
 1              PROCEEDINGS; THURSDAY, DECEMBER 21, 2012

 2

 3         THE CLERK:  CIVIL 06-545, IBRAHIM VERSUS DEPARTMENT
 4   OF HOMELAND SECURITY.
 5         MR. FREEBORNE:  GOOD MORNING, YOUR HONOR.  PAUL
 6   FREEBORNE FOR THE DEFENDANTS, ALONG WITH JACK THEIS.
 7         THE COURT:  ALL RIGHT.  WELCOME TO YOU.
 8         MS. PEEK:  GOOD MORNING, YOUR HONOR.  CHRISTINE PEEK
 9   AND ELIZABETH PIPKIN FROM MCMANIS FAULKNER ON BEHALF OF RAHINAH
10   IBRAHIM.
11         THE COURT:  YOUR NAME?
12         MS. PEEK:  CHRISTINE PEEK.
13         THE COURT:  AND WHO IS WITH YOU?
14         MS. PEEK:  ELIZABETH PIPKIN.
15         THE COURT:  ELIZABETH WHO?
16         MS. PEEK:  PIPKIN.
17         THE COURT:  HOW DO YOU SPELL THAT?
18         MS. PEEK:  P-I-P-K-I-N.
19         THE COURT:  OKAY.  WE ARE HERE FOR A MOTION TO
20   DISMISS.  I HAVE READ EVERYTHING.  I'LL LET YOU SAY WHATEVER
21   BOTH SIDES WOULD LIKE TO SAY WITHIN REASON.  IT'S THE
22   GOVERNMENT'S MOTION.
23         MR. FREEBORNE:  YOUR HONOR, MAY IT PLEASE THE COURT.
24   WE ASK THE COURT DISMISS THIS ACTION FOR LACK OF STANDING, AS
25   WELL AS ON MERITS, AS PLAINTIFF HAS FAILED TO STATE A
```

1  COGNIZABLE CLAIM UNDER RULE 12(B)(6).  AT A MINIMUM WE WOULD
2  ASK THE STATE DEPARTMENT BE DISMISSED AS A DEFENDANT.
3          YOUR HONOR, WE MADE AVAILABLE FOR THE COURT'S
4  REVIEW -- FOR THE COURT'S EX PARTE AND IN CAMERA REVIEW
5  DECLARATIONS FROM MR. CRUZ THAT SET FORTH PLAINTIFF'S STATUS,
6  IF ANY, ON THE NO-FLY SELECTEE AND TERRORIST SCREENING
7  DATABASE.  WE BELIEVE THOSE MATERIALS DEMONSTRATE THAT
8  PLAINTIFF LACKS STANDING AND THIS COURT LACKS JURISDICTION.
9          WE BELIEVE THERE'S AMPLE AUTHORITY, AS WE SET FORTH
10 IN OUR BRIEFING FOR THE COURT'S REVIEW AS MATERIALS EX PARTE
11 AND IN CAMERA, GENERALLY UNDER *MERIDIAN INTERNATIONAL*, WHERE
12 THE COURT UNDERTOOK A SIMILAR REVIEW ON A JURISDICTIONAL ISSUE.
13         THERE'S ALSO AUTHORITY IN *GILMORE* WHERE THE COURT --
14 THE NINTH CIRCUIT REVIEWED THE SECURITY DIRECTIVE EX PARTE AND
15 IN CAMERA.
16         AND PERHAPS THE MOST ON POINT CASE IS THE *SCHERFEN*
17 CASE, ALTHOUGH IT'S OUTSIDE OF THIS DISTRICT, WHERE THE COURT
18 REVIEWED WATCHLIST STATUS ON AN EX PARTE AND IN CAMERA BASIS
19 AND RULED BASED UPON THAT BASIS AND ISSUED AT THE REQUEST OF
20 THE PARTIES A SEALED OPINION ON STANDING.
21         YOUR HONOR, MOVING TO THE 12(B)(6) ASPECT OF OUR
22 MOTION, IN A NUTSHELL, PLAINTIFF HAS FAILED TO STATE A
23 COGNIZABLE CLAIM UNDER *IQBAL*.  WITH RESPECT TO THE FIRST
24 AMENDMENT AND THE EQUAL PROTECTION CLAIM, THE CLAIMS OF
25 DISCRIMINATION ARE CONCLUSORY AND THREADBARE AND FAIL TO

