```
                                               PAGES 1 - 10

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

               BEFORE THE HONORABLE WILLIAM H. ALSUP

RAHINAH IBRAHIM,                 )
                                 )
           PLAINTIFF,            )
                                 )
  VS.                            ) NO. C 06-0545 WHA
                                 )
DEPARTMENT OF HOMELAND SECURITY, )
ET AL.                           )
                                 )  SAN FRANCISCO, CALIFORNIA
           DEFENDANTS.           )  THURSDAY
                                 )  OCTOBER 11, 2012
_____)
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF**          MCMANIS FAULKNER
                           50 W. SAN FERNANDO STREET
                           FAIRMONT PLAZA, 10TH FLOOR
                           SAN JOSE, CALIFORNIA  95113
                      **BY: CHRISTINE PEEK, ESQUIRE**
                           **ELIZABETH PIPKIN, ESQUIRE**


**FOR DEFENDANTS**         UNITED STATES DEPARTMENT OF JUSTICE
                           CIVIL DIVISION
                           FEDERAL PROGRAMS BRANCH
                           20 MASSACHUSETTS AVENUE, NW
                           WASHINGTON, DC  20001
                      **BY: PAUL G. FREEBORNE, SENIOR TRIAL COUNSEL**
                           **JOHN K. THEIS, TRIAL ATTORNEY**


*REPORTED BY:  JOAN MARIE COLUMBINI, CSR 5435, RPR*
              *OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

```
 1              PROCEEDINGS; THURSDAY, OCTOBER 11, 2012
 2
 3          THE CLERK:  CIVIL 06-545, IBRAHIM VERSUS DEPARTMENT
 4   OF HOMELAND SECURITY.
 5          MR. FREEBORNE:  YOUR HONOR, GOOD AFTERNOON.  PAUL
 6   FREEBORNE FOR THE DEFENDANTS.
 7          THE COURT:  OKAY.
 8          MS. PIPKIN:  GOOD AFTERNOON, YOUR HONOR.  ELIZABETH
 9   PIPKIN FOR RAHINAH IBRAHIM.
10          THE COURT:  ELIZABETH WHO?
11          MS. PIPKIN:  PIPKIN.
12          THE COURT:  P-I-
13          MS. PIPKIN:  P-I-P-K-I-N.
14          THE COURT:  ALL RIGHT.  WELCOME TO YOU.
15          WELL, THIS IS A CASE IN WHICH I HAVE BEEN REVERSED
16   AGAIN.  HOW COME THE GOVERNMENT DIDN'T GO TO THE SUPREME COURT
17   ON THIS?  IT'S A SERIOUS QUESTION.
18          MR. FREEBORNE:  IT IS A SERIOUS QUESTION, YOUR HONOR.
19   THAT'S NOT A DECISION THAT I'M INVOLVED IN, AS YOU KNOW.  THE
20   OFFICE OF THE SOLICITOR GENERAL MAKES THAT DECISION.
21          THE COURT:  DID THEY MAKE THAT DECISION?  DID YOU
22   EVEN ASK?
23          MR. FREEBORNE:  YOUR HONOR, THEY MADE THE DECISION
24   THAT THE CIRCUMSTANCES DO NOT WARRANT SEEKING CERT IN THIS
25   CASE.
```

1         **THE COURT:** THE SG'S OFFICE MADE THAT DECISION?

2         **MR. FREEBORNE:** THAT'S CORRECT, YOUR HONOR.

3         **THE COURT:** OKAY. I'M GOING TO FOLLOW THIS DECISION.

4 THE GOVERNMENT IS NOT GOING TO TALK ME INTO ANOTHER ERROR. SO,

5 I'M GOING TO ORDER ALL THIS DISCOVERY THAT THEY'VE ORDERED ME

6 TO GIVE YOU TO GIVE TO PLAINTIFF.

7         IF YOU WANT TO BRING A MOTION TO DISMISS, YOU BETTER

8 GET GOING, BECAUSE I'M ORDERING DISCOVERY TO GO FORWARD. I'M

9 NOT GOING TO GO OUT ON A LIMB FOR THE GOVERNMENT AGAIN. I HAVE

10 BEEN REVERSED, AND YOU DID NOT GET ME AFFIRMED.

11         WE'RE NOT GOING TO GO DOWN THAT PATH AGAIN. I'M

12 GOING TO SALUTE THE NINTH CIRCUIT AND DO WHAT THEY TOLD ME TO

