February 5, 2013

The Honorable William Alsup
United States District Court – Northern District
Courtroom 8, Floor 19
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    <u>Ibrahim v. Department of Homeland Security, et al.</u>
            <u>Case No. C 06-00545 WHA</u>

Dear Judge Alsup:

Pursuant to the Court's Supplemental Order To Order Setting Initial Case Management Conference In Civil Cases Before Judge William Alsup ("Supplemental Order"), plaintiff Rahinah Ibrahim ("Ibrahim") writes to inform the Court that the parties have reached impasse in their meet and confer efforts regarding defendants' objections to Ibrahim's written discovery requests and Rule 30(b)(6) deposition notices, propounded on October 19, 2012. Ibrahim respectfully requests that the Court set a briefing schedule for Ibrahim's motion to compel further responses to her written discovery requests, motion to compel the Rule 30(b)(6) depositions, and any motion for protective order filed by the government as to the Rule 30(b)(6) depositions.

Ibrahim first propounded written discovery on the federal defendants on July 31, 2006. In 2009, after the first Ninth Circuit appeal, Ibrahim issued amended requests. On remand after the second Ninth Circuit appeal, Ibrahim again propounded amended requests, per the Court's October 11, 2012 Minute Order. Substantively, Ibrahim's second amended document requests and interrogatories sought the same information as her 2009 requests. Ibrahim also propounded four 30(b)(6) deposition notices, her first set of requests for admission (containing only one request), a second set of interrogatories (for a total of 20) and a second set of document requests (for a total of 45).

Ibrahim intends to move to compel further responses to certain requests from each set of written discovery described above. In addition, Ibrahim intends to seek an order compelling the government to designate a Rule 30(b)(6) deponent from four defendant agencies: the Federal Bureau of Investigation, the Terrorist Screening Center, the National Counterterrorism Center, and the Department of State. Defendants have indicated they intend to seek a protective order either limiting or prohibiting the Rule 30(b)(6) depositions.



The Honorable William Alsup
February 5, 2013
Page 2

As in the past, defendants responded to Ibrahim's discovery with numerous privilege objections.  <u>Other than a single entry in their privilege log for "No Fly and Selectee Lists," dated July 25, 2006, defendants did not produce or identify in a privilege log any responsive documents that could potentially relate to Ibrahim specifically</u>.  Defendants contend that "information used by Defendants in deciding whether to include Plaintiff's identity on any government watchlists and/or in the TSDB" is classified.  Ibrahim contends such information is relevant and necessary to adjudicate her constitutional claims.  Defendants' assertions of privilege are not credible in light of their long delay and this Court's repeated statements that the information sought in this case is stale and could not possibly implicate national security.

The parties met and conferred via telephone calls and in meet and confer letters dated January 8, 2013, February 1, 2013, and February 5, 2013, and by email on February 5, 2013.  The latter three communications are attached.

On January 8, 2013, Ibrahim propounded amended Rule 30(b)(6) deposition notices.  Ibrahim also sent two proposed protective orders – one regarding sensitive security information ("SSI") and another regarding non-SSI – for defendants' review.  Defendants have indicated they may have alternate proposed protective orders, but have not yet responded with anything specific.

Defendants provided an updated privilege log, but the updated log did not correct the failure to produce or identify any responsive documents relating to Ibrahim.  Defendants did not agree to withdraw any of their privilege objections or produce supplemental responses.  Defendants also sought a thirty-day extension of time respond to any discovery motion, ostensibly to allow time to assert executive privileges.

Ibrahim cannot afford to wait any longer for the government to respond meaningfully to discovery, or for the government to assert privileges.  The government has had the majority of Ibrahim's requests since 2009, and the relatively few new requests since October 2012.  This should have been ample time to assert any privileges the government wishes to assert.  Indeed, in its December 17, 2009 Order for Production of Items Despite the Assertion of Various Privileges, this Court held the government waived the state secrets privilege by failing to timely assert it. (*See* Docket No. 285, p. 23.)

