IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>  Defendants.<br>                                                               / | No. C 06-00545 WHA<br><br>**ORDER REGARDING PRIVILEGE LOG AND BRIEFING SCHEDULE** |

Following review of the parties' discovery letter submissions, this dispute deserves a formal motion schedule, hearing, and record.

The government is **ORDERED** to produce a privilege log that lists, at a minimum, each responsive document for which privilege is claimed by bates number (or another unique identification number), date, author(s), recipient(s), and subject. If the documents are not yet numbered, they should be so that there will be a manageable way to refer to each item at issue. The government must then as to each document list the specific privilege(s) it asserts.

For some of the materials in question, the government states that such "information would be classified and should be protected in a manner consistent with Executive Order 13526" (Dkt. No. 406 at 2). The Court interprets this phrase to mean that these documents are **NOT** classified but that the government would like for them to be treated as such. The government is **ORDERED** to state on a document by document basis which documents listed in the privilege log are actually classified.

The government must serve the privilege log on plaintiff's attorneys by **FEBRUARY 19 AT NOON**. The government may serve the privilege log on an attorney's eyes only basis if it wishes. Allowing the government to do so, however, in no way holds or agrees that a mere privilege log could reveal any privileged information.

Once the privilege log has been served, plaintiff may file its motion to compel by **FEBRUARY 28 AT NOON**. The government's response thereto will be due on **MARCH 14 AT NOON**, and any reply by **MARCH 21 AT NOON**. The dispute will be heard on **APRIL 4 AT 8:00 A.M.** The government is **ORDERED** to bring to the hearing copies of all the documents still at issue because of the possibility that the Court will order an *in camera* review.

This order should not be interpreted as a stay of discovery pending resolution of the motion to compel. Accordingly, per the government's suggestion, the parties should promptly negotiate an interim protective order for the disclosure of plaintiff's current government watchlist status to plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: February 7, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2