IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINA IBRAHIM,

    Plaintiff,

  v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

No. C 06-00545 WHA

**ORDER REGARDING PRIVILEGE LOGS FOR NON-CLASSIFIED DOCUMENTS**

This order does not to pertain to any classified information. Issues regarding the withholding of classified information in discovery will be dealt with in a separate order. This order pertains only to Sensitive Security Information and Law Enforcement Sensitive information.

The government and the government's senior trial counsel in this matter, Paul G. Freeborne, are in violation of the Court's February 7 order (Dkt. No. 407). The February 7 order required the government to serve a privilege log on plaintiff's counsel by today at noon stating the specific privileges asserted by the government for withholding documents. That deadline has now passed.

As stated in the February 7 order, a privilege log itself does not reveal privileged information. The order also permitted the government to serve the privilege log on an attorney's eyes only basis if it wished. Nevertheless, the government has failed to produce a privilege log

United States District Court
For the Northern District of California

by the February 19 deadline because it would allegedly reveal SSI and law enforcement information (Dkt. No. 413). The government has also now taken the position that certain information must be covered by two separate and independent protective orders before being listed on a privilege log (*see* Dkt Nos. 413, 413-1).

From a review of the parties' submissions, it appears that the government is responsible for this unnecessary delay. Plaintiff's proposed SSI protective order (Dkt. No. 415-1) is nearly identical to the prior SSI protective order entered in this matter (Dkt. No. 312), and plaintiff's proposed non-SSI protective order is based on the Court's model order for highly confidential information. The government's proposed protective orders, however, diverge significantly from these models and attempt to re-open the door on disputes decided long ago.

Rule 26(b)(5) provides (emphasis added):

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged . . . the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the applicability of the privilege or protection.

Rule 26(b)(5) requires that assertions of privilege be justified. The justifications must moreover be sufficiently specific "to enable other parties to evaluate the applicability of the claimed privilege or protection." *Burlington Northern & Santa Fe Railway Co. v. U.S. District Court for the District of Montana*, 408 F.3d 1142, 1148 (9th Cir. 2005) (citing Rule 26(b)(5) advisory committee's note (1993 Amendments)). The purpose of the rule would be defeated if a party could stand on a blanket assertion that its privilege log is itself privileged. The use of a privilege log is a standard, commonplace method of satisfying Rule 26(b)(5) *without* revealing privileged or protected information.

Although the Court is willing to allow the government to produce SSI and law enforcement privilege logs under a protective order, there is no requirement that the Court do so, and the government has not cited any authority for the proposition that preparing a privilege log listing purported SSI and LES documents is not feasible. The government could have produced

to counsel the privilege log at issue without revealing *any* privileged information, and without *any* protective order

The government insists on a form of protective order that is unsatisfactory for plaintiff's counsel. This insistence has resulted in the government once again missing a deadline to produce materials in this long-pending action. The government is **ORDERED** to produce the privilege log to plaintiff's counsel on an attorney's eyes only basis, meaning only plaintiff's counsel may review the log, and under no circumstances may counsel reveal the contents of the privilege log to plaintiff or anyone else without a court order. This in and of itself constitutes an interim protective order until such time as counsel's differences over the specifics of the protective orders are resolved. In this context, the Court recalls that it worked hard in 2009 and 2010 for the entry of the prior protective order. It is disappointing that despite this hard work the government wishes to restart this process.

The government is **ORDERED** to produce the privilege log on the aforementioned basis by **NOON ON FEBRUARY 21**. With the understanding the plaintiff's counsel will receive the privilege log by that time, the current briefing schedule on plaintiff's motion to compel will remain in place. This holding is without prejudice, however, to plaintiff making a timely motion for a slight extension following receipt of the government's privilege log if it turns out to be voluminous.

Meanwhile, the government is **ORDERED** to submit its objections to plaintiff's proposed SSI and law enforcement protective orders (Dkt. No. 415-1, 415-2) by **FEBRUARY 26 AT NOON**; any responses from plaintiff will be due by **MARCH 5 AT NOON**. The submissions shall include redlines of any proposed changes along with justifications for the changes. Objections and suggested modifications should be supported by binding case authority or they likely will be rejected.

The government's objection to disclosing plaintiff's current watchlist status to plaintiff's counsel on the grounds that it requires protection under two protective orders is **OVERRULED**. With regard to that specific information, protection under this interim and the forthcoming SSI

protective orders will be sufficient. This ruling does not, however, relieve the government of its burden of justifying any assertions of law enforcement or other privileges.

The government's request that the Court reconsider its prior ruling that plaintiff will be allowed to hear privileged evidence presented against her at trial is **DENIED**. The Court will reject any blanket request to exclude the plaintiff from the courtroom. This issue will be addressed on an item-by-item basis at trial.

**IT IS SO ORDERED.**

Dated: February 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4