United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, et al.

Defendants.

No. C 06-00545 WHA

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL UNDER SEAL AND *EX PARTE***

## INTRODUCTION

In this civil rights action, plaintiff moves to compel certain documents the federal government deems classified. To the extent below, defendants are ordered to show cause as to why certain withheld documents should not be produced.

## ANALYSIS

While it is true "[t]he Supreme Court has recognized that courts must act in the interest of the country's national security to prevent disclosure of state secrets[,]" (Opp. at 20 (citing *United States v. Reynolds*, 345 U.S. 1 (1953)), the extension of the state secrets privilege is not a given, nor an absolute. Under *Reynolds*, analysis of a state secrets privilege claim has three steps:

> [First, a court must] "ascertain that the procedural requirements for invoking the state secrets privilege have been satisfied." Second, [it] must make an independent determination whether the information is privileged.... Finally, "the ultimate question to be resolved is how the matter should proceed in light of the successful privilege claim."

*Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1080 (9th Cir. 2010) (en banc) (quoting *Al-Haramain Islamic Foundation, Inc. v. Bush*, 507 F.3d 1190 (9th Cir. 2007)).

### 1. PROCEDURAL REQUIREMENTS FOR INVOKING THE PRIVILEGE HAVE BEEN SATISFIED.

"To ensure that the [state secrets] privilege is invoked no more often or extensively than necessary . . . '[t]here must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.'" *Jeppesen*, 614 F.3d at 1080 (quoting *Reynolds*, 345 U.S. at 7–8). The sworn declarations appended to defendants' opposition qualify as formal claims of the privilege from the heads of the respective departments, and they demonstrate that each actually and personally considered the matter. Therefore, defendants meet the procedural requirements for invoking the privilege here.

### 2. AN INDEPENDENT EXAMINATION REVEALED SOME DOCUMENTS THAT COULD BE PRODUCED.

Once the procedural requirements for invoking the privilege are met, courts proceed to independently determine whether the information is privileged. According to our court of appeals:

> The court must sustain a claim of privilege when it is satisfied, from all the circumstances of the case, that there is a *reasonable* danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged. *If* this standard is met, the evidence is absolutely privileged, irrespective of the plaintiffs' countervailing need for it. [E]ven the most compelling necessity cannot overcome the claim of privilege if the court is ultimately satisfied that [state] secrets are at stake.

*Jeppesen*, 614 F.3d at 1081 (internal quotations and citations omitted) (emphasis added).

After a careful review of the classified materials by the Court, this order concludes that a few documents could potentially be produced with little or no modifications to them. *First*, any correspondence directly from plaintiff to defendants (and vice versa) cannot be classified and should be produced without restriction (FBICLASS000311; FBICLASS000329–330). *Second*, some classified documents appear to contain mostly *unclassified* material, save one or two classified paragraphs. Specifically, defendants could produce several largely unclassified internal documents with little inconvenience (FBICLASS000417–447; FBICLASS000449–475;

2

FBICLASS000477–502; FBICLASS000503–509; FBICLASS000510–531; FBICLASS000532–558; FBICLASS000559–587). Whereas the existence or non-existence of certain items, techniques, or procedures can sometimes be classified in and of themselves, that does not appear to be the case for the aforementioned documents.

At least once, our court of appeals approved of a "case-by-case" approach for a court to impose various "reasonable measure[s] to mitigate the potential unfairness" of allowing the federal government to use classified information. *Al Haramain Islamic Foundation, Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965, 982–84 (9th Cir. 2011). These measures included having the government provide unclassified summaries of the classified materials or providing plaintiff's counsel with the necessary security clearance. *Ibid.* This order does not intend to go so far for the majority of the classified documents here (although counsel are cleared for sensitive material, they are not cleared to receive classified information). But, after review of all the classified material, this order independently determines that in addition to correspondence between the parties, the two internal training documents are eligible for production to plaintiff's counsel without implicating national security. Defendants are ordered to show cause as to why the documents should not be produced. Specifically, the document numbers covered by this order are:

- FBICLASS000311
- FBICLASS000329–330
- FBICLASS000417–447
- FBICLASS000449–475
- FBICLASS000477–502
- FBICLASS000503–509
- FBICLASS000510–531
- FBICLASS000532–558
- FBICLASS000559–587.

**3. THE "ULTIMATE QUESTION" WILL NOT BE REACHED UNTIL THE MOTION IS RESOLVED.**

This order does not reach the third and final step of the *Reynolds* test as the issue of whether the above listed documents should be produced is not yet settled.

## CONCLUSION

Defendants are ordered to show cause as to why the above mentioned documents should not be produced and as to why this order should not be made public by **12:00 P.M. (PST),**

1 **APRIL 7, 2013.** This order is not requesting further briefing on any other privileges that are or may be asserted over the aforementioned documents. The Court will decide on the other privileges based on the record currently available.

**IT IS SO ORDERED.**

Dated: April 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE