IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

No. C 06-00545 WHA

**ORDER GRANTING MOTION TO QUASH**

Defendants move to quash the May 24 depositions of the Attorney General and the Director of National Intelligence. The motion is **GRANTED**.

The instant discovery dispute involves both "sensitive security information" and "state secrets." It is unnecessary, however, to get into the details, so this order will remain at a high level and remain open to public view. This order pertains to state secrets. In brief, defendants invoked the state secrets privilege as a basis for withholding certain classified information from plaintiff and her counsel. Plaintiff moved to compel. A prior order granted the motion in part as to a few classified documents withheld by the government and otherwise denied the motion (Dkt. No. 464 (under seal)).

Plaintiff now seeks to depose Attorney General Eric H. Holder, Jr. and the Director of National Intelligence James R. Clapper — the two individuals who by law executed declarations asserting the state secrets privilege in this action. Plaintiff contends that these two individuals (Dkt. No. 480 at 1–3):

> have placed their personal knowledge directly at issue in this case by declaring their personal knowledge regarding the state secrets privilege under penalty of perjury.
>
> . . .
>
> After review of documents produced by defendants, plaintiff has reason to believe that the state secrets doctrine has been improperly invoked.
>
> . . .
>
> [Plaintiff] requests that she be allowed to question Mr. Holder and Mr. Clapper regarding the fundamental basis for their assertion of privilege, namely the following:
>
>> (1) Which documents they reviewed to make their determination;
>>
>> (2) With whom they spoke to make their determination;
>>
>> (3) Any and all steps they took to determine that the privilege was properly invoked;
>>
>> (4) The source of all information relied upon to assert the privilege;
>>
>> (5) Their factual knowledge, if any, supporting any assertion that Ms. Ibrahim is a threat to the United States.

Invocation of the state secrets privilege requires "a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." The responsibility for invoking the privilege cannot be delegated. *United States v. Reynolds*, 345 U.S. 1, 7–8 (1953).

The Attorney General and the Director of National Intelligence are very occupied with protecting national security and the proper administration of justice. The nation has a strong interest in shielding them from the burdens of sitting for deposition discovery. Invocation of the state secrets privilege should not result in high-ranking officials being required to sit for deposition absent extraordinary circumstances. This is consistent with the general rule that "heads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Plaintiff has not demonstrated extraordinary circumstances here. Moreover, defendants' invocation of the privilege has already withstood a

formal challenge. The Court reviewed the documents in question. The ones still being withheld were properly classified.

Although the first four deposition topics might alternatively be probed via interrogatories in lieu of deposition, plaintiff has not asked for these topics to be converted into interrogatories. More importantly, it is pointless to allow a probing on these questions. The information is classified. The Court has reviewed the documents still being withheld. It would make no difference, for example, to find out who the Director of National Intelligence consulted. His conclusion is sound enough and supported enough. Learning whom he consulted to reach his conclusions would be like asking a judge how he or she used a law clerk to reach a decision. These topics are pointless as a discovery matter.

As for the fifth topic, the Court reviewed the classified information over which defendants asserted the state secrets privilege and was persuaded that defendants' invocation of the privilege was justified. Once properly invoked, the privileged evidence is excluded from the case and the Court is barred from further comment on the factual basis of the privilege. *See Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1077 (9th Cir. 2010) (en banc).

The Court recognizes that this result frustrates the ability of plaintiff and plaintiff's counsel to learn the basis for the government's actions. But that is inherent in the nature of classified information. The Court has performed an independent review of the factual information supporting the privilege and does not have the discretion to go further. Such relief must come from our court of appeals or from the Supreme Court.

The May 24 depositions of Attorney General Eric H. Holder, Jr. and the Director of National Intelligence James R. Clapper are hereby **QUASHED**.

**IT IS SO ORDERED.**

Dated: May 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3