IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | No. C 06-00545 WHA<br><br>**ORDER ON THREE DISCOVERY MOTIONS (DKT. NOS. 517–18, 521)** |

An August 23 omnibus order ruled on seven of ten discovery motions recently filed by plaintiff. The omnibus order also ordered the government to respond to the remaining three motions. Following review of the responsive submissions, this order now rules on the remaining three discovery motions (Dkt. Nos. 517–18, 521). In brief, the requested discovery relief is **DENIED**.

This order has been composed so as to permit public filing and access.

1. **PLAINTIFF'S FIRST DISCOVERY MOTION OF AUGUST 6 (DKT. NO. 517).**

Plaintiff's first discovery motion of August 6 takes issue with the government's law enforcement privilege and state secrets privilege objections during the FBI's and the TSC's Rule 30(b)(6) deposition (which used one deponent for both depositions). The motion is, in form and in substance, nearly identical to plaintiff's prior motions seeking to compel further deposition testimony which were ruled on by the August 23 omnibus order (Dkt. Nos. 491–492, 532 at 8–9). The same analysis is applicable here and the motion to compel is accordingly **DENIED**.

Regarding the law enforcement privilege, an April 19 order upheld the government's assertion of the law enforcement privilege as to post-2009 terrorist watchlist procedures. The August 23 omnibus order held that the government's instructions (in other depositions) that its witnesses not answer questions on this topic were "clearly proper" (Dkt. No. 532 at 8–9). Here, the privilege issue with the FBI/TSC deponent is the same and plaintiff provides no basis to disturb the April 19 rulings on the law enforcement privilege. Plaintiff's motion to compel further deposition testimony on this topic is **DENIED**.

Similarly, plaintiff's counsel apparently devoted substantial time during the deposition to probing whether plaintiff has ever been the subject of a counterterrorism investigation, and if so, how that investigation was conducted. As stated in the August 23 omnibus order, these topics fall within the scope of the government's assertion of the state secrets privilege. They are therefore beyond the scope of this action. Plaintiff's motion to compel further deposition testimony on this issue is **DENIED**.

2. **PLAINTIFF'S SECOND DISCOVERY MOTION OF AUGUST 6 (DKT. NO. 518).**

Plaintiff's second August 6 discovery motion raises two issues.

*First*, plaintiff objects that the government has not "fully responded" to four special interrogatories seeking information regarding plaintiff's watchlist status, facts supporting the inclusion of her name on any government watchlist, and the reasons her visa was revoked. The government contends that it has responded to the extent possible and that any withheld information is subject to the state secrets privilege. Plaintiff, in turn, expressly requests that the "Court overrule the assertion of the state secrets privilege with respect to this relevant information." This order declines to do so. The April 19 order concluded that the government properly invoked the state secrets privilege as to certain information within these topics. There is no basis in the present record for reconsideration of that order. The request to overturn this application of the state secrets privilege is **DENIED**.

*Second*, plaintiff argues that the government has not "fully answered" five other interrogatories regarding government terrorist databases. The parties specifically dispute the effect of plaintiff's definition of the term "NO-FLY LIST" to include "any and all government

2

watch lists." The government objected to the interrogatories based on overbreadth and then answered the interrogatories using a more limited definition of the term (selected by the government). Plaintiff requests that the government be compelled to answer the interrogatories using the original definition.

Plaintiff's definition was indeed overbroad. Plaintiff's counsel admits she intentionally used an overbroad definition when drafting the interrogatories because, at the time, plaintiff lacked information regarding which watchlists her name was on (if any). This order appreciates counsel's candor, but plaintiff will not get a second shot. Plaintiff and her counsel took a gamble on an overbroad definition; they likewise assumed the risk of a meritorious objection. Moreover, as the government points out, revising the definition to include specific watchlists so that plaintiff can probe whether and how she was investigated would intrude on the government's assertion of the state secrets privilege. The motion to compel further interrogatory responses is **DENIED**.

**2. PLAINTIFF'S DISCOVERY MOTION OF AUGUST 7 (DKT. NO. 521).**

Plaintiff's August 7 discovery motion raises several issues which will be addressed in turn.

*First*, plaintiff seeks discovery into recently-publicized government surveillance programs because plaintiff believes that she and her counsel "may have been investigated by the government through interception of her communications." For the reasons stated in the August 23 omnibus order (Dkt. No. 532 at 4–7, 11–12), this duplicative request is **DENIED**.

*Second*, plaintiff contends on numerous grounds that the government has improperly objected to thirty-two of plaintiff's requests for production. Plaintiff's objection that the government has not confirmed whether all documents have been logged or produced is **DENIED AS MOOT** in light of the August 23 omnibus order. Plaintiff has not presented a basis for reconsideration of the orders in this action upholding the government's assertions of privilege. Accordingly, plaintiff's multiple requests that the "Court overrule the government's privilege assertions" are **DENIED**. The Court is also satisfied based on its own review of the classified documents withheld by the government that — in this action — meaningful summaries of the

1 classified documents could not be prepared without revealing classified information.
2 Accordingly, plaintiff's requests for summaries of documents withheld under the state secrets
3 privilege and a hearing to challenge the assertion of the state secrets privilege are **DENIED**.

4   *Third*, plaintiff objects that the government has not fully answered three special
5 interrogatories asking the government to identify any individual who nominated plaintiff for
6 inclusion in a government database. The government objects that it has answered in part and
7 that any withheld information is classified. Because further responses would reveal whether
8 plaintiff was the subject of a counterterrorism investigation, and if so, how she was investigated,
9 this information is within the scope of the state secrets privilege. Plaintiff's objections are
10 **OVERRULED**.

**CONCLUSION**

All requests for relief in plaintiff's three discovery motions (Dkt. Nos. 517–518, 521) are **DENIED**.

**IT IS SO ORDERED.**

Dated: September 11, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4