IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

    Plaintiff,

  v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

    Defendants.

No. C 06-00545 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions *in limine*:

    1.    This case shall go to a **BENCH TRIAL** on **DECEMBER 2**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

    2.    For the reasons stated at the November 15 pretrial conference, this order rules as follows on the motions *in limine* submitted by plaintiff and defendants:

- **Plaintiff's MIL #1**: This motion raises two issues. *First*, the motion to exclude defendants from relying on evidence submitted *ex parte* under the state secrets doctrine for the merits of this action is **DENIED**. Defendants' have made

representations in the record no less than three times that it does not intend to rely on any of the evidence submitted *ex parte* for which there has been a state secrets privilege assertion for the merits of this action. Additionally, defendants have waited until mere weeks before trial (after this action has been pending since 2006) to raise for the first time an argument that information submitted *ex parte* may be relied upon to dismiss the case. Defendants' state secrets privilege arguments (if any) may be entertained on a case by case basis when appropriate during trial.

*Second*, this order construes plaintiff's suggestion that the undersigned judge consider recusal as a motion. As stated at the pretrial conference, the Court (and the undersigned judge in its experience on the bench) reviews materials *ex parte* and *in camera* for discovery purposes from time to time. This review is routinely completed without recusal. Here too recusal is not warranted. The undersigned judge is able to compartmentalize its review of the documents submitted *ex parte* for discovery purposes and subsequently excluded in this action. Accordingly, this motion is **DENIED**.

- **Plaintiff's MIL #2**: Plaintiff is permitted to depose John Bondanella and Lee Korman each for one day where the witnesses reside before trial. This motion is otherwise **DENIED**.

- **Defendants' MIL #1**: The motion to exclude the testimony of Professors Kahn and Sinnar is **DENIED**, subject to the guidance as stated at the pretrial conference. Professor Sinnar shall not testify anecdotally regarding her experiences as a civil rights attorney. Such testimony is cloaked in privilege, of minimal probative value, and may contain inadmissible hearsay.

- **Defendants' MIL #2**: The motion to exclude Eric Holder and James Clapper is **GRANTED**. The remainder of the motion is **DENIED WITHOUT PREJUDICE**.

2

- **Defendants' MIL #3**: The motion to exclude categories of plaintiff's proffered exhibits is **DENIED WITHOUT PREJUDICE**. The undersigned judge will consider timely raised objections in due course.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order (Dkt. No. 601) less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

5. As agreed, each side shall have **TEN HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted. As agreed, each side shall have **45 MINUTES** for opening statements. The time allotted for closings shall be decided after the evidence is heard.

6. During adverse examination of a witness, the side proffering the witness shall not communicate with said witness, except for resolving privilege issues.

7. Each side shall come prepared with relevant discovery correspondence related to discovery disputes raised during trial.

8. The parties should limit themselves to one or two three-ring exhibit binders for use by the undersigned judge as explained at the pretrial conference. Exhibits should be clearly marked with privilege objections where appropriate.

9. The trial will proceed in an open courtroom accessible to the public to the maximum extent possible. The undersigned judge will entertain timely raised appropriate privilege objections on a case by case basis.

10. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**IT IS SO ORDERED.**

Dated: November 15, 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE