STUART F. DELERY
Assistant Attorney General

MELINDA L. HAAG
United States Attorney

DIANE KELLEHER
Assistant Branch Director

PAUL G. FREEBORNE
Senior Trial Counsel
KAREN S. BLOOM
LILY S. FAREL
JOHN K. THEIS
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 3:06-cv-0545 (WHA)<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S QUESTION REGARDING SENSITIVE SECURITY INFORMATION** |

During the trial on December 5, 2013, the Court requested that Defendants provide additional briefing regarding three questions:

**(1) Why Plaintiff's current status with respect to the No Fly and Selectee Lists is Sensitive Security Information (SSI) and therefore cannot be disclosed to Plaintiff herself and the public at large;**

**(2) Why TSA is able to designate as SSI Plaintiff's current status with respect to both lists even though the Terrorist Screening Center (TSC), part of Federal Bureau of Investigation (FBI), determines which individuals should be on the No Fly and Selectee Lists; and**

**(3) Why Plaintiff cannot be cleared under Section 525(d) to access SSI in this case, including her current status.**

I.  **Plaintiff's current status with respect to the No Fly and Selectee Lists has been designated as SSI in TSA's regulations.**

The Court asked Defendants to provide the statutory and regulatory basis for designating as SSI a person's status with respect to the No Fly List and Selectee List.

Congress directed the Administrator of the Transportation Security Administration (TSA) to prescribe regulations prohibiting the public disclosure of "information obtained or developed in carrying out" transportation security activities if such disclosure "would be detrimental to the security of transportation." 49 U.S.C. § 114(r)(1)(C). This information is known as Sensitive Security Information (SSI). 49 C.F.R. § 1520.5(a)(3); *see* 49 C.F.R. § 1520.9(a)(2) (providing that SSI can be disclosed "only to covered parties with a need to know"). The regulations list 15 categories of information that TSA has generally determined to be SSI. 49 C.F.R. § 1520.5(b)(1) – (15).

Among this information is "[i]nformation and sources of information used by a passenger or property screening program or system, including an automated system." 49 C.F.R. § 1520.5(b)(9)(ii). When TSA revised its regulations in 2004, it expressly determined that a person's status with respect to the No Fly and Selectee Lists (*i.e.,* on or off) is this type of information, which means that it is SSI and cannot be disclosed to the public. *See* 69 Fed. Reg.

28066-1 (2004) ("This is intended to cover . . . lists of individuals identified as threats to transportation or national security.")  Indeed, in this case, TSA has already issued a Final Order that information relating to Plaintiff's status on or off the No Fly or Selectee lists is SSI.  *See* Dkt 644-4 (Final Order of TSA).

TSA made this determination because a person's status with respect to either list is information that is "used" by TSA's passenger screening programs and systems.  Two examples help illustrate the point.  First, a person's status with respect to the Selectee List is used to determine how to screen him if he presents himself at an airport security checkpoint.  The standard operating procedure governing how TSA's officers screen passengers at checkpoints is demonstrably a "screening program" within the meaning of 49 C.F.R. § 1520.5(b)(9)(ii).  This standard operating procedure contains instructions for how officers should conduct screening when a person who is on the Selectee List presents himself at the checkpoint. To follow those instructions, the officers need to know that the person is on the Selectee List.  Thus – quoting the regulation – the passenger "screening program" at checkpoints necessarily "use[s]" a person's current status vis-à-vis the Selectee List to decide how to screen that person.

A second example is how TSA's Secure Flight program, an "automated system" within the meaning of 49 C.F.R. § 1520.5(b)(9)(ii), "use[s]" a person's current status with respect to the No-Fly List.  Secure Flight matches airline passenger data against the No-Fly List and then automatically and electronically transmits a boarding pass printing result (*i.e.*, print or do not print) to airlines.  In order to provide the correct result, Secure Flight must determine whether a passenger is or is not on the No-Fly List.  Thus, a person's No-Fly List status is a fact that is used by an automated screening system.

