STUART F. DELERY
Assistant Attorney General

MELINDA L. HAAG
United States Attorney

DIANE KELLEHER
Assistant Branch Director

PAUL G. FREEBORNE
Senior Trial Counsel
KAREN S. BLOOM
LILY S. FAREL
JOHN K. THEIS
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM, | No. 3:06-cv-0545 (WHA) |
| Plaintiff, | **DECLARATION OF MAUREEN DUGAN, CUSTOMS AND BORDER PROTECTION, IN SUPPORT OF LAW ENFORCEMENT PRIVILEGE ASSERTION** |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

## DECLARATION OF MAUREEN DUGAN

1. I am the Deputy Executive Director, Office of Field Operations, National Targeting Center (NTC"). I have held this position since June 2011; prior to that, I was the Assistant Executive Director for Admissibility and Passenger Programs from 2007 to 2011. I have been employed by U.S. Customs and Border Protection ("CBP") and its predecessor, the Immigration and Naturalization Service since 1991. I make this declaration on the basis of personal knowledge and knowledge acquired by me in the course of my official duties.

2. I make this declaration in support of a claim of law enforcement privilege over the information contained in my earlier declaration, provided to the Court and to Plaintiff's counsel on December 4, 2013.

3. I am appearing in Court in this matter on December 5, 2013. I am expected to testify regarding the travel of Ms. Mustafa Kamal, Plaintiff's daughter, on Dec 1-2, 2013.

4. Customs and Border Protection established the NTC as a twenty four hour, seven days a week, operation to provide advance targeting, research, and coordination among numerous law enforcement and intelligence agencies. The NTC provides this support in both the passenger and cargo environments.

5. In order to provide the information requested by the Court, my testimony will likely explore present day processes and procedures followed by the National Targeting Center–Passenger ("NTC-P") in vetting flights before they depart a foreign place for the United States.

6. Such testimony will likely encompass factors and methods CBP uses to determine whether an individual may pose a variety of risks or concerns to the U.S., including but not limited to national security concerns and inadmissibility issues related to terrorism, as well as smuggling, human trafficking and other serious concerns.

7. While these factors may not be present in this specific case, the procedures NTC-P follows in a variety of circumstances could be revealed in my testimony. For example,

my testimony will likely include details regarding the specific information that CBP reviews during its vetting, the databases that CBP views when making vetting decisions, the inter-agency coordination which may be necessary to address certain vetting concerns, and foreign partnerships (including with carriers and governments) that CBP utilizes.

8. Much of this information is not publicly available, and to the extent it is, the explanations are general in nature (unlike what would be called for to address this specific case) and exposing it in a public setting would provide potential wrongdoers with a clear view of the current vetting criteria and processes, thereby allowing them to alter their behavior to circumvent the protections currently in place in an effort to violate U.S. law.

9. I have made the determination that the disclosure of this information to the public would have a serious detrimental effect on CBP's ability to fulfill its responsibilities, including its national security mission.

10. As a result, my testimony should be presented in closed session, in order to prevent the public disclosure of this sensitive information.

DATED: December 5, 2013      /s/ *MDugan*

MAUREEN DUGAN

*Ibrahim v. DHS, et al.*, 3:06-cv-00545 (WHA)
DECLARATION OF JULIE KOLLER, CUSTOMS AND BORDER PROTECTION, IN SUPPORT OF LAW ENFORCEMENT PRIVILEGE ASSERTION

3