United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

    Plaintiff,

  v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

No. C 06-00545 WHA

**ORDER REGARDING FORMAT OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER BENCH TRIAL**

    By **NOON,** on **DECEMBER 13, 2013**, both sides shall file and serve by same-day delivery proposed findings of fact, each identified by number. Each proposed finding should be concise and limited to one or two or (at most) three lines of text (exclusive of any block quotes from trial exhibits) followed by exact trial record cites fully supporting the proposed finding. The proposals should be at a level of specificity/generality so as to fit within the page limit set forth below. As a rule of thumb, less controverted subjects may be captured in more generalized proposed findings; more controversial subjects, however, usually require greater specificity and more proposed findings. Block quotes and record cites may be single-spaced (and indented) but otherwise the proposals should be double-spaced. Example:

    1.    When defendant went through the intersection of Hayes and Gough, the light was red in his direction.

> Jones at RT 97:1–3
> Young at RT 15:11–12

The same submission should also set forth each proposed conclusion of law. Each proposed conclusion of law must briefly identify the proposed findings of fact supporting the conclusion *and* the legal authority therefor (quoting the key language of said authority). The overall length of the submission must be 25 pages or less.

By **NOON**, on **DECEMBER 20, 2013**, the opposing side must file and serve by same-day delivery a response. The response must state, separately as to each proposed finding, whether the responding party agrees with the proposed finding and if not in full agreement, then the full extent to which, considering the duty of good faith and candor, the responding party admits the proposed finding. To the extent that the responding side objects in any respect to the proposed finding, it must state (i) the extent to which the opposition is based on a failure of the record cites to support the proposal (explaining why they do not support it) and (ii) the extent to which the objection is based on contrary evidence (citing the contrary evidence) or lack of credibility (citing relevant evidence). Example:

> 1. Agree that the light was red but the light had just changed a split second before.
>
> Mack RT 42:17–18

The submission shall similarly state the extent to which the responding party agrees with each conclusion of law proposed by the other side. If there is any disagreement, the responding side must state (i) the extent to which the disagreement is based on a failure of the supporting findings, (ii) the extent to which the disagreement is based on a failure of the cited authorities to support the conclusion, and (iii) the extent to which contrary authorities contradict the legal basis for the proposed conclusion.

2

The responding submission should reproduce each original finding or conclusion and then, immediately after each, supply the responsive information. It may not exceed twice the overall number of pages used by the submission to which it responds.

Any proposal or response that relies on SSI or any evidence for which privilege was actually sustained on the record as to that evidence must be redacted in the public record but a full and unredacted version must be filed under seal.

With respect to the government's contention that it cannot defend itself without revealing classified information, the government must, as to each item, set forth its classified evidence (only) in a separate document up to 25 pages to be submitted *ex parte* and under seal, using the same format and timetable as above. The government must submit one such document with its opening and another separate such document with its defense to plaintiff's proposals, and with respect to the latter, shall key and organize the classified evidence so as to rebut each particular proposal by plaintiff. The showing must demonstrate that the evidence would have been admissible under the rules of evidence — mere hearsay memoranda without witness declarations may or may not suffice, depending on the case. And, it must not rely on classified information that was requested by plaintiff but not submitted earlier for *in camera* review.

**IT IS SO ORDERED.**

Dated: December 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE