JAMES McMANIS (40958)
CHRISTINE PEEK (234573)
ELIZABETH PIPKIN (243611)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:     (408) 279-8700
Facsimile:     (408) 279-3244
Email:         cpeek@mcmanislaw.com
               epipkin@mcmanislaw.com

Attorneys for Plaintiff,
Rahinah Ibrahim

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RAHINAH IBRAHIM, an individual,<br><br>Plaintiff<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants, | Case No.:  C 06-0545 WHA<br><br>**PLAINTIFF'S BRIEF RE: DEFENDANTS' RESPONSE TO THE COURT'S QUESTION REGARDING SENSITIVE SECURITY INFORMATION**<br><br>Trial:     December 2, 2013<br>Time:     7:30 a.m.<br>Ctrm.:    8, 19th Floor<br>Judge:    The Honorable William H. Alsup<br><br>Complaint Filed: January 27, 2006 |

## **INTRODUCTION**

At the trial on December 5, 2013, the Court asked the government two specific questions as follows:

> THE COURT: All right. So here -- I'm not ruling on this right now and, please, do not take any of this as a ruling, but I would like to give you some questions that when you do your response, for you to reply on this. And if the government wants to give more briefing on this, it can, but it ought to do it right away, because you've already had your shot at briefing. And if you didn't cover it adequately, I don't know. Maybe you made a deliberate choice not to. But I'll let you

1

supplement, but you've got to do it very quickly. The terrorist data -- what's that thing called again?

MS. FAREL: TSDB, your Honor.

THE COURT: T-S-D-B.

MS. FAREL: Or the watchlist.

THE COURT: All right. It is not -- it is not in the TSA. It is in the FBI. Okay. So the regulations on SSI have nothing to do with it. End of story. Now, I'm not -- this is a tentative thought, not a final ruling. This is me trying to think out loud and get the lawyers to actually help me, instead of giving me blather and platitudes. I want to get -- so what, then, would be the statutory basis for keeping secret the way she has been categorized in the TSDB, which resides in the FBI and not in the Department of Transportation?  That's one issue. All right. Next issue: Even if it is deemed to be SSI -- or, strike that. That somehow the TSA has something to do with it, I've looked at the definitions of what is SSI, and status is not one of the things called out. Screening procedures, yes, that's called out; but status of any individual person is not called out. So you result to the penumbras. You have a penumbra theory, that somewhere in those fifteen items it can be found. It's not in there. If you want to try to -- you say nine, one and two. It's not in there.

Trial Trans., Dec. 5, 2013, 505:14-506:22.

The Court then stated: "I don't want there to just be this general blather. I want there to be specifically tracing through the source. It's FBI information to begin with. I don't see how FBI can get -- when it has terrorist information, how it can say, "Oh, well, this must be TSA covered by the SSI."  Trial Trans., Vol. 4, Dec. 5, 2013, 508:7-12.

The government's response to this question evades the Courts question.  Unable to cite legal authority to support its position, the government must concede that the FBI's information in the TSDB is non-SSI.

**I.   The TSDB Is Not SSI.**

Defendants' argument that TSA has carte blanche to stamp anything they wish as SSI is unfounded.  The SSI statute omits any mention of FBI information or information from any other agency.  The statute provides as follows:

Notwithstanding section 552 of title 5, the Under Secretary shall prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security under authority of the Aviation and Transportation Security Act (Public Law 107-71) or under chapter 449 of this title if the Under Secretary decides  . . . .--

2

49 U.S.C. § 114.

The witnesses in this matter have testified that the TSDB is compiled and run by the Terrorist Screening Center, which is part of the FBI. The record lacks any evidence and the government cites no authority that the TSDB is authorized by the Aviation and Transportation Security Act (Public Law 107-71) or Chapter 449 of Title 49, as required for any SSI designations. To the contrary, Ms. Lubman testified that the Terrorist Screening Center that houses the TSDB was created by a Memorandum of Understanding between the heads of various executive agencies:

> THE COURT: And what statute, if any, created the TSC?
>
> THE WITNESS: The memorandum of understanding that we've talked about earlier on the integration -- it was a 2003 MOU that followed HSPD-6 that established the Terrorist Screening Center. And that was signed by the director of the CIA, the Attorney General, and the Secretary of Homeland Security and the State.

Trial Trans., Dec. 5, 2013, at 566:14-21.

Defendants' brief is evidence that their position is unsupported, as they cite to no legal authority for their assertion. They simply assert that nothing in 49 U.S.C. § 114(r) or any other statute limits TSA's authority to designate information as SSI. However, Section 114(r) states that regulations prohibiting the disclosure of information only apply to information "obtained or developed" in carrying out security under 49 U.S.C. § 449 or Public Law 107-71, and that too, only if: (1) disclosure would be an unwarranted invasion of personal privacy, (2) reveal a trade secret or privileged financial information, or (3) be detrimental to the security of transportation.

