JAMES McMANIS (40958)
CHRISTINE PEEK (234573)
ELIZABETH PIPKIN (243611)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   (408) 279-8700
Facsimile:   (408) 279-3244
Email:        cpeek@mcmanislaw.com
              epipkin@mcmanislaw.com

Attorneys for Plaintiff,
Rahinah Ibrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAHINAH IBRAHIM, an individual,<br><br>Plaintiff<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants, | Case No.:  C 06-0545 WHA<br><br>**PLAINTIFF'S RESPONSE TO THE COURT REGARDING PLAINTIFF'S DAUGHTER**<br><br>Trial:   December 2, 2013<br>Time:   7:30 a.m.<br>Ctrm.:   8, 19th Floor<br>Judge:   The Honorable William H. Alsup<br><br>Complaint Filed: January 27, 2006 |

At the closed hearing on Friday, December 6, 2013, regarding the travel difficulties of plaintiff's daughter, Raihan Mustafa Kamal, the Court allowed plaintiff the opportunity to consider whether to re-open evidence for Ms. Mustafa Kamal to testify.  Because of concerns about the safety and liberty of Ms. Mustafa Kamal were she to attempt to travel to the United States, plaintiff elects to proceed on the evidence presented at the trial, with one caveat that plaintiff mentioned at the hearing on Friday.

1

On Friday, plaintiff requested that the Court take notice of Friday's proceedings regarding Ms. Mustafa Kamal's status and her attendant travel difficulties in the record for Dr. Ibrahim's case. Defendants objected. The Court then allowed plaintiff to include such facts in her proposed findings of fact and conclusions of law on Friday, December 13, 2013 and allowed the government to object thereto, to be resolved at a later date.

A motion to reopen is addressed to the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971). The court should take into consideration the nature of the proposed testimony and the effect of granting the motion, including prejudice to the opposing party. *S.E.C. v. Rogers*, 790 F.2d 1450, 1460 (9th Cir. 1986). A trial court does not abuse its discretion when the request to reopen the record is reasonable and the opposing party is not prejudiced by the presentation of additional evidence. *United States v. Ramirez-Gonzales*, 116 Fed. Appx. 369, 372 (3d Cir. 2004). In deciding whether to reopen a case, the district court should be concerned with several factors: what burden, if any, will be placed on the parties and their witnesses; what undue prejudice may result by not taking new testimony; and what consideration should be given to judicial economy. *Ferranti Int'l, PLC v. Jasin*, 47 Fed. Appx. 103, 105 (3d Cir. 2002).

Here, plaintiff's request to include Friday's proceedings in the record places no burden on the parties and their witnesses because the Court has already heard the relevant testimony and admitted the relevant exhibits. For the same reason, the request comports with principles of judicial economy. Furthermore, it would be unduly prejudicial to plaintiff to omit Friday's testimony and exhibits from the record because Ms. Mustafa Kamal's status and the effects of are relevant to Dr. Ibrahim's right to travel. The government has denied the very adverse effects for Dr. Ibrahim that Ms. Dugan's testimony proves in fact occur. Ms. Dugan is an official of the Customs and Border Patrol who spoke knowledgeably regarding Department of Homeland Security Travel restrictions. Finally, the government is not prejudiced because it had adequate opportunity to present evidence on the issue through its own witness and to conduct re-direct after plaintiff's cross-examination on Friday.

Plaintiff will therefore include the relevant facts and conclusions of law from the hearing on Friday, December 6, 2013, in her submission on Friday, December 13, 2013, and requests that the Court overrule defendants' objections thereto at the appropriate time.

DATED:  December 9, 2013                McMANIS FAULKNER

                                            /s/  Elizabeth Pipkin
                                           JAMES McMANIS
                                           CHRISTINE PEEK
                                           ELIZABETH PIPKIN

                                           Attorneys for Plaintiff,
                                           Rahinah Ibrahim