1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   RAHINAH IBRAHIM,

11          Plaintiff,                                    No. C 06-00545 WHA

12      v.

13   DEPARTMENT OF HOMELAND                               **ORDER RE PLAINTIFF'S**
     SECURITY, et al.,                                    **RESPONSE RE PLAINTIFF'S**
14                                                        **DAUGHTER (DKT. NO. 658)**

15          Defendants.

16   _____/

17          On the first day of trial, before opening statements, plaintiff's counsel reported that

18   plaintiff's daughter, a United States citizen and a witness disclosed on plaintiff's witness list,

19   was allegedly not permitted to board her flight to the United States to attend trial.  The parties

20   were ordered to investigate the allegations and provide relevant declarations and testimony.  On

21   December 3, Plaintiff was told that if Raihan Mustafa Kamal, plaintiff's daughter, wished to

22   testify at trial regarding her travel difficulties, she could.

23          On December 5, the government provided plaintiff's counsel and the undersigned judge

24   with hard copies of the Declaration of Maureen Dugan (sealed, not filed).  Plaintiff filed the

25   Declaration of Raihan Binti Mustafa Kamal (Dkt. No. 651).  Plaintiff also filed a declaration

26   from herself regarding a September 2013 visa application.

27          On December 6, after closing statements, an evidentiary hearing was held regarding

28   plaintiff's daughter's travel difficulties.  Maureen Dugan, the Deputy Executive Director, Office

     of Field Operations, at the National Targeting Center testified.  The government conducted a

direct examination, plaintiff conducted a cross-examination, the government conducted a
redirect, and the undersigned judge asked questions. Both parties lodged objections to questions,
but some of the evidentiary rules were relaxed in light of Maureen Dugan's research (but lack of
direct personal knowledge) on the circumstances of plaintiff's daughter's travel difficulties.
Plaintiff requested that the evidentiary proceedings and associated declarations be included in
the trial record and the government objected. Plaintiff was permitted to propose findings of fact
and conclusions of law related to plaintiff's daughter.

At the end of the post-trial evidentiary hearing, plaintiff was also provided an opportunity
to decide whether she wanted to reopen the trial to permit the daughter to testify. Plaintiff has
now stated that she intends to proceed on the evidence presented at trial, will not bring her
daughter to testify, but renews her request to include the evidentiary hearing and associated
declarations in the trial record (Dkt. No. 658).

Plaintiff's request shall be treated as a motion. The government should respond by
**DECEMBER 13 AT NOON**, when the first round of proposed findings of fact and conclusions of
law are due. Plaintiff may reply when responses are due on **DECEMBER 20 AT NOON**. Each
response and reply shall be no more than **SEVEN PAGES** over and above the existing page limits
and shall be separate from the main proposed findings and responses. Each shall state the
specific findings and counterfindings proposed based on the evidentiary hearing and associated
declarations without prejudice to the government's contention that they should not be part of the
trial record.

**IT IS SO ORDERED.**

Dated:  December 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2