STUART F. DELERY
Assistant Attorney General

MELINDA L. HAAG
United States Attorney

DIANE KELLEHER
Assistant Branch Director

PAUL G. FREEBORNE
Senior Trial Counsel
KAREN S. BLOOM
LILY S. FAREL
JOHN K. THEIS
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>Plaintiff,<br>v.<br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 3:06-cv-0545 (WHA)<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S ORDER REQUESTING BRIEFING ON ACCESS BY OPPOSING COUNSEL TO CLASSIFIED INFORMATION** |

On December 18, 2013, this Court entered an order that provided as follows:

> By DECEMBER 23 AT NOON, both sides shall submit briefing on whether and how one or more of plaintiff's counsel could obtain a clearance to review the classified submissions, including how long it would take and whether plaintiff's counsel is willing to undertake the process.

Dkt. 666. In this case, the state secrets privilege was properly invoked over certain classified information by the Attorney General and the Director of National Intelligence. *See* Dkt. 471, 472. This Court independently evaluated and upheld the state secrets privilege assertion on April 19, 2013. As a result of the Court's decision, information covered by the state secrets privilege is excluded from the case, and such information is not available to either party in further litigation of the case. *See* April 19 Order on Classified Information. Because the information at issue in the Court's December 18 order has been excluded from the case, there is no basis to provide Plaintiff's counsel with a clearance and to allow access to this information.

In any event, and dispositively, the Executive Branch has the obligation and the plenary discretion to protect national security by determining what information is classified and to whom that information may be disclosed. As a result, any court order purporting to require that Defendants grant Plaintiff's counsel a clearance and access to such information would be contrary to law and subject to immediate appeal. As precedent dictates, Defendants' successful invocation of the state secrets privilege means that the classified evidence must be excluded from the case; and, as Defendants have previously argued, in the present circumstances, the privilege requires judgment in Defendants' favor. *See United States v. Reynolds*, 345 U.S. 1, 7-10 (1953); *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1082 (9th Cir. 2010) (en banc).

## I. There is No Basis for Opposing Counsel to Access Information Subject to a Successful Assertion of the State Secrets Privilege.

As Defendants' previous briefing has established, the state secrets privilege is a well-established means of protecting classified national security information in litigation, rooted in the President's Article II constitutional authority. Under binding Ninth Circuit precedent, "[o]nce the [state secrets] privilege is properly invoked, and the court is satisfied as to the danger of

divulging state secrets, the privilege is absolute" *Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998), and the information is thus excluded from the case. *See Jeppesen* 614 F.3d at 1079, 1082*; Al-Haramain Islamic Found. v. Bush,* 507 F.3d 1190, 1205 (9th Cir. 2007).

It follows that once the invocation of the state secrets privilege is upheld in a particular matter, it cannot be overcome by the perceived need of a litigant to use the information; nor are courts authorized to provide special procedures (such as the clearing of opposing counsel or the imposition of protective orders) to allow for access by the opposing party to the excluded information. A contrary result would defeat the purpose of invoking the privilege, and undermine the protection of national security. *See El-Masri v. United States*, 479 F.3d 296, 311 (4th Cir. 2007) (holding that plaintiff's suggestion "that the court ought to have received all the state secrets evidence in camera and under seal, provided his counsel access to it pursuant to a nondisclosure agreement (after arranging for necessary security clearances), and then conducted an in camera trial" is "expressly foreclosed by *Reynolds*, the Supreme Court decision that controls this entire field of inquiry"); *Sterling v. Tenet*, 416 F.3d 338, 344-49 (4th Cir. 2005) (rejecting plaintiffs request to devise "special procedures" to allow his suit involving state secrets to proceed, explaining that the Supreme Court in *United States v. Reynolds*, 345 U.S. 1 (1953), "countenance[d]" that "[c]ourts are not required to play with fire and chance further disclosure – inadvertent, mistaken, or even intentional – that would defeat the very purpose for which the privilege exists"); *Jeppesen,* 614 F.3d at 1089 (admonishing district courts against attempting to "wall off" secrets from disclosure using protective orders or restrictions on testimony "where the relevant secrets are difficult or impossible to isolate and even efforts to define a boundary between privileged and unprivileged evidence would risk disclosure by implication"); *see also In re United States*, 872 F.2d 472, 476 (D.C. Cir. 1989) (explaining that once a court has determined that the state secrets privilege applies in a particular case, "the balance has already been struck in favor of protecting secrets of state over the interest of a particular litigant") (internal citations omitted).

Courts have uniformly rejected requests by parties in civil cases involving the state secrets privilege to be permitted access to classified information presented to the court *ex parte* and *in camera*. *See, e.g., Sterling v. Tenet*, 416 F.3d 338, 348 (4th Cir. 2005) (denying private counsel access to classified information in states secrets case); *Ellsberg v. Mitchell,* 709 F.2d 51, 61 (D.C. Cir. 1983) (explaining that the rule denying counsel access to classified information is "well settled" and that "our nation's security is too important to be entrusted to the good faith and circumspection of a litigant's lawyer . . . or to the coercive power of a protective order."); *Halkin v. Helms,* 598 F.2d 1, 7 (D.C. Cir. 1978) (rejecting argument that counsel should have been permitted to participate in the *in camera* proceedings). Indeed, the D.C. Circuit has rejected disclosure to private parties of classified information subject to the state secrets privilege, even where, unlike here, counsel held security clearances. *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 401 (D.C. Cir. 1984).[1] Courts likewise reject arguments for disclosure in cases involving classified information, even absent an assertion of the state secrets privilege. *See also Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) (holding that district court abused its discretion in finding First Amendment right for plaintiffs' attorney to receive access to classified information to assist the court in resolving the plaintiff's challenge to pre-publication classification review).

[1] *Horn v. Huddle*, 636 F. Supp. 2d 10, 13-17 & n.2 (D.D.C. 2009), does not support Plaintiff's claim that she or her counsel be permitted to access information covered by the state secrets privilege. First, that opinion was vacated. *See Horn v. Huddle*, 699 F. Supp. 2d 236, 238-39 (D.D.C. 2010) (vacating opinion at 636 F. Supp. 2d 10 as a result of settlement and dismissing the action with prejudice). Moreover, before the settlement, the Government had appealed the district court's order, which purported to make a need-to-know determination, and in conjunction with that determination, to seek to compel the Executive Branch to grant security clearances and authorize disclosure of classified information to counsel for plaintiff and defendants. The D.C. Circuit granted a stay of the district court's order pending appeal, and had set a schedule for expedited briefing. *See* Case No. 09-5311, Document # 1205471 (D.C. Cir.). Both the underlying district court case and the appeal were dismissed as a result of the settlement. *See* Case No. 09-5311, Document #1241679 (D.C. Cir.); *Horn*, 699 F. Supp. at 238-39.

As addressed by the government's recent filing (Dkt. 664),[2] the state secrets privilege is grounded in the constitutional duty and prerogative of the Executive. Although its implications may be viewed as harsh, insofar as information subject to the privilege may be excluded and civil litigation terminated, s*ee Jeppesen*, 614 F.3d at 1079, 1082; *Al-Haramain Islamic Found.*, 507 F.3d at 1205, those results are required by precedent to protect the purpose of the privilege: to ensure that civil litigation does not require the Executive to reveal classified national security information – thereby harming national security interests –because a lawsuit has been filed.

**II. The Executive Branch Has the Obligation to Protect Classified Information, as well as Plenary Discretion Over Access to Such Information.**

Although, as explained, there is no basis for Plaintiff or her counsel to have access to classified information that has been excluded from the case, in any event, neither she nor her counsel may access that information because they have not been authorized to do so by the Executive, and the authority to determine who may have access to classified information "is committed by law to the appropriate agency of the Executive Branch." *See Dep't of the Navy v. Egan*, 484 U.S. 518, 527 (1988); *Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990); *see also* Exec. Order No. 12,968, 60 Fed. Reg. 40,245, 40,253 (Aug. 2, 1995); Exec. Order 13,467, 73 Fed. Reg. 38, 103 (June 30, 2008); Exec. Order No. 13,526, 75 Fed. Reg. 707 (Dec. 29, 2009).

The grant of a security clearance requires the Executive Branch to make two determinations: first, a favorable determination that an individual is trustworthy for access to

[2] As also explained in Dkt. 664, Sensitive Security Information ("SSI") is a separate category of non-classified information created by Congress and governed by statutes and implementing regulations. Nothing in these statutes and regulations has any bearing on the caselaw concerning the state secrets privilege or the rules for access to classified information. That Plaintiff's counsel satisfied the statutory requirements for accessing SSI relevant to this case under the terms of a protective order, and that the Court adhered to the statutory prohibition on disclosing SSI to the public by closing the courtroom when SSI was discussed, is inapposite to the question of whether Plaintiff's counsel may access classified information excluded from this case pursuant to the state secrets privilege.

classified information and, second, a separate determination "within the executive branch" that that an individual has a demonstrated "need-to-know" classified information – that is, the individual "requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." *See* Exec. Order No. 13,526, 2009 WL 6066991, 75 FR 707 (Dec. 29, 2009), §§ 4.1(a)(3), 6.1(dd).[3] As the Ninth Circuit has recognized, both determinations are committed to the plenary discretion of the Executive Branch. *See Dorfmont*, 913 F.2d at 1401 (A "federal court is 'an outside nonexpert body'" which has "no more business reviewing the merits of a decision to grant or revoke a security clearance" than any other "outside nonexpert body.") (citing *Egan*, 484 U.S. at 529); *see also, e.g.*, *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 196 (9th Cir. 1995) ("Thus in *Dorfmont* we held broadly that judicial review, like outside administrative review, of security clearance decisions was precluded").[4] As courts have explained, it is the constitutional duty and prerogative of the Executive Branch to determine what constitutes an acceptable margin of error in assessing the potential risk of allowing access to classified information. *Egan*, 484 U.S. at 527, 529 (quoting *CIA v. Sims*, 471 U.S.159, 170 (1985)). This duty and prerogative rely on the executive's unique expertise in these assessments.

---

[3] The clearance process also requires a background check and a suitability determination, among other factors. *See* Exec. Order. 12,968, § 1.2.

[4] To the extent that Plaintiff relies on it to argue that she should be granted access to classified information, *Al Haramain Islamic Found., Inc. v. U.S. Dep't. of Treasury*, 686 F.3d 965, 980 (9th Cir. 2012), is inapplicable. First, *Al Haramain* did not involve the state secrets privilege, which as discussed above, requires absolute exclusion of the information covered by the privilege. Second, in *Al Haramain*, the Ninth Circuit considered a challenge to the Government's designation of Al-Haramain as an organization that supports Al-Qaeda based on a record that included classified information filed *ex parte* and *in camera*. 686 F.3d at 985. Here, the Defendants have not and are not relying on the classified information to present a record to the Court that would result in a decision on the merits. Indeed, the *ex parte* submissions Defendants have recently submitted were required by the Court (Dkt. 652) – Defendants did not seek to file them. Finally, although the Ninth Circuit noted that a review of classified information by an opposing counsel already bearing a security clearance could, in some unspecified future circumstances be a means by which the government could provide additional process, the court declined to grant plaintiff's counsel access to the classified information in the administrative record supporting the Al Haramain designation, which was upheld by both the district and appellate courts. *Id.* at 983-84.

It is therefore dispositive that the Government has not granted Plaintiff's counsel access to the classified information at issue in this case.

The Executive's determination about which persons may access classified information, and under what circumstances, is "sensitive and inherently discretionary." *Dorfmont*, 913 F.2d at 1401 (quoting *Egan*, 484 U.S. at 527); *see also Brazil*, 66 F.3d at 196 ("At the core of *Egan*'s deference to the national security mission is the recognition that security clearance determinations are 'sensitive and inherently discretionary' exercises, entrusted by law to the Executive.") (quoting Egan, 484 U.S. at 527-29); *see also NY Times Co. v. United States*, 403 U.S. 713, 728-29 (1971) (Stewart, J., concurring) ("If the Constitution gives the Executive a large degree of unshared power in the conduct of foreign affairs and the maintenance of our national defense, then under the Constitution the Executive must have the largely unshared duty to determine and preserve the degree of internal security necessary to exercise that power successfully."). As the Supreme Court has recognized, "reasons . . . too obvious to call for enlarged discussion," dictate that the protection of classified information must be committed to the broad discretion of the responsible Executive agency, including decisions about who may access such information. *Egan*, 484 U.S. at 529. "Predictive judgments" about whether someone "might compromise sensitive information" involves the determination of "what constitutes an acceptable margin of error in assessing the potential risk" and thus "must be made by those with the necessary experience in protecting classified information." *Id.* at 528-29.

Circumstances in which clearances have been extended to opposing counsel in civil litigation are very rare. The Guantanamo habeas cases involve challenges to the lawfulness of detention, and therefore procedures agreed to by the Government in those cases would not apply here. Such litigation involves detainees' liberty interests in being free from custodial detention, and in that unique circumstance, the Government consented to a protective order that in part regulates habeas counsel's access to sensitive and classified information (including such information known by the detainees themselves), and in part allows counsel access to the secure Guantanamo Bay facility. *See In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-0442, 2009

WL 50155 (D.D.C. Jan 9, 2009); *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004). There is no parallel in this case. Plaintiff is not in custody, nor does this case raise practical issues concerning access to a secure military facility. Moreover, and critically, the court did not order the disclosure of classified information in the Guantanamo context; rather, the Government agreed to it, subject to detailed constraints, given the unique circumstances noted above. Those same reasons to grant habeas counsel access to some classified information in Guantanamo habeas cases do not apply here.

Likewise, procedures applicable to the use of classified information in criminal cases do not apply here. This is not a criminal case. In the criminal context, Congress has specifically passed legislation – the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3 – which governs such use. By its plain terms, however, CIPA has no application to civil cases. *See* CIPA, Pub. L. No. 96-456, 94 Stat. 2025 (1980) (codified at 18 U.S.C. App. III) ("An act to provide certain pretrial, trial and appellate procedures for criminal cases involving classified information."). As the Supreme Court observed in *Reynolds*, there are critical differences between civil litigation and criminal prosecutions. In the latter, the Government may, as a last resort, choose to withdraw evidence, dismiss charges, or dismiss an indictment rather than disclose classified information. Thus, in a criminal case, "the Government can invoke its evidentiary privileges only at the price of letting the defendant go free." *United States v. Reynolds*, 345 U.S. 1, 12 (1953); *see also* 18 U.S.C. App. 3 §§ 7(a), 6(e) (CIPA provisions stating that if a court orders disclosure of classified information in a criminal case, the Government may seek an interlocutory appeal, or cause the court to dismiss an indictment). This principle, however, "has no application in a civil forum where the [g]overnment is not the moving party, but is a defendant only on terms to which it has consented." *Reynolds*, 345 U.S. at 12; *see also Jeppesen*, 614 F.3d at 1077, n.3 (noting broader application of state secrets privilege to civil cases).

**III. Any Order Requiring Access to Classified Information by Plaintiff or Her Counsel Would be Immediately Appealable.**

Circuit precedent makes clear that any order providing for the disclosure of state secrets should be subject to immediate appellate review. As the Ninth Circuit has explained, "[s]ecrecy is a one-way street: Once information is published [or disclosed], it cannot be made secret again," and thus an order of disclosure is "effectively unreviewable on appeal from a final judgment." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008); *see also Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989) ("[A]ppeal after disclosure of the privileged communication [or information] is an inadequate remedy"); *Islamic Shura Council of S. Cal. v. FBI*, 635 F.3d 1160, 1164-65 (9th Cir. 2011) (providing for mandamus relief where disclosure required by district court's order in a Freedom of Information Act case "w[ould] make the information permanently public in a way that [would] not be correctable later on appeal[,]"). Accordingly, if the Court were to order Defendants to provide Plaintiff's counsel with a security clearance and access to classified information, Defendants would request and require an immediate stay to consider options for appellate review.

**IV. Judgment Must Be Entered for Defendants.**

The recent trial and the parties' post-trial submissions conclusively establish that this case cannot proceed to judgment on the merits in light of the information excluded by the state secrets privilege. As the Ninth Circuit noted in *Jeppesen*, "it may be impossible to proceed with the litigation because -- privileged evidence being inseparable from nonprivileged information that will be necessary to the claims or defenses -- litigating the case to a judgment on the merits would present an unacceptable risk of disclosing state secrets." 614 F.3d at 1083. This case has clearly reached this point. Plaintiff demands judgment in her favor based on a set of allegedly unlawful and improperly-motivated Government actions regarding her purported placement in the TSDB, the denial of her visa, and whether or not she was the subject of an investigation. As Defendants have explained in their submissions to the Court, they are unable to fully present their defense as it relates to Plaintiff's allegations without relying on the information excluded from the case under the state secrets privilege, and thus the record before the Court is necessarily

incomplete. The fact that the privileged information has been excluded from the case means that the Court may not reach the merits of Plaintiff's claims. Accordingly, under applicable caselaw, judgment should be entered for Defendants.

Dated: December 23, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

*/s/ Paul G. Freeborne*

PAUL G. FREEBORNE
Senior Trial Counsel
KAREN S. BLOOM
LILY S. FAREL
JOHN K. THEIS

*Attorneys for the Defendants*