IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

    Plaintiff,

  v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

No. C 06-00545 WHA

**ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER RE ACCESS TO CLASSIFIED DOCUMENTS**

In this no-fly list challenge, plaintiff seeks an order granting access to classified documents. For the reasons stated below, the request is **DENIED**.

The procedural history of this action has been summarized in prior orders and will not be repeated again (Dkt. Nos. 399, 461, 532, 592). In brief, a December 2009 order stated that if plaintiff attended and was present at trial, she would be entitled to hear the evidence presented, whether or not it was SSI. However, short of attendance at trial, plaintiff could not view SSI without being vetted by the background process (Dkt. No. 306). Plaintiff never sought or obtained clearance to view SSI or classified documents. Plaintiff was not present for trial.

Several orders, including an April 19 order, recognized the government's assertion of the state secrets privilege for certain documents (Dkt. Nos. 462, 539, 613). Plaintiff's counsel obtained clearance to view SSI, but never sought or obtained clearance to view classified documents.

On December 13, after the close of evidence, plaintiff's counsel requested an order granting access to classified documents (Dkt. No. 665). In light of plaintiff's request, an

1 opportunity was provided to brief whether and how one or more of plaintiff's counsel could
2 obtain clearance to review the classified submissions. Plaintiff's counsel responded with a long
3 list of conditions, if one or more of plaintiff's counsel were to undergo the classified clearance
4 process (Dkt. No. 669).

Plaintiff's conditions are unreasonable. For example, plaintiff's counsel wants to be able to "discuss the [classified] information with their client so that she and they may rebut any allegations contained in the secret information." Plaintiff, herself, has never sought or obtained access to classified information. Plaintiff's counsel also wants to have "full access to the information at any time, without restrictions on their use of the information for the case." This condition is unduly broad. Plaintiff's counsel also seeks to reopen discovery after trial has concluded in this action. Plaintiff's counsel could have sought clearance to view classified information well in advance of trial. Plaintiff's counsel did not. Instead, plaintiff's counsel waited until after trial to request an order for access to classified information. This order will not permit plaintiff's counsel to circumvent the usual classified clearance process at this late date when such unreasonable conditions are requested.

Accordingly, plaintiff's request is **DENIED**. The action will proceed without the benefit of classified information provided to plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: December 30, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2