1  SUSTAIN PLAINTIFF'S BURDEN TO PLEAD A PROPER CAUSE OF ACTION
2  UNDER *IQBAL* AND *TWOMBLY*.
3        WITH RESPECT TO THE PROCEDURAL DUE PROCESS CLAIM,
4  YOUR HONOR, PLAINTIFF HAS FAILED TO PLEAD THE PUBLICATION OF A
5  STIGMATIZING STATEMENT, NOR HAVE THEY SHOWN DEPRIVATION OF ANY
6  PROPERTY OR LIBERTY INTEREST THAT WOULD TRIGGER DUE PROCESS.
7        BUT EVEN IF THEY COULD OVERCOME THAT, AS WE SET FORTH
8  IN OUR BRIEF, THE GOVERNMENT'S CURRENT GLOMAR POLICY PREVENTS
9  US FROM PROVIDING NOTICE OF WHETHER OR NOT SOMEONE IS ON A
10 TERRORIST WATCHLIST.  AND, CERTAINLY, WHILE PLAINTIFF CLAIMS
11 SHE HAS A RIGHT TO BE HEARD ON HER PURPORTED WATCHLIST STATUS,
12 THAT'S JUST SIMPLY IMPOSSIBLE GIVEN THAT THE GOVERNMENT HAS
13 SIGNIFICANT AND, INDEED, COMPELLING --
14        **THE COURT:**  WHY DIDN'T YOU MAKE THAT ARGUMENT TO THE
15 NINTH CIRCUIT?  YOU'VE GONE UP THERE TWICE AND LOST.  YOU COULD
16 HAVE MADE THAT ARGUMENT TO THE NINTH CIRCUIT AND SAID -- WHY
17 DIDN'T YOU SHOW ALL THOSE DOCUMENTS IN CAMERA TO THE NINTH
18 CIRCUIT?
19        **MR. FREEBORNE:**  WELL, YOUR HONOR, THE GOVERNMENT
20 MOVES WITH GREAT HESITATION IN MOVING EX PARTE.  WE MOVED ON
21 THE FACE OF THE COMPLAINT, BOTH BEFORE THIS COURT AS WELL AS
22 THE NINTH CIRCUIT.  WE ASKED THAT THE COURT RULE ON STANDING ON
23 THAT BASIS.
24        WE ARE NOW HERE, AND THAT CASE HAS BEEN REMANDED.  WE
25 THINK IT'S APPROPRIATE AT THIS JUNCTURE THAT THIS CASE NOT GO

1  ON ANY LONGER, SO WE OFFERED THE MATERIALS EX PARTE AND IN
2  CAMERA FOR THE COURT'S REVIEW.  WE BELIEVE THAT APPROACH IS
3  APPROPRIATE UNDER THE CIRCUMSTANCES.
4          **THE COURT:**  LET'S HEAR FROM THE OTHER SIDE.
5          **MS. PEEK:**  THANK YOU, YOUR HONOR.
6          ONE THING I DO WANT TO EMPHASIZE AT THE OUTSET IS
7  THAT PLACEMENT IN THE GOVERNMENT'S TERRORIST SCREENING DATABASE
8  IS A COMPREHENSIVE FORM OF HARM.  IN OTHER WORDS, IT'S NOT A
9  NARROW TYPE OF HARM, AND IT'S NOT JUST ONE LIST.  IT'S A
10 MULTIPLICITY OF LISTS THAT ARE ACCESSED BY A VARIETY OF
11 DIFFERENT AGENCIES BUT IS CENTRALLY CONTROLLED BY THE TERRORIST
12 SCREENING CENTER BASED ON NOMINATIONS FROM THE FBI OR THE NTC,
13 WHO ARE DEFENDANTS IN THIS CASE.
14         THE LIST INCLUDES THE CONSULAR LOOKOUT AND SUPPORT
15 DATABASE, WHICH IS MAINTAINED BY THE DEPARTMENT OF THE STATE;
16 THE INTERAGENCY BORDER INSPECTION SYSTEM, WHICH IS THE
17 DEPARTMENT OF HOMELAND SECURITY; THE NATIONAL CRIME INFORMATION
18 CENTER'S VIOLENT GANG AND TERRORIST ORGANIZATIONS FILE, WHICH
19 IS PART OF THE NCIC SYSTEM.  THAT'S THE LIST THAT PETER KEITH,
20 WHO IS THE ATTORNEY FOR THE SAN FRANCISCO DEFENDANTS IN THIS
21 CASE, WAS REFERRING TO BEFORE WE WENT UP ON APPEAL.
22         FINALLY, THERE'S ALSO THE NO-FLY AND SELECTEE SUBSETS
23 OF THE TERRORIST SCREENING DATABASE THAT IDENTIFY PERSONS WHO
24 EITHER THE AIR CARRIER MAY NOT TRANSPORT OR HAVE TO BE SELECTED
25 FOR ADDITIONAL SCREENING.  SO, PLACEMENT IN THE TERRORIST

1   SCREENING DATABASE IMPLICATES ALL OF THESE LISTS, IN ADDITION
2   TO OTHER POTENTIAL LISTS.  THESE ARE JUST SOME EXAMPLES OF THE
3   FAR-REACHING CONSEQUENCES OF BEING PLACED IN THIS LIST.
4            THE GOVERNMENT ARGUING IS PLACEMENT IN THE LIST ISN'T
5   SUFFICIENT TO CONFER STANDING, BUT THAT'S INCORRECT.  IT IS
6   SUFFICIENT.  AND THE REASONING OF THE COURT IN *SHEARSON V.*
7   *HOLDER*, WHICH WE CITED IN OUR PAPERS, EXPLAINS WHY THAT'S THE
8   CASE.
9            TO ADDRESS THE GOVERNMENT'S ARGUMENTS REGARDING THE
10  PROPRIETY OF THE EX PARTE SUBMISSIONS, IN RESPONSE TO YOUR
11  HONOR'S QUESTIONS, THEY COULD HAVE BROUGHT THAT BEFORE THE
12  NINTH CIRCUIT.  THEY DIDN'T THINK THEY HAD TO.  AND SO NOW
13  WE'RE AT THE POINT WHERE WE'RE GETTING DEEPER INTO THE FACTS,
14  AND WE NEED DISCOVERY.
15           IT IS TO THE POINT WHERE WE LEFT OFF BEFORE WE WENT
16  UP ON APPEAL, AND YOUR HONOR HELD AT THAT TIME THAT CERTAIN
17  ITEMS OF SUPPOSEDLY LAW ENFORCEMENT PRIVILEGED INFORMATION HAD
18  TO BE TURNED OVER AND STARTED TO PROVIDE A ROADMAP FOR HOW THAT
19  MIGHT BE ACCOMPLISHED.  AND PLAINTIFF'S POSITION IS THAT WE
20  NEED TO GO BACK TO WHERE WE LEFT OFF WITH THE DISCOVERY ISSUES
21  AND SEE IF WE CAN FIGURE OUT A WAY THAT THE DISCOVERY CAN BE
22  PRODUCED PURSUANT TO AN APPROPRIATE PROTECTIVE ORDER SO THIS
23  CASE CAN MOVE FORWARD.
24           I'M HAPPY TO ANSWER ANY OF YOUR HONOR'S OTHER
25  QUESTIONS.

1     **THE COURT:** NO. THANK YOU. ALL RIGHT. ANY
2 REBUTTAL?
3     **MR. FREEBORNE:** YOUR HONOR, WITH RESPECT TO THE
4 PLACEMENT OF THE TSDB ALONE, FIRST OF ALL, OUR EX PARTE IN
5 CAMERA MATERIALS SPEAK TO THIS ISSUE. I CAN'T ELABORATE ON THE
6 PUBLIC RECORD AS TO MS. PEEK'S ALLEGATION THAT THE TSDB IS
7 EXPORTED GENERALLY.
8     **THE COURT:** YOU JUST WANT ME TO TAKE YOUR WORD FOR
9 IT?
10     **MR. FREEBORNE:** NO, YOUR HONOR.
11     **THE COURT:** TAKE THE WORD OF YOUR DECLARANTS WITHOUT
12 LETTING THE OTHER SIDE HAVE A SAY ON THAT? THAT'S NOT THE WAY
13 IT WORKS.
14     **MR. FREEBORNE:** YOUR HONOR, WHAT THE CRUZ DECLARATION
15 DOES IS IT SIMPLY SETS FORTH PLAINTIFF'S STATUS, IF ANY, ON THE
16 TSDB AND IN WHAT CAPACITY.
17     **THE COURT:** IF YOU ARE PREPARED TO SAY SHE HAS BEEN
18 REMOVED FROM ANY AND ALL OF THE RESIDUAL EFFECTS, INCLUDING THE
19 EFFECTS THAT THE STATE DEPARTMENT AND EVERY OTHER AGENCY, AND
20 SHE'S GOT CLEAR SAILING, YOU COULD JUST SAY THAT. BUT YOU ARE
21 NOT TELLING ME THAT.
22     I AM NOT GOING TO LOOK AT YOUR IN CAMERA SUBMISSIONS.
23 THAT IS SO AT ODDS WITH THE WAY WE DO THINGS IN AMERICA. IT'S
24 NOT JUSTIFIED.
25     I'M NOT GOING TO RECEIVE YOUR MATERIALS EX PARTE. I

1  AM NOT GOING TO REVIEW THEM.  THE DECISIONS YOU CITE DO NOT
2  SUPPORT THAT IN THE NINTH CIRCUIT.  SO I'M GOING TO RULE ON THE
3  RECORD I HAVE, THAT BOTH SIDES HAVE ACCESS TO.
4          **MR. FREEBORNE:**  YOUR HONOR, TO THE EXTENT -- WE
5  UNDERSTAND, THE COURT HAS DISCRETION TO ENTER AN APPROPRIATE
6  PROTECTIVE ORDER.  TO THE EXTENT THAT THE COURT PURSUES THAT
7  AVENUE, PLAINTIFF CANNOT BE PROVIDED ACCESS TO THOSE MATERIALS,
8  AND PERHAPS PLAINTIFF IS NOT URGING THAT SINCE MS. PIPKIN LAST
9  TIME SAID --
10          **THE COURT:**  I HAVE NEVER SUGGESTED THE PLAINTIFF HAVE
11 ACCESS, BUT THESE TWO LAWYERS -- BY THE WAY, IS MR. MCMANIS
12 CLEARED?
13          **MS. PEEK:**  MR. MCMANIS HAS NOT YET BEEN CLEARED.  WE
14 HAVE AN APPLICATION FOR HIM AND WILL BE SUBMITTING THAT
15 SHORTLY.
16          **THE COURT:**  I AM NOT GOING TO DELAY THE TRIAL ON
17 ACCOUNT OF -- YOU SHOULD HAVE FIGURED THAT OUT A LONG TIME AGO.
18          ALL RIGHT.  HERE'S THE DEAL.  I WANT TO MAKE SURE
19 YOU'VE HAD YOUR SAY.  LET THE GOVERNMENT FINISH.  THE PLAINTIFF
20 IS NOT GOING TO HAVE ACCESS TO ANYTHING THAT IS CONFIDENTIAL OR
21 SENSITIVE.  THE LAWYERS, THOUGH, SHOULD HAVE ACCESS.
22          **MR. FREEBORNE:**  YOUR HONOR, IF THAT'S THE COURT'S
23 ORDER, WE WILL ATTEMPT TO WORK WITH PLAINTIFF IN FRAMING A
24 PROTECTIVE ORDER.
25          **THE COURT:**  BY TOMORROW THERE WILL BE A RULING.  YOU

1 HAVE MADE YOUR BED.  YOU ARE GOING TO LIE IN IT.  I AM GOING TO
2 MAKE MY RULING.  I AM NOT GOING TO WAIT FOR YET ANOTHER DELAY
3 WHILE THE GOVERNMENT FIDDLES WHILE ROME BURNS.  THIS CASE IS
4 SIX YEARS OLD.  WE ARE GOING TO HAVE A RULING BY TOMORROW AT
5 NOON.
6       ANYTHING MORE YOU WANT TO SAY?
7       **MR. FREEBORNE:**  NO, YOUR HONOR.
8       ACTUALLY, ONE ITEM.
9       SO THE COURT IS AWARE, BECAUSE MS. PEEK REFERENCED,
10 WHAT'S INCLUDED IN THE CRUZ DECLARATION JUST GOES TO STATUS.
11 AS THE COURT INDICATED IN ITS 2009 RULINGS, THERE ARE DIFFERENT
12 GRADATIONS OF SENSITIVE INFORMATION.  THERE'S STATUS-BASED
13 INFORMATION.  THERE'S UNDERLYING DEROGATORY INFORMATION.  AND
14 THERE'S POTENTIALLY CLASSIFIED INFORMATION.  WHAT IS AT ISSUE
15 IN THE CRUZ DECLARATION IS JUST SIMPLY STATUS-BASED
16 INFORMATION.  WE WOULD ASK THE COURT LIMIT ITS RULING THAT.
17       **THE COURT:**  MAYBE.  I DON'T KNOW WHETHER THAT'S TRUE
18 OR NOT.  IT WOULD BE UNFAIR FOR ME TO -- GIVEN THE HISTORY OF
19 THIS CASE, FOR ME TO RECEIVE YOUR THINGS EX PARTE WITHOUT
20 LETTING COUNSEL SEE THEM UNDER A PROTECTIVE ORDER.  SO I'M NOT
21 GOING TO DO IT.
22       ALL RIGHT.  WE ARE GOING TO CASE MANAGEMENT.
23       CASE MANAGEMENT, MR. -- I'M NOT GOING TO CHANGE THIS
24 TRIAL DATE.  IF MR. MCMANIS -- HE'S NEVER APPEARED IN THIS CASE
25 AND SUDDENLY HE IS GOING TO BE THE TRIAL LAWYER?  YOU TWO ARE

1  DOING A GOOD JOB.  YOU DON'T NEED MR. MCMANIS.  HOWEVER, IF HE
2  GETS CLEARED IN TIME, AND IF HE'S REALLY GOING TO TRY THE CASE,
3  I WILL CONSIDER A MOTION FOR CONTINUANCE AT THAT TIME.
4         **MS. PEEK:**  OKAY.  THANK YOU, YOUR HONOR.
5         **THE COURT:**  YOU WANT TO TRY THE CASE ON DECEMBER 28?
6  I HAVE LEARNED THAT'S A GIMMICK.  THAT'S JUST A GIMMICK,
7  BECAUSE YOU KNOW GOOD AND WELL WHEN DECEMBER 28TH COMES, THE
8  JUDGE IS NOT GOING TO WANT TO TRY A CASE ON DECEMBER 28TH, AND
9  YOU WILL THEN HAVE AN EASY WAY TO SAY, OH, WELL, LET'S POSTPONE
10 IT, LET'S POSTPONE IT.  YOU ARE THE PLAINTIFF.  YOU SHOULD BE
11 WANTING THE PROMPTEST POSSIBLE TRIAL.
12        **MS. PEEK:**  YOUR HONOR, WE APOLOGIZE.  WE ARE
13 CERTAINLY WILLING TO AGREE TO ANY DATE THAT IS MORE CONVENIENT
14 FOR THE COURT.
15        **THE COURT:**  I AM GOING TO LEAVE THE DATE, BUT I AM
16 GOING TO GIVE YOU BOTH A CHANCE TO COMPLAIN ABOUT MY PROPOSED
17 ORDER SO YOU DON'T HAVE TO FLY ALL THE WAY OUT HERE AGAIN.  I
18 SENT IT TO YOU.  ANY HEARTBURN FROM THE CASE MANAGEMENT
19 SCHEDULE?
20        **MR. FREEBORNE:**  YES, YOUR HONOR.  GENERALLY, WE
21 OPPOSE ANY TRIAL NEEDING DISCOVERY.  AT MOST THIS IS A RECORD
22 REVIEW-TYPE CASE.  IT IS NOT ONE THAT SHOULD BE TRIED ON A
23 PUBLIC RECORD.  IT'S A TERRORIST WATCH CASE.
24        **THE COURT:**  THAT'S WRONG.  THAT'S JUST WRONG.
25 THEY'RE ALLEGING YOU DISCRIMINATED AGAINST HER ON ACCOUNT OF

```
 1  HER RELIGION.  WE ARE GOING TO HAVE DISCOVERY.  WE ARE GOING TO
 2  FIND OUT HOW THE SYSTEM WORKS.
 3          I RULED FOR YOU TWO TIMES.  I THREW THIS CASE OUT.
 4  YOU DIDN'T TAKE IT TO THE SUPREME COURT.  NOW IT'S MY JOB TO
 5  SALUTE THE NINTH CIRCUIT AND SAY "I WILL FOLLOW YOUR ORDERS."
 6  THAT'S WHAT I DO.  I'M DISTRICT JUDGE.
 7          MY JOB IS NOT TO ROLL OVER EVERY TIME THE GOVERNMENT
 8  SAYS, OH, WE GOT A NEW PROBLEM NOW; WE GOT A NEW PROBLEM.  THE
 9  NINTH CIRCUIT SAYS THIS CASE IS GOING TO BE HEARD ON THE
10  MERITS.  WE ARE GOING TO DO THAT.
11          SO THESE TWO YOUNG LAWYERS, THEY ARE GOING TO BE
12  GOING THROUGH YOUR SYSTEM.  IT'S GOING TO BE HARD TO GO THROUGH
13  AND FIGURE OUT WHAT THEY GET ACCESS TO.  I UNDERSTAND THAT.
14  BUT I'M GOING TO PUT THE TIME IN, AND IF WE HAVE TO SEAL THE
15  ENTIRE COURTROOM, WE ARE GOING TO FIND OUT HOW FAIR AND UNFAIR
16  THE SYSTEM HAS BEEN TO THE PLAINTIFF.
17          SO, THIS IS MY CASE MANAGEMENT.  EVERY TIME YOU COME
18  IN HERE, YOU'VE GOT 42 REASONS WHY YOU CAN'T DO SOMETHING.  YOU
19  NEVER GIVE ME ONE GOOD REASON WHY YOU CAN DO SOMETHING.  THIS
20  IS THE SCHEDULE --
21          **MR. FREEBORNE:**  RIGHT.  WITH RESPECT TO FURTHER
22  AMENDMENTS, YOUR HONOR, THEY HAVE AMENDED THEIR COMPLAINT
23  TWICE.  NO FURTHER AMENDMENTS ARE APPROPRIATE.
24          WITH RESPECT TO THE EXPERT DISCOVERY, THE MONTH
25  TIMEFRAME IS, WITH ALL DUE RESPECT, UNREALISTIC.
```

1  **THE COURT:** EXPERT DISCOVERY, LET'S TALK ABOUT THAT.
2  HOW WOULD YOU LIKE TO CHANGE THAT?
3  **MR. FREEBORNE:** WELL, YOUR HONOR, I THINK AT A
4  MINIMUM WE SHOULD HAVE AT LEAST A MONTH TO CONSIDER THE
5  PLAINTIFF'S -- FIRST OF ALL, THEY SHOULD IDENTIFY THEIR ISSUES
6  A MONTH AHEAD OF TIME, AND THEN A MONTH FOR US TO FORMULATE AN
7  EXPERT REPORT. AS I READ THE COURT'S ORDER, IT SEEMS TO BE
8  COMPRESSED WITHIN A TWO-WEEK TIMEFRAME FOR BOTH THE DEPOSITION
9  AS WELL AS THE REBUTTAL REPORT.
10  **THE COURT:** I DO SAY THAT FOUR WEEKS BEFORE THE DUE
11  DATE THEY HAVE TO TELL YOU -- BOTH SIDES HAVE GOT TO SAY WHO
12  THEY ARE GOING TO USE EXPERTS ON. THAT PART I ALREADY DO HAVE
13  A MONTH IN THERE. I SAY 28 DAYS. IT SHOULD BE 28, BECAUSE
14  IT'S A MULTIPLE OF SEVEN.
15  BUT I'M HAPPY TO GIVE YOU MORE TIME ON THE DISCOVERY
16  PART -- I'M SORRY -- THE EXPERT DEPOSITIONS. SO, LET'S -- SO,
17  WE'LL CHANGE THAT TO 28 DAYS INSTEAD OF 14. ALL RIGHT. THAT'S
18  DOABLE.
19  WHAT ELSE?
20  **MR. FREEBORNE:** WITH RESPECT TO THE INITIAL
21  DISCLOSURES, YOUR HONOR, AGAIN, WE HAVE THE GLOMAR POLICY. TO
22  THE EXTENT --
23  **THE COURT:** IT'S JUST A POLICY. WE ARE DEALING WITH
24  THE CONSTITUTION HERE. YOU HAVE A POLICY. THEY HAVE THE
25  CONSTITUTION.

1            **MR. FREEBORNE:** RIGHT.

2            **THE COURT:** WHICH ONE DO YOU THINK IS GOING TO WIN?

3            **MR. FREEBORNE:** WELL, BUT THE CASE LAW RECOGNIZES, AT

4    LEAST IN THE TERRORIST WATCHLIST AREA, THAT THE CONSTITUTION

5    AFFORDS DUE PROCESS, BUT IT'S NOT A SUICIDE PACT. IT HAS TO BE

6    COUNTERED-BALANCED AGAINST SIGNIFICANT --

7            **THE COURT:** YOU SHOULD HAVE EXPLAINED THAT TO THE

8    COURT OF APPEALS.

9            WE WILL GET EACH ONE OF THESE IN DUE COURSE. THERE

10   WILL BE NO SUICIDES. WE ARE GOING TO GO THROUGH THIS IN A

11   CAREFUL WAY TO MAKE SURE THAT NATIONAL SECURITY IS PRESERVED,

12   BUT WE ARE NOT GOING TO JUST SAY NATIONAL SECURITY PREVENTS

13   THEM FROM SEEING ANYTHING.

14           I LOOKED AT SOME OF THIS YEARS AGO IN YOUR CASE. IT

15   WAS ALL STALE INFORMATION. THERE WAS NO POSSIBLE WAY IT COULD

16   AFFECT NATIONAL SECURITY. SO -- AND YET, THAT'S WHAT YOU WERE

17   CLAIMING.

18           I DON'T KNOW WHAT THE NEW INFORMATION IS. I DON'T

19   KNOW WHETHER IT COULD AFFECT -- I'D HAVE TO LOOK AT IT ON A

20   DISCOVERY-BY-DISCOVERY ITEM BASIS. SO I SAY TO YOU OVER THERE,

21   YOU NEED TO GET CRACKING, GET YOUR DISCOVERY REQUESTS GOING.

22           **MR. FREEBORNE:** YOUR HONOR, JUST ONE FINAL. THE

23   PROPOSED CASE MANAGEMENT ORDER HAS A PROVISION FOR DAMAGES.

24   THIS IS A CASE ABOUT DECLARATORY AND INJUNCTIVE RELIEF.

25           **THE COURT:** THERE'S NO DAMAGES STUDIES IN HERE;

```
 1   THERE'S NO DAMAGES AT ALL, RIGHT?
 2            MS. PEEK:  THAT'S CORRECT, YOUR HONOR.
 3            THE COURT:  THAT WILL COME OUT.  ALL RIGHT.
 4       WHAT ELSE?
 5            MR. FREEBORNE:  THAT'S IT FROM THE GOVERNMENT'S
 6   PERSPECTIVE, YOUR HONOR.
 7            THE COURT:  ANY HEARTBURN ON YOUR SIDE?
 8            MS. PEEK:  NO, YOUR HONOR.  JUST ON THE POINT OF
 9   AMENDMENT, THE LAST TIME THE COURT CONSIDERED THESE ISSUES, IT
10   DIDN'T REACH THE 12(B)(6) ARGUMENTS.  IF THE COURT REQUIRES
11   MORE CLARITY WITH REGARD TO ANY OF THOSE ALLEGATIONS, WE THINK
12   WE CAN AMEND, AND WE SHOULD BE ALLOWED AT LEAST ONE OPPORTUNITY
13   TO AMEND.
14            THE COURT:  HERE'S WHAT -- I AM GOING TO JUMP AHEAD A
15   BIT.  THE COURT IS GOING TO HOLD YOU HAVE STATED AT LEAST ONE
16   POSSIBLE CLAIM; THAT EVERYTHING HAS BEEN SO SHROUDED IN MYSTERY
17   THAT IT'S UNFAIR TO YOU TO REQUIRE YOU TO -- I'M NOT GOING TO
18   RULE IN THE ABSTRACT ON THINGS LIKE STIGMA-PLUS AND ALL OF
19   THAT.  I THINK THAT LURKING IN THERE IS A PLAUSIBLE
20   CONSTITUTIONAL CLAIM THAT YOU HAVE BEEN DENIED DUE PROCESS.
21            UNDER THE COURT OF APPEALS' VIEW, YOUR CLIENT HAS TO
22   BE TREATED LIKE A CITIZEN OR LIKE ANY LAWFULLY PRESENT RESIDENT
23   ALIEN, EVEN THOUGH SHE'S NOT A RESIDENT, AND EVEN THOUGH SHE'S
24   NOT A CITIZEN, EVEN THOUGH SHE'S IN MALAYSIA, AND EVEN THOUGH I
25   SAID EARLIER SHE'D GIVEN UP ALL OF HER CONSTITUTIONAL RIGHTS BY
```

```
 1  LEAVING THE COUNTRY, THAT'S NOT WHAT THE COURT OF APPEALS SAID.
 2  THE COURT OF APPEALS AGREED WITH YOU THAT SHE HAD THOSE RIGHTS,
 3  SO I HAVE TO TREAT HER LIKE SHE WAS RIGHT HERE IN THIS COUNTRY.
 4          IF SHE WAS RIGHT HERE IN THE COUNTRY AND THEY DID
 5  THAT TO AN ORDINARY CITIZEN, I THINK THE ORDINARY CITIZEN WOULD
 6  HAVE THE RIGHT TO COMPLAIN AND HAVE THEIR DAY IN COURT IN SOME
 7  MANNER, AND HOW CLEARLY YOU -- YOU ARE IN A POSITION WHERE THE
 8  GOVERNMENT HAS MADE THIS SO MYSTERIOUS, IT'S UNFAIR TO YOU TO
 9  SAY YOU'VE GOT TO PLEAD X, Y AND Z.
10          YOU HAVE DONE AS PLAUSIBLE A JOB AS YOU CAN.  ONCE WE
11  GET INTO IT AND YOU FIND SOME AMAZING FACT, IF THERE IS SUCH A
12  THING IN THIS CASE, MAYBE YOU CAN AMEND THEN.  IT WOULD BE FAIR
13  TO LET YOU DO THAT, BECAUSE IT WOULD BE UNFAIR TO SAY THAT YOU
14  HAVE TO KNOW WHAT'S BEHIND THE CURTAIN BEFORE YOU GET TO LOOK
15  BACK THERE.  I DON'T KNOW EXACTLY WHAT THE PARAMETERS OF YOUR
16  LEAVE TO AMEND WILL BE, BUT...
17          **MS. PEEK:**  YOUR HONOR, AT A MINIMUM --
18          **THE COURT:**  WE ARE GOING TO MUDDLE THROUGH IN THE
19  BEST WAY WE CAN.
20          YES, WHAT DID YOU WANT TO SAY?
21          **MS. PEEK:**  SORRY.
22          AT A MINIMUM WE REQUEST LEAVE TO AMEND TO CONFORM TO
23  PROOF AT THE CLOSE OF DISCOVERY.
24          **THE COURT:**  I DON'T KNOW ABOUT THAT.  WE'LL SEE.  IS
25  THIS ENOUGH TIME FOR YOU TO DO YOUR DISCOVERY?  I SHORTENED
```

```
 1  THIS SOMEWHAT BECAUSE IT'S TAKEN SO MANY YEARS TO GET TO THIS
 2  POINT.
 3           MS. PEEK:  YOUR HONOR, I THINK THE ANSWER TO THAT
 4  QUESTION DEPENDS ON WHETHER WE NEED TO DO ANY APPELLATE
 5  PRACTICE WITH THE DISCOVERY.  IF WE CAN MAKE IT THROUGH WITHOUT
 6  HAVING TO GO UP ON A WRIT, I THINK IT'S ENOUGH TIME.
 7           THE COURT:  THERE MAY HAVE TO BE IF THE GOVERNMENT
 8  CAN'T -- I CAN'T SAY -- THE GOVERNMENT MIGHT BE VERY PLAUSIBLY
 9  WITHIN ITS RIGHTS TO TAKE A WRIT.  SO THAT'S YET TO BE SEEN.  I
10  DON'T KNOW.  WE'LL HAVE TO GO WITH THAT ONE BY ONE.
11           ALL RIGHT.  I DON'T HEAR ANYTHING ELSE ON THIS, SO
12  I'M GOING TO GO TO THE OTHER MATTERS.
13           I NEED YOUR HELP ON BOTH SIDES.  WE HAVE A PROBLEM ON
14  OUR HANDS.  YOU ARE VERY GOOD COUNSEL ON BOTH SIDES.  I NEED
15  YOUR HELP TO GET THROUGH THIS AND TRY TO DO JUSTICE TO BOTH
16  SIDES WITHOUT ANY DAMAGE TO NATIONAL SECURITY.  THANK YOU.
17           MS. PEEK:  THANK YOU, YOUR HONOR.
18           MR. FREEBORNE:  THANK YOU, YOUR HONOR.
19           MS. PIPKIN:  THANK YOU, YOUR HONOR.
20           (PROCEEDINGS ADJOURNED.)
21
22
23
24
25
```

**CERTIFICATE OF REPORTER**

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 06-0545 WHA, RAHINAH IBRAHIM V. DEPARTMENT OF HOMELAND SECURITY, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

_/s/ jncolumbini_

JOAN MARIE COLUMBINI, CSR 5435, RPR

MONDAY, JANUARY 14, 2013