13 DO.

14         **MR. FREEBORNE:** YOUR HONOR, JUST TO BE CLEAR --

15         **THE COURT:** GO AHEAD. I AM GOING TO HEAR YOU OUT ON

16 WHATEVER YOU WANT TO SAY. LET'S HEAR IT.

17         **MR. FREEBORNE:** OBVIOUSLY, YOUR HONOR, THE NINTH

18 CIRCUIT'S DECISIONS ARE THE LAW OF THE CASE, BUT THEY

19 SPECIFICALLY RULED THAT THEY WERE NOT OPINING ON THE VALIDITY

20 OF PLAINTIFF'S CLAIMS. WE HAD PREVIOUSLY --

21         **THE COURT:** DON'T WE HAVE TO HAVE DISCOVERY TO FIND

22 OUT? THEY SAID SHE STATED A CLAIM AND SHE HAS STANDING TO

23 PURSUE IT.

24         **MR. FREEBORNE:** YOUR HONOR, WHAT THEY RULED, WITH ALL

25 DUE RESPECT, IS THAT SHE HAS STANDING BASED -- ENOUGH TO

1  SURPASS A RULE 12 MOTION AND THAT SHE CAN AVAIL HERSELF OF THE
2  CONSTITUTION, AT LEAST IN SOME RESPECT.
3          **THE COURT:** ALL RIGHT. WHAT CAN YOU POSSIBLY ARGUE
4  AT THIS POINT?
5          **MR. FREEBORNE:** WELL, YOUR HONOR, THE PLAINTIFF MAKES
6  THREE SETS OF CLAIMS: FIRST, A SUBSTANTIVE DUE PROCESS
7  VIOLATION. AS YOUR HONOR HAS RECOGNIZED IN THIS CASE, IT COMES
8  DOWN TO A RIGHT TO FLY, A RIGHT TO OBTAIN A VISA, AND
9  PERHAPS -- PERHAPS, ALTHOUGH IT'S NOT ARTICULATED IN THE
10 COMPLAINT, A RIGHT TO BE IMMUNE FROM ENHANCED SECURITY
11 MEASURES.
12         FIRST OF ALL, THE NINTH CIRCUIT HAS ALREADY HELD THAT
13 THERE IS NO RIGHT TO FLY. THERE IS NO RIGHT TO TRAVEL BY ONE
14 PREFERRED MODE OF TRANSPORTATION.
15         **THE COURT:** HOW COME WE GOT REVERSED? THEN HOW COME
16 THEY DIDN'T SAY ALL THAT IN THE OPINION?
17         **MR. FREEBORNE:** WELL, YOUR HONOR DID NOT RULE ON
18 THOSE ISSUES, BECAUSE YOUR HONOR HELD THAT SHE COULD NOT AVAIL
19 HERSELF --
20         **THE COURT:** YOU TOLD ME ONCE BEFORE THERE WAS NO
21 STANDING.
22         **MR. FREEBORNE:** YOUR HONOR --
23         **THE COURT:** AND YOU WERE WRONG. YOU DIDN'T UPHOLD
24 THAT POSITION ON APPEAL.
25         **MR. FREEBORNE:** WELL, YOUR HONOR, WE MOVED UNDER

```
 1  RULE 12.  AT THIS JUNCTURE, IF WE CAN FIND SOME MECHANISM FOR
 2  DOING SO --
 3           THE COURT:  I'M NOT GOING TO BE SYMPATHETIC TO ANY
 4  MORE RULE 12 MOTIONS.  I'LL LET YOU BRING THE MOTION, AND I
 5  WILL CONSIDER IT IN GOOD FAITH.  BUT IF THERE IS ANY DOUBT IN
 6  MY MIND -- AND, IN THE MEANTIME, YOU SHOULD BE ASKING FOR YOUR
 7  DISCOVERY, BECAUSE THERE IS NO STAY IN EFFECT.
 8           THIS CASE HAS BEEN LANGUISHING FOR A LONG TIME.  THE
 9  GOVERNMENT HAS GOTTEN AWAY WITH ONE DELAY TACTIC AFTER ANOTHER.
10  NOW IT'S TIME.  THE NINTH CIRCUIT HAS RULED ON THIS.
11           IF I WAS IN THE GOVERNMENT'S POSITION AND I WANTED TO
12  STOP THAT DISCOVERY, I WOULD PUT YOUR MOTION ON FILE TOMORROW.
13  YOU HAVE KNOWN ABOUT THIS ORDER FOR MONTHS, SO YOU SHOULD BE
14  FILING YOUR MOTION LIKE THIS WEEK.
15           MR. FREEBORNE:  YOUR HONOR --
16           THE COURT:  WHEN YOU ARE GOING TO FILE YOUR MOTION?
17           MR. FREEBORNE:  YOUR HONOR, WE PROPOSE NOVEMBER 16TH.
18           THE COURT:  WAY TOO FAR OUT.  I'M NOT GOING TO WAIT
19  THAT LONG.  I THINK I SHOULD GET YOUR MOTION ON FILE BY
20  NOVEMBER 1.
21           IN THE MEANTIME, DISCOVERY IS GOING TO START.  SO,
22  OVER THERE, MS. IBRAHIM CAN GET HER DISCOVERY GOING.  IF YOU
23  WANT TO BRING A MOTION TO STAY THE DISCOVERY, I'LL CONSIDER
24  THAT, BUT THE NINTH CIRCUIT SPECIFICALLY SAID THREE OF THOSE
25  THINGS SHOULD BE OPEN FOR DISCOVERY.
```

1    **MR. FREEBORNE:** YOUR HONOR, WITH ALL DUE RESPECT,
2    THEY DEFERRED TO YOUR RULINGS ON THAT QUESTION.
3    **THE COURT:** NO, THEY DIDN'T.
4    **MR. FREEBORNE:** THEY SPECIFICALLY SAID THAT YOUR
5    HONOR HAD DENIED THAT DISCOVERY IN THE CONTEXT OF THE RULE 45
6    SUBPOENAS, BUT THEY NOW -- FIRST OF ALL, THEY VACATED ALL OF
7    THE DISCOVERY ORDERS, BUT THEY REMANDED IT BACK TO YOUR HONOR
8    FOR RULING ON WHETHER OR NOT THAT TYPE OF DISCOVERY IS
9    APPROPRIATE.
10   WE'LL CERTAINLY ENGAGE IN MOTIONS PRACTICE, ALTHOUGH
11   I THINK IT'S BENEFICIAL TO AT LEAST ALLOW A MEET AND CONFER ON
12   THE SCOPE OF THAT DISCOVERY AND ALSO SEE IF THERE'S SOME
13   RESOLUTION THAT'S POSSIBLE IN THIS CASE.
14   **THE COURT:** LOOK, IF THINGS ARE -- I DON'T KNOW WHAT
15   YOU HAVE ON MS. IBRAHIM. SHE SEEMS LIKE A LEGITIMATE PERSON,
16   TEACHING AT STANFORD AND ALL OF THAT. FOR GOODNESS SAKE. THE
17   GOVERNMENT OUGHT NOT TO JUST DENY HER RIGHT TO GET BACK -- I
18   DON'T KNOW IF IT'S A RIGHT OR NOT, PRIVILEGE OF COMING BACK
19   INTO THE U.S.A., AND KEEP ON LITIGATING THIS CASE AND LEADING
20   THE COURT INTO ERROR, ONE ERROR AFTER ANOTHER IN THIS CASE, AND
21   THEN YOU DON'T GET ME AFFIRMED ON APPEAL.
22   I'VE RUN OUT OF PATIENCE WITH THE UNITED STATES
23   ATTORNEY'S OFFICE AND U.S. DEPARTMENT OF JUSTICE. I DON'T KNOW
24   WHAT IS GOING ON HERE, BUT I'M GOING TO BE PRETTY TOUGH ON YOU
25   GOING FORWARD. I'M GOING TO -- I'M NOT GOING TO INDULGE ANY

1  MORE PRESUMPTIONS IN FAVOR OF THE GOVERNMENT. IF WE GET DOWN
2  TO DISCOVERY, YOU ARE GOING TO TURN THOSE DOCUMENTS OVER OR GO
3  TO THE NINTH CIRCUIT AND GET ME STOPPED. I DON'T KNOW -- WHY
4  ARE YOU -- NEVER MIND. YOU SHOULD LEARN TO GET THE JUDGE
5  AFFIRMED ON APPEAL.
6  　　　　YES. I WANT TO HEAR FROM THE OTHER SIDE.
7  　　　　**MS. PIPKIN:** YOUR HONOR, WE DON'T THINK THE
8  GOVERNMENT SHOULD BE ALLOWED TO FILE ANY MORE MOTIONS TO
9  DISMISS. WE WANT TO PROCEED WITH OUR DISCOVERY. WE'LL HAVE IT
10 OUT IN THE NEXT FIVE DAYS AS FAR AS OUR DOCUMENT REQUESTS GO,
11 AND WE CAN MEET AND CONFER WITH THE GOVERNMENT IF THEY HAVE
12 OBJECTIONS.
13 　　　　**THE COURT:** I WANT YOU TO DO ALL OF THAT, BUT I WILL
14 LET THEM FILE ANOTHER MOTION IF IT'S ON FILE BY NOVEMBER 1.
15 THEY MIGHT MAKE A MOTION TO STAY THE DISCOVERY. I DON'T KNOW
16 WHAT THEY'LL DO. BUT I'M GOING TO HEAR THEIR MOTION TO
17 DISMISS. I AM NOT GOING TO READ ANYTHING ABOUT RULE 12.
18 　　　　THIS CASE HAS BEEN AROUND A LONG TIME, AND THE
19 GOVERNMENT HAS DIDDLED AROUND ON RULE 12 AND MADE ONE MISTAKE
20 AFTER THE OTHER. SO IT'S GOING TO HAVE TO BE JUST CLEARCUT
21 BEFORE I RULE FOR THE GOVERNMENT AGAIN.
22 　　　　**MS. PIPKIN:** THANK YOU.
23 　　　　**THE COURT:** BUT THEY NEED TO HAVE THAT CHANCE.
24 NOVEMBER 1 IS THE DEADLINE FOR ANY MORE RULE 12 MOTIONS.
25 　　　　YOU SHOULD GO AHEAD AND GET YOUR DISCOVERY GOING. BE

1  REASONABLE. YOU MUST REMEMBER THERE'S SOME NATIONAL SECURITY
2  SECRETS POSSIBLY INVOLVED HERE, AND PLEASE DON'T PUT ME IN THE
3  POSITION WHERE I'M HAVING TO GOOF UP NATIONAL SECURITY.
4      **MS. PIPKIN:** WE WON'T, YOUR HONOR.
5      AND I THINK LAST TIME WE WERE VERY REASONABLE, AND WE
6  WILL CONTINUE TO DO SO. WE SUBMITTED TO BACKGROUND CHECKS SO
7  THAT WE COULD BE AUTHORIZED TO SEE THE DOCUMENTS IN QUESTION,
8  AND WE'RE WILLING TO DO THAT AGAIN.
9      SO THAT IS OUR PLAN. WE WOULD LIKE TO SEE THE
10 DOCUMENTS. ONCE WE SEE THE DOCUMENTS, THEN WE WILL DECIDE, IN
11 THE NARROWEST WAY POSSIBLE, WHICH DEPOSITIONS WE REALLY NEED TO
12 TAKE, AND WE WILL NOTICE THOSE DEPOSITIONS AND PROCEED QUICKLY
13 WITH OUR DISCOVERY.
14     I WOULD SUGGEST THAT THE COURT PUT THIS OVER FOR
15 ANOTHER CASE MANAGEMENT TO ASCERTAIN OUR STATUS ON THE
16 DISCOVERY AT A TIME THE COURT DEEMS FIT.
17     **THE COURT:** WHEN ARE YOU GOING TO HAVE YOUR DISCOVERY
18 MOTIONS ON FILE OR SERVED?
19     **MS. PIPKIN:** DISCOVERY MOTIONS?
20     **THE COURT:** NOT MOTIONS. INTERROGATORIES AND
21 DOCUMENT REQUESTS.
22     **MS. PIPKIN:** WE'LL HAVE THOSE OUT IN THE NEXT FIVE
23 DAYS, YOUR HONOR. SO, BY THE END OF NEXT WEEK.
24     **THE COURT:** ALL RIGHT. WE'LL COME BACK HERE ON
25 NOVEMBER -- NO, I WON'T BE HERE THAT DAY. AM I HERE ON

```
 1   NOVEMBER 8TH?  YES, NOVEMBER 8TH.  NOVEMBER 8TH FOR A CASE
 2   MANAGEMENT CONFERENCE.
 3           MS. PIPKIN:  THANK YOU, YOUR HONOR.
 4           THE COURT:  IF WE'VE GOT A DISCOVERY FIGHT, THEN
 5   WE'LL HAVE A DISCOVERY FIGHT THEN.  BY THEN WE WILL HAVE THE
 6   MOTION TO DISMISS ON FILE, AND I CAN SEE WHAT IT SAYS.  YOU CAN
 7   SEE AS WELL.
 8           MS. PIPKIN:  YES.  THANK YOU, YOUR HONOR.
 9           THE COURT:  WHAT ARE THE CHANCES, IF I REFER YOU TO A
10   MAGISTRATE JUDGE, YOU WOULD SETTLE THIS CASE?  I'M TALKING
11   ABOUT FOR ADR.
12           MS. PIPKIN:  WE'VE MADE VERY CLEAR WHAT WE WANT TO
13   ACHIEVE.  I THINK IT'S DOABLE FOR THE GOVERNMENT TO TAKE OUR
14   CLIENT'S NAME OFF A LIST.  AND -- BUT WE'VE GOTTEN NOWHERE WITH
15   THEM.  THIS CASE HAS BEEN PENDING FOR SIX YEARS.  SO I DON'T
16   KNOW, YOUR HONOR.  IT'S LIKE A BLACK WALL -- IT'S LIKE A WALL.
17           THE COURT:  HAVE YOU EVER BEEN TO AN ADR CONFERENCE
18   IN THIS CASE?  I DON'T REMEMBER.  YOU HAVE TO HELP ME REMEMBER.
19           MS. PIPKIN:  I HAVE TO BE FRANK, YOUR HONOR, I DON'T
20   REMEMBER EITHER.  PERHAPS MR. FREEBORNE DOES.  I HAVE NOT
21   ALWAYS BEEN INVOLVED.
22           THE COURT:  WHAT'S THE ANSWER THERE?
23           MR. FREEBORNE:  YOUR HONOR, WE HAVE NEVER BEEN TO
24   ADR.
25           YOU KNOW, I THINK THE PROPER WAY TO PROCEED IS FOR
```

```
 1   MS. PIPKIN AND MYSELF TO TALK AND SEE IF THERE'S A PROCESS THAT
 2   WOULD ALLOW FOR BRIEFING IN THIS CASE, GIVEN WHAT YOUR HONOR
 3   HAS RECOGNIZED THERE COULD BE POTENTIAL NATIONAL SECURITY
 4   IMPLICATIONS.  THIS IS NOT YOUR GARDEN VARIETY CASE.
 5           THE COURT:  YOU CAN STILL TALK.  I DON'T UNDERSTAND.
 6   I AM NOT GOING TO DERAIL THE MOTIONS AND THE DISCOVERY ON THE
 7   HOPE THAT YOU WOULD REACH SOME KIND OF A DEAL, BUT IN PARALLEL
 8   TO ALL THAT, I COULD REFER YOU TO A MAGISTRATE JUDGE WHO COULD
 9   TRY TO FIND A WAY TO SETTLE THE CASE, MAYBE.  I DON'T KNOW.
10           MR. FREEBORNE:  WELL, YOUR HONOR, THE ONLY POINT I'M
11   TRYING TO MAKE, IS IT HELPFUL FOR THE PARTIES TO DISCUSS THIS
12   TO SEE IF MEDIATION MAY EVEN BE HELPFUL?  IF WE'RE SO FAR APART
13   ON THE DISCOVERY ISSUES, ON THE WAY TO PROCEED, THEN I DON'T
14   THINK A MAGISTRATE COULD ASSIST IT.
15           THE COURT:  I'M GOING TO REFER YOU TO MAGISTRATE
16   JUDGE CORELY.  I THINK SHE CAN ASSIST EVEN IN THOSE
17   DISCUSSIONS, SO I'M GOING TO MAKE THAT REFERRAL TODAY.
18           ALL RIGHT.  WHAT MORE CAN I DO FOR YOU TODAY?
19           MS. PIPKIN:  THAT'S IT AS FAR AS THE PLAINTIFF'S
20   CONCERNED, YOUR HONOR.
21           MR. FREEBORNE:  SAME FROM THE DEFENDANTS, YOUR HONOR.
22   THANK YOU VERY MUCH FOR YOUR TIME.
23           THE COURT:  ALL RIGHT. THANK YOU.  SEE YOU IN
24   NOVEMBER.
25           (PROCEEDINGS ADJOURNED.)
```

**CERTIFICATE OF REPORTER**

I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 06-545 WHA, IBRAHIM V. DEPARTMENT OF HOMELAND SECURITY, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

*jmcolumbini*

_____

JOAN MARIE COLUMBINI, CSR 5435, RPR

THURSDAY, JANUARY 31, 2013