Although this discovery order was vacated, the rationale behind this ruling still applies.  It is even more compelling after remand, since defendants literally have had years to invoke any purported privileges.  Ibrahim asks the Court to



The Honorable William Alsup
February 5, 2013
Page 3

adhere to its prior ruling.  At a minimum, Ibrahim asks that the Court set and enforce a reasonable deadline for the assertion of any purported privileges.

The fact discovery cutoff in this case is July 31, 2013.  Given defendants' position regarding allegedly privileged information, plaintiff anticipates that even if the Court orders supplemental responses to written discovery and compels the Rule 30(b)(6) depositions, follow up motions will be required as to specific deposition questions or topics, and any follow up discovery or depositions.  Therefore, a ruling on defendants' objections is necessary to complete discovery by the court-ordered discovery cutoff.

In addition, any experts may need to review discovery and deposition testimony regarding defendants' policies and procedures concerning the Terrorist Screening Database (TSDB), as well as any supposed basis for Ibrahim's placement in the TSDB.  Without that information, the experts would be hamstrung in preparing their reports by the July 31, 2013 deadline for disclosure of expert reports.  For this reason also, it is important to get a ruling on defendants' privilege objections as soon as possible.

To conclude, the parties have reached impasse concerning defendants' privilege objections.  To the extent not already overruled by this Court, the privilege objections advanced by the government raise complex issues that would benefit from further briefing.  Ibrahim therefore requests that the Court set a briefing schedule for her motion to compel further responses to written discovery requests, motion to compel the Rule 30(b)(6) depositions, and any motion for protective order to be filed by the government.  Ibrahim proposes that she will file her motions on or before Thursday, February 14, 2013.

Thank you.

Very truly yours,

McMANIS FAULKNER

*Christine F. Peek*

CHRISTINE PEEK
Counsel for Plaintiff Rahinah Ibrahim

Enclosures

cc:   Paul Freeborne, Esq.

McManis Faulkner

# ATTACHMENT 1



**U.S. Department of Justice**
Civil Division, Federal Programs Branch

*Via U.S. Mail:*  *Via Courier:*
P.O. Box 883  20 Massachusetts Ave. NW
Washington, DC 20044  Washington, DC 20001

| | | |
|---|---|---|
| Paul G. Freeborne | Telephone: | (202) 353-0543 |
| Senior Trial Counsel | Fax: | (202) 616-8460 |
| | Email: | paul.freeborne@usdoj.gov |

February 1, 2013

**VIA EMAIL**

Christine Peek
McManis Faulkner
50 W. San Fernando St., 10th Floor
San Jose, CA 95113
Email: cpeek@mcmanislaw.com

Re:  *Ibrahim v. DHS*, et al. (06-cv-545)

Dear Christine:

  This letter is to follow-up on Plaintiff's January 8, 2013 letter and our January 18, 2013 call and, specifically, our discussion regarding whether there are ways to streamline and narrow the discovery disputes between the parties, as required by L.R. 37-1 and the Court's request that counsel assist the Court in permitting this case to move forward to a resolution. *See* Dkt. No. 399 at 12:14.

  Defendants submit the following proposal regarding further proceedings in this case:

  Plaintiff's discovery seeks, among other things, Fed. R. Civ. P. 30(b)(6) testimony and documents regarding (1) Plaintiff's historical and current status, if any, on the No-Fly and Selectee lists and other so-called government watchlists, as well as the Terrorist Screening Database ("TSDB"); (2) information used by Defendants in deciding whether to include Plaintiff's identity on any government watchlists and/or in the TSDB, to the extent Plaintiff's identity is included on these watchlists or in that database; (3) watchlisting policies and procedures; and (4) documents that were reviewed by the Department of State regarding Plaintiff's visa.

  To the extent information exists, information in the first category and certain information in the third and fourth categories would be subject to the law enforcement privilege. To the extent information in the second category exists about Plaintiff, that information is classified, and should be protected in a manner consistent with Executive Order 13526 and through the assertion of any appropriate privileges. Certain documents in the second, third, and fourth category would, to the extent they exist, also be classified and should be protected in a similar fashion. Documents in the fourth category would also contain records that cannot be disclosed pursuant to 8 U.S.C. § 1202(f).

Your January 8, 2013 letter asks whether the Government is willing to disclose Plaintiff's status pursuant to an "attorneys' eyes only" protective order. Defendants are willing to disclose Plaintiff's current status if it will promote the efficient resolution of this case. At the same time, the government needs to be able to protect classified information.

We therefore propose the following: the parties would agree that classified information is not subject to disclosure in this case. The parties would then negotiate an "attorneys' eyes only" protective order for information relating to status. Assuming the parties can agree on an appropriate protective order and that order is entered by the Court, Defendants would then reveal Plaintiff's current status, if any, on the No-Fly and Selectee lists and in the TSDB. That disclosure would hopefully resolve this case. If it does not, at that juncture, Defendants would file a motion for summary judgment (under seal with the Court) based on the information provided to cleared counsel pursuant to a protective order. Plaintiff could file an opposition, also under seal. Defendants would then file a reply in support of the motion under seal.

If the case is resolved at the conclusion of summary judgment briefing, there will be no need for consideration of further discovery. If the case is not resolved at that stage, or if Plaintiff concludes that further discovery of unclassified material is appropriate, the parties would address any remaining discovery issues at that time.

Proceeding in the manner that we have suggested would provide Plaintiff with the status information that is at the heart of the current case, while still protecting the information that remains classified. It thus provides a reasonable mechanism for the case to proceed, clearing the way to brief (under seal) the threshold issues of standing and other dispositive matters of law, and potentially resolve this case without unnecessary disputes and without the further expenditure of unnecessary resources by the parties or the Court. At a minimum, Defendants' proposal for further proceedings would limit discovery and the privilege issues requiring the Court's resolution. Please let us know if Plaintiff is agreeable to this compromise.

Should Plaintiff not agree with the above approach, the Government would require sufficient time to assert and perfect any appropriate privileges. Accordingly, Defendants will request that the Court afford Defendants 30 days to respond to any discovery motion filed by Plaintiff, and that Defendants' obligation to produce a witness pursuant to a subpoena served by Plaintiff be stayed until the Court rules upon the parties' respective discovery motions.

We are available to discuss our proposal on Monday, and would request an opportunity to do so before you file your letter with the Court.

Sincerely,

*/s/ Paul G. Freeborne*
Paul G. Freeborne
Senior Trial Counsel
U.S. Department of Justice

cc: Elizabeth Pipkin (via email)

2

# ATTACHMENT 2

## Peek, Christine

**From:** Peek, Christine
**Sent:** Tuesday, February 05, 2013 12:12 PM
**To:** Freeborne, Paul (CIV); 'Theis, John K. (CIV)'; Farel, Lily (CIV)
**Cc:** Pipkin, Elizabeth; McManis, James; Schneider, Elena
**Subject:** Ibrahim v. DHS, et al. (discovery meet and confer)
**Attachments:** 2013-02-05 LTA Freeborne (meet and confer - resp. to 2-1-13 ltr).pdf

Dear Counsel,

I write in response to your questions yesterday. With regard to your request for an extension to respond to plaintiff's motion to compel, plaintiff cannot agree to further delays. Defendants are free to state their position to the Court, however, and the parties will obviously have to abide by any briefing and hearing schedule the Court sets.

With regard to your request to take the Rule 30(b)(6) depositions off calendar pending a ruling on defendants' privilege objections, we do not think this will advance the resolution of the discovery issues. We believe that the Court will order the depositions to take place; therefore we think the parties should continue to meet and confer on the dates. Otherwise, we risk further delay, even if the Court does order the depositions. Please advise whether your witnesses are available the week of April 1, 2013.

Attached please find our meet and confer letter of today's date. Our three-page letter to the Court will follow via ECF shortly.

Thank you.

Very Truly Yours,

**CHRISTINE PEEK**
**McMANIS FAULKNER**
Fairmont Plaza - 10th Floor
50 West San Fernando Street
San Jose, CA 95113
408.279.8700 Telephone
408.279.3244 Facsimile
www.mcmanislaw.com

## McManis Faulkner

This email contains confidential information that may be privileged. Unless you are the addressee named above, you may not copy, use, or distribute it. If you have received it in error, please contact the sender by reply email and delete all copies. Thank you.

1

February 5, 2013

**VIA U.S. MAIL AND ELECTRONIC MAIL**

Paul G. Freeborne, Esq.
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6108
Washington, D.C. 20001

Re:   *Ibrahim v. DHS, et al.*, Case No. C 06-0545 WHA

Dear Mr. Freeborne:

This letter responds to the government's letter dated February 1, 2013, regarding the parties' efforts to meet and confer on plaintiff's written discovery requests and Rule 30(b)(6) deposition notices.

We do not agree with the government's categorical descriptions of the documents sought by plaintiff. As discussed at length in previous pleadings and correspondence, we also find it unlikely that any of these documents would be classified, or if they ever were, that they were properly designated as such. As the Court stated in its December 20, 2012 Order Denying Motion To Dismiss And Motion To Stay Discovery ("December 20, 2012 Order"):

> No classified information is involved in this case. This deserves repetition — NO CLASSIFIED INFORMATION IS INVOLVED IN THIS CASE — even, the government acknowledges, in the secret submission it sought to make.

See December 20, 2012 Order, 11:26-28 (capitalization in original).

Even if some of the documents plaintiff seeks at one time were properly designated as classified – which is highly suspect given the Court's reaction above, and for other reasons – they are not properly designated now. And, as explained in Plaintiff's Response To The Court's Request For Briefing Memoranda Regarding Secret Evidence And Legal Argument, filed in this action on December 4, 2012, such designation is not a barrier to discovery in any event. As the Court has stated repeatedly, the information the government seeks to protect is stale and could not possibly implicate national security.



Telephone 408.279.8700   |   Facsimile 408.279.3244   |   mcmanislaw.com
Fairmont Plaza, 10th Floor, 50 W. San Fernando Street, San Jose, California 95113

Paul G. Freeborne, Esq.
February 5, 2013
Page 2

We also have discussed at length our disagreement with your assertions regarding 8 U.S.C. § 1202(f). It appears the parties are at impasse on the privilege issues. Therefore, pursuant to paragraph 25 of Judge Alsup's Supplemental Order To Order Setting Initial Case Management Conference In Civil Cases Before Judge William Alsup, plaintiff will submit a letter no longer than three pages to the Court requesting that defendants' objections be resolved by written motion.

With regard to the protective order for sensitive security information ("SSI"), plaintiff notes that the Court already ordered the government to provide responsive SSI pursuant to the protective order entered on January 13, 2010:

> This case does involve SSI, so-called 'sensitive security information.' But years ago herein, pursuant to a 2006 statute, plaintiff's counsel were cleared by the agencies involved to receive and review SSI. The government's persistent and stubborn refusal to follow the statute and continued objection to counsel receiving SSI is OVERRULED. All such SSI reasonably requested in discovery must be turned over to counsel for their review — but not for access by plaintiff herself. This must be done pursuant to the protective order already in place (Dkt. No. 312).

See December 20, 2012 Order, 11:28-12:6 (capitalization in original). The Court did not find it necessary to wait for an updated protective order. In addition, the proposed updated SSI protective order we sent to you last month was virtually identical to Docket No. 312, except that references to previously vacated discovery orders have been updated to reflect the current status of this case.

Please advise whether the government will agree to produce documents as ordered by the Court, and further, whether the government will agree to plaintiff's proposed updated SSI protective order going forward. Please also let us know the government's position on plaintiff's proposed non-SSI protective order. If the parties can at least agree on the terms of the protective orders, this will help narrow the issues before the Court.

Thank you.

Very truly yours,

McMANIS FAULKNER

*Christine E. Peek*

CHRISTINE PEEK
CP/eks

**McManis Faulkner**