TSA's determination that a person's current status with respect to the No Fly and Selectee Lists is SSI is entitled to deference from the judiciary.[1]  *See MacLean v. Dep't of*

---

[1] Importantly, the courts that do have jurisdiction to review TSA's determination that information is SSI – the courts of appeals – afford a great deal of deference to the agency. Congress has required this deference; 49 U.S.C. § 46110(c) provides that TSA's findings of fact are conclusive if supported by substantial evidence and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), provides that any nonfactual aspects of TSA's determination must be

*Homeland Sec.*, 543 F.3d 1145, 1150 (9th Cir. 2008) ("[W]e must also accord deference to an agency's interpretation of its own regulations." (citing *Alhambra Hosp. v. Thompson*, 259 F.3d 1071, 1074 (9th Cir. 2001)); *Suburban Air Freight v. Transp. Sec. Admin.*, 716 F.3d 679, 681 (D.C. Cir. 2013) ("'We must give substantial deference to [the] agency's interpretation of its own regulations.'") (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994))). Several courts have expressly recognized that a person's current status with respect to the lists is SSI that cannot be disclosed to the public. *See, e.g., Blitz v. Napolitano*, 700 F.3d 733, 737 n. 5 (4th Cir. 2012) ("The pertinent regulations deem the following to be sensitive security information that may not be publicly released: . . . the identities of individuals on no-fly and selectee lists[.]" (citing 49 C.F.R. § 1520.5(b))); *Scherfen v. U.S. Dep't of Homeland Sec.*, No. 3:CV–08–1554, 2010 WL 456784, at *8 n.5 (M.D. Pa. Feb. 2, 2010) (unreported decision) ("Because the TSDB status of Plaintiffs can neither be confirmed nor denied, this Court cannot discuss in this [publicly available] opinion the contents of [documents revealing the plaintiff's status with respect to the TSDB and No-Fly and Selectee Lists] submitted for in camera review."). Finally, even if Plaintiff disagrees with TSA's determination that a person's current status with respect to the lists is covered by § 1520.5(b)(9)(ii) – or is SSI at all – the Court lacks jurisdiction to review and overturn the determination, as explained below.

**II.     This Court lacks jurisdiction to decide whether information is or is not SSI.**

Only certain government agencies, including TSA, may determine whether information is SSI. TSA's determination is reviewable by the judiciary, but Congress has expressly specified that the review must occur in a court of appeals. 49 U.S.C. § 46110(a). District courts simply cannot review TSA's determination that certain information is SSI, even if they disagree with TSA's determination; believe that TSA has insufficiently explained the rationale for its determination; or do not believe that TSA properly interpreted its regulations in making its determination. *See Chowdhury v. Nw. Airlines Corp.*, 226 F.R.D. 608, 614 (N.D. Cal. 2004) ("Congress has expressly provided that an appeal from an order of the TSA pursuant to [49

---

affirmed unless they are arbitrary and capricious. *See MacLean v. Dep't of Homeland Sec.*, 543 F.3d 1145, 1149-50 (9th Cir. 2008); *Robinson v. Napolitano*, 689 F.3d 888, 892 (8th Cir. 2012).

U.S.C. § 114(r)] (non-disclosure of certain information) lies exclusively with the Court of Appeals." (citing 49 U.S.C. § 46110)); *Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 928 F. Supp. 2d 139, 146-47 (D.D.C. 2013) ("[D]istrict courts may not review TSA orders that designate material as sensitive security information."). Accordingly, district courts cannot determine that information is not SSI, and they cannot order that information that TSA has designated as SSI can be presented to the public during a court proceeding. Indeed, no district court has ever done so.

Here, there has been no order from a court of appeals regarding the information in this case that TSA has designated as SSI. Plaintiff did not even seek such an order despite an express invitation from this Court to do so. Accordingly, TSA's determination that Plaintiff's current status with respect to the No Fly and Selectee Lists is SSI that cannot be disclosed to the public governs this trial.

### III.   TSA may designate information as SSI regardless of its origin.

Nothing in the SSI statute, 49 U.S.C. § 114(r), or any other statute limits TSA's authority to designate as SSI only information that "originated" within TSA. TSA may designate any non-public information, regardless of provenance, as SSI if TSA determines that disclosure of that information would be detrimental to transportation security. A limitation on TSA's authority to designate information as SSI based on the information's origin would be impracticable and contrary to congressional intent, which was to ensure transportation and national security.

For example, TSA has designated as SSI airlines' flight attendant manuals, which are written by the airlines. TSA has designated these manuals are SSI because they contain information such as protocols for communication between the flight deck and cabin crew using audio signals. Public disclosure of these would reveal the instructions a flight crew was receiving, which would be helpful for planning and carrying out an attack. It is clear that TSA needs full authority to protect this kind of information from public disclosure in order to protect transportation security.

With regard to the No Fly and Selectee Lists, the TSC makes a determination as to whether or not an individual meets the criteria of each list and exports that individual's identity to the

appropriate list. Thus the TSC can be viewed as the "origin" of the fact of a person's status. But in order for those lists to have any effect, they must be shared with TSA. TSA then uses the lists for its passenger screening programs and systems. It is appropriate, and consistent with TSA's regulations, for TSA to determine that the lists and their contents are SSI.

### IV. Plaintiff herself has not been appropriately vetted and cleared to access SSI in connection with this case.

As a final matter, the Court has asked Defendants whether Plaintiff's current status with respect to the No Fly and Selectee Lists can be provided to Plaintiff herself even if it cannot be disclosed to the general public. The answer to this question is no. For the reasons explained above, TSA has properly determined that Plaintiff's current status is SSI. SSI can only be disclosed to covered persons with a need to know. 49 C.F.R. § 1520.9(a)(2). Plaintiff, like any other member of the public, is not a covered person with a need to know.

Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Pub. L. No. 109-295, § 525, 120 Stat. 1355, 1381-82 (Oct. 4, 2006), provides that a party *or* a party's counsel in civil litigation in district court may access SSI subject to the terms of a protective order upon demonstrating a substantial need and completing a criminal and terrorist threat background check. It is clear from the statute's specification that access may be available to a "party *or* party's counsel" that Congress contemplated that *both* a party *and* his counsel do not ordinarily have a bona fide need to know SSI at issue in litigation. 120 Stat. at 1382 (emphasis added).

In this case, Plaintiff has never sought to undergo the required background check, and she has never attempted to demonstrate that she has a substantial need to know her current status with respect to the No Fly and Selectee Lists. Status with respect to the No Fly and Selectee Lists is SSI and is not disclosed to any member of the public. Plaintiff should not be entitled to know her status while every other member of the public cannot know his simply because she has filed a lawsuit.

Because Plaintiff has not sought to complete the required background check, and because she has not attempted to demonstrate that she has a substantial need to know her current status, the Court should not order the disclosure of that information to Plaintiff under Section 525(d).[2]

## V.     Conclusion

Plaintiff's current status with respect to the No Fly and Selectee Lists is protected from disclosure by clear statutory and regulatory provisions stating that SSI cannot be disclosed to anyone other than covered persons with a bona fide need to know.  Because Plaintiff's current status vis-à-vis the No Fly and Selectee Lists is SSI, and neither Plaintiff nor the general public are covered persons, Defendants request that the Court continue to close the courtroom during any portion of the trial in which Plaintiff's current status will be discussed.

December 5, 2013                                        Respectfully submitted,

                                                        STUART F. DELERY
                                                        Assistant Attorney General

                                                        MELINDA L. HAAG
                                                        United States Attorney

                                                        DIANE KELLEHER
                                                        Assistant Branch Director

                                                        /s/ *Paul G. Freeborne*
                                                        PAUL G. FREEBORNE
                                                        Senior Trial Counsel
                                                        KAREN S. BLOOM
                                                        LILY S. FAREL
                                                        JOHN K. THEIS
                                                        Trail Attorneys
                                                        United States Department of Justice
                                                        Civil Division

                                                        *Attorneys for the Defendants*

---

[2] Section 525(d) provides that any "order granting access to SSI under this section shall be immediately appealable to the United States Courts of Appeals[.]"  120 Stat. at 1382.

*Ibrahim v. DHS, et al.*, 3:06-cv-00545 (WHA)
**DEFENDANTS' RESPONSE TO THE COURT'S QUESTION REGARDING SENSITIVE SECURITY INFORMATION**
7