49 U.S.C. Chapter 449 addresses various security measures at airports, but does not provide for the creation or maintenance of the TSDB. Therefore, it cannot be relied on as a basis for designating the contents of the database as SSI. Likewise, the Aviation and Transportation Security Act, Public Law 107-71, provides for the creation of a board to "explore the technical feasibility of developing a common database of individuals who may pose a threat to transportation or national security." Aviation and Transportation Security Act, § 115(c)(4) (emphasis added). It also provides authority for the board to enter into memoranda of

3

1  understanding with other agencies regarding the exchange of information contained in the

2  database.  *Id.* at § 114(h)(i).  It does not provide authority for the creation and maintenance of the

3  TSDB by the FBI.  Therefore, it too cannot be relied on as the basis for designating the contents

4  of the database as SSI.

5       Defendants argue that TSA has the authority to designate the No-Fly List and Selectee

6  Lists as SSI.  However, the Court's inquiry was about the TSDB, not these other lists.

7  **II.  Defendants' Position Lacks Authority.**

8       Defendants cite no statute or regulation that authorizes TSA to regulate information

9  developed by other agencies and maintained in other agencies' databases:

10 • 49 U.S.C. § 114(r)(1)(C): This section states that the Under Secretary of Transportation

11     for Security "shall prescribe regulations prohibiting the disclosure of information

12     obtained or developed in carrying out security ***under authority of the Aviation and***

13     ***Transportation Security Act (Public Law 107-71) or under chapter 449 of this title [49***

14     ***USCS §§ 44901 et seq.]*** if the Under Secretary decides that disclosing the information

15     would" "be detrimental to the security of transportation."  *See* 49 U.S.C. § 114(r)(1)(C)

16     (emphasis added).  It does not authorize TSA to prescribe regulations prohibiting

17     disclosure of information obtained or developed in carrying out security activities under

18     HSPD-6, 11, or 24, which are directives of the executive branch and not statutes.

19 • 49 C.F.R. § 1520.5(a)(3): This section defines SSI to include "information obtained or

20     developed in the conduct of security activities, including research and development, the

21     disclosure of which TSA has determined would" "[b]e detrimental to the security of

22     transportation."  It does not state that TSA may regulate information developed or held

23     by other agencies.  To the extent that it purported to do so, it would conflict with 49

24     U.S.C. § 114(r)(1)(C).

25 • 49 C.F.R. § 1520.9(a)(2): This section states that "covered persons" must "[d]isclose, or

26     otherwise provide access to, SSI only to covered persons who have a need to know,

27     unless otherwise authorized in writing by TSA, the Coast Guard, or the Secretary of

28     DOT."  It does not authorize TSA to regulate information developed or held by other

PLAINTIFF'S BRIEF RE: DEFENDANTS' RESPONSE TO THE COURT'S QUESTION REGARDING
SENSITIVE SECURITY INFORMATION; Case No.:   C 06-0545 WHA

1   agencies.  To the extent that it purported to do so, it would conflict with 49 U.S.C. §

2   114(r)(1)(C).

3   • 49 C.F.R. § 1520.5(b)(9)(ii): This section defines SSI to include, "[i]nformation and

4   sources of information used by a passenger or property screening program, including an

5   automated screening system."  It does not authorize TSA to regulate information

6   developed or held by other agencies, and it does not specifically reference the TSDB, the

7   No Fly List, or the Selectee List.

8   Defendants rely on 69 Fed. Reg. 28066-1 (2004) to support their assertion that TSA has

9   interpreted its own regulation, 49 C.F.R. § 1520.5(b)(9)(ii), to cover individuals' status on the No

10  Fly or Selectee Lists.  Volume 69, page 28071 of the Federal Register states as follows:

11      Section 1520.5(b)(9)(ii) adds a new provision clarifying that SSI includes
        information and sources of information used by a passenger or property screening
12      program or system, including an automated screening system.  This is intended to
        cover information used by a computerized passenger screening system, including
13      lists of individuals identified as threats to transportation or national security.

14  69 Fed. Reg. 28071.  It does not specifically reference the lists maintained by the FBI/TSC.

15  Moreover, defendants fail to explain why 49 C.F.R. § 1520.5(b)(9)(ii) gives TSA authority to

16  regulate information or sources of information used by the **FBI/TSC's** screening systems.

17  Defendants' argument that the judiciary must defer to TSA's interpretation lacks merit.

18  There is nothing to defer to.  The portion of the Federal Register on which defendants rely does

19  not refer specifically to the database compiled by the FBI/TSC and not TSA.  Defendants' only

20  Ninth Circuit authority, *MacLean v. Dep't of Homeland Security*, 543 F.3d at 1150, is not on

21  point.  That case addressed information covered by 49 C.F.R. § 1520.7(j) (referring back to 49

22  C.F.R. § 1520.11), not 49 C.F.R. § 1520.5(b)(9)(ii), and it did not discuss whether TSA has

23  authority to regulate information in the FBI/TSC's databases.  None of defendants' other out of

24  circuit cases specifically discusses whether TSA has such authority; therefore they too are not on

25  point.[1]

26  _____

27  [1] *See Suburban Air Freight v. Transp. Sec. Admin.*, 716 F.3d 679, 681 (D.C. Cir. 2013) (petition
    for review of monetary fine for failing to adequately implement security measures mandated by
28  TSA-approved security plan); *Blitz v. Napolitano*, 700 F.3d 733, 737, n.5 (4th Cir. 2012)
    (challenge to the use of advanced imaging technology scanners and invasive pat-downs at airport

1     In addition, defendants' position that an individual's status on *or off* the No Fly and

2  Selectee lists makes no sense in light of the information individuals receive when they attempt to

3  board an aircraft.  The individual either will be allowed on the plane, or not.  He or she will

4  either be subjected to enhanced screening, or not.  Whatever the result, the individual has

5  received information relevant to his or her status which *no branch of the government* may

6  rightly claim is secret.

7     In particular, defendants' position that the status of individuals *not on either list* must be

8  kept secret is especially unfounded.  The millions of Americans who publicly board airplanes

9  without being subjected to enhanced screening procedures may be surprised to learn that their

10  government considers their status as *non*-security risks a secret.  The last step in solving any

11  equation is to check your answer and make sure it makes sense.  Defendants' answer does not

12  make sense and should be rejected.

13

14  **III.    This Court has the authority to decide whether information has been correctly designated as SSI.**

15     Defendants erroneously state that the district courts do not have the ability to review the

16  propriety of the TSA's SSI determinations.  As stated in plaintiff's previous brief, at least one

17  other judge in this district has reviewed the TSA's SSI designations and found that certain

18  designations were improper.  In *Gordon v. FBI*, 390 F. Supp. 2d 897 (N.D. Cal. 2004), the court

19  considered the plaintiffs' request made under the Freedom of Information Act ("FOIA") for

20  records regarding the No-Fly List and other watchlists, as well as agency records concerning

21

22

23

24

25  screening checkpoints); *Scherfen v. U.S. Dep't of Homeland Security*, No. 3:CV-08-1554, 2010 U.S. Dist. LEXIS 8336 *23, n.5 (M.D. Pa. Feb. 2, 2010) (standing to challenge placement in the

26  TSDB) (unreported).  *Blitz* referenced 49 C.F.R. §§ 15.5(b), 15.9, 1520.5(b), and 1520.9 in passing in footnote five, and did not analyze whether or not TSA has authority to regulate

27  information in FBI/TSC databases.  In *Scherfen*, the plaintiffs did not object to *in camera* review of government documents.  *See Scherfen*, 2010 U.S. Dist. LEXIS 8336 at *12.  Here, plaintiff

28  expressly sought a public trial.

6

1    plaintiffs.  The FBI and TSA resisted public disclosure, claiming in part that FOIA Exemption 3,

2    5 U.S.C. § 552(b)(3), applied to information governed by the SSI designation statutes, 49 U.S.C.

3    § 114(r) (formerly 49 U.S.C. § 114(s)) and 49 U.S.C. § 40119(b), and 49 C.F.R. § 1520.5

4    (formerly 49 C.F.R. § 1520.7 and promulgated pursuant to former 49 U.S.C. § 114(s)).  *See*

5    *Gordon*, 390 F. Supp. 2d at 899-900.

6         The court in *Gordon* found that the FBI and TSA had improperly redacted information as

7    SSI.  *See Gordon*, 390 F. Supp. 2d at 900.  For example, the TSA had redacted information in a

8    TSA slide presentation regarding the number of persons that had been identified as "no

9    transport" prior to September 11, 2001.  *See id.*  The court was not convinced that this

10   information, which it characterized as "historical fact," was SSI under 49 C.F.R. § 1520.5(b)(2)

11   (formerly 49 C.F.R. § 1520.7(b)).  The court also found that the government erroneously

12   redacted information that is "common sense and widely known."  *See id.*  The court directed the

13   defendants to review all the withheld material and reconsider their exemptions, "keeping in mind

14   that it is defendants' burden to prove that an exemption applies and that exemptions are to be

15   construed narrowly."  *Id.* at 902.

16        Nowhere in the court's order in *Gordon* was there an instruction for the plaintiffs to

17   appeal the TSA's SSI designation to the circuit courts under 49 U.S.C. § 46110(a), which

18   defendants argue applies here.[2]  Instead, the district court exercised its discretion to interpret the

19   SSI designation statute and to determine that the TSA improperly characterized information as

20   SSI.  The court in *Chowdhury v. Northwest Airlines Cop*., 226 F.R.D. 608, 614 (N.D. Cal 2004),

21   cited by defendants, required the plaintiff to appeal the TSA's nondisclosure of SSI pursuant to

22   49 U.S.C. § 46110(a), but that case is distinguishable because it involved the TSA's

23   nondisclosure of supposed SSI during discovery to plaintiff's counsel; it did not involve a

24   request to publicly disclose such information. Additionally, although the court for the district of

25   Columbia in *Electronic Privacy Information Center v. Department of Homeland Security*

26

27   ─────────────────────

28   [2] 49 U.S.C. § 46110(a) has not yet been updated to reflect the fact that 49 U.S.C. § 114(s) was redesignated as 49
     U.S.C. § 114(r) in 2007.  Pub. L. 110-161 § 568, Dec. 26, 2007, 121 Stat. 1844.

("*EPIC*"), 928 F. Supp. 2d 139 (D.D.C. 2013), declined to perform the same review of FOIA

materials designated as SSI done in *Gordon*, it is not binding authority. *Gordon* is more

persuasive given that the supposed SSI in this case, much like the information found to have

been improperly redacted in *Gordon*, is historical fact, common sense, widely known, and/or

innocuous. *See Gordon*, 390 F. Supp. 3d at 900.

Defendants also continue to erroneously disregard Section 525(a) of the Homeland

Security Appropriations Act, 2007, Pub. L. No. 109-295, 120 Stat. 1355, 1382 (Oct. 4, 2006),

which requires public disclosure of information that no longer requires SSI protection. Section

525(a) requires the Secretary of Homeland Security to revise DHS Management Directive

("MD") 11056 to provide for (1) timely review of requests to "publicly release" documents

containing SSI, and (2) publicly release SSI that is three years old and does not meet the other

criteria. As modified, DHS MD 11056.1 specifically states that SSI information that is three

years old or older will be subject to release upon request, unless the DHS Office of Security,

TSA SSI Office or appropriate Component SSI Program Manager determines other conditions

apply, none of which the government can show here. DHS MD 11056.1also states that the

Assistant Secretary for TSA shall ensure that when a lawful request to publicly release a record

containing information determined to be SSI is received, the record is reviewed in a timely

manner to determine whether any information contained in the record meets the criteria for

continued SSI protection and that portions that no longer require SSI protection <u>shall be released</u>

subject to applicable laws and regulations. *See* DHS MD 11056.1 at p. 5 (§ V.B.7). Nothing in

Section 525(a) or DHS MD 11056.1 provides that the TSA's decision for public release is

appealable in the circuit courts.

Just as the district court in *Gordon* considered a request to publicly release SSI and found

that the government had erroneously designated documents as SSI, the court here can do the

same. The SSI protective order in this action (Dkt. No. 421) also states that the district court, not

the circuit courts of appeals, will decide disagreements regarding release of documents. *See* Dkt.

No. 421 at 11:4-12 (§ 9.2).

**IV.   The Court Has the Power to Order that Plaintiff May Learn Her Status.**

1      As stated above, the SSI statute does not apply to the TSDB.  In yet another attempt to

2  hide information from plaintiff and the public, the government resorts to arguing that the SSI

3  statute provides access only to counsel or to a party. The statute does not include the word "only"

4  or any other words to that effect.  The government cites no authority for this reading.  And it

5  does not stand to reason, given that frequently both a party and the party's counsel need to access

6  confidential information in the course of litigation.

7      As stated above, the Court has the power to review the alleged SSI and make

8  determinations regarding its access in a trial pending before it.  Therefore, if the Court

9  determines that information is not SSI or that plaintiff should have access to it, then the Court

10  may make the appropriate orders.

11

12  DATED:  December 7, 2013                     McMANIS FAULKNER

13                                              /s/  Elizabeth Pipkin
                                                _____
14                                              JAMES McMANIS
                                                CHRISTINE PEEK
15                                              ELIZABETH PIPKIN

16                                              Attorneys for Plaintiff,
                                                Rahinah Ibrahim

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S BRIEF RE: DEFENDANTS' RESPONSE TO THE COURT'S QUESTION REGARDING
SENSITIVE SECURITY INFORMATION; Case No.:   C 06-0545 WHA