SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL., 3:06-CV-00545-WHA (N D CAL)
WARNING  THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW,  AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION.  UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION.  PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS  SSI DESIGNATIONS IN THIS ACTION.

JAMES McMANIS (40958)
ELIZABETH PIPKIN (243611)
CHRISTINE PEEK (234573)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    (408) 279-8700
Facsimile:    (408) 279-3244
Email:        cpeek@mcmanislaw.com
              epipkin@mcmanislaw.com

Attorneys for Plaintiff,
Rahinah Ibrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAHINAH IBRAHIM, an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>        Defendants. | Case No. C 06-0545 WHA<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS' BRIEF AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S DAUGHTER**<br>( REDACTED )<br><br>Trial Date:    December 2, 2013<br>Complaint Filed: January 27, 2006 |

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL., 3:06-CV-00545-WHA (N D CAL)
WARNING THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW, AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS SSI DESIGNATIONS IN THIS ACTION.

Plaintiff hereby responds to defendants' brief and proposed findings of fact and conclusions of law regarding plaintiff's daughter, Raihan Mustafa Kamal. Plaintiff requested that the Court reopen the trial record to introduce the proceedings of Friday, December 6, 2013, during which Maureen Dugan of the National Targeting Center ("NTC") testified regarding Ms. Mustafa Kamal's travel difficulties. Defendants did not produce Ms. Dugan's declaration to plaintiff's counsel or the Court until the final minutes of the trial proceedings on December 5, 2013. *See* Trial Tr. 716:9-14. Almost immediately after plaintiff's counsel stated that plaintiff would not have any rebuttal following defendants' case, defense counsel suddenly revealed that Ms. Dugan's declaration was available in the courtroom. *See* Trial Tr. 713:20, 716:9-14. Plaintiff therefore did not have the opportunity to introduce any evidence regarding Ms. Dugan during her own case-in-chief or during rebuttal. Had plaintiff's counsel known that Ms. Dugan's declaration and later testimony would reveal information relevant to plaintiff's case, plaintiff's counsel would not have rested and agreed to close the evidence.

Ms. Dugan's live testimony and her declaration dated December 4, 2013, establish that REDACTED

Ms. Dugan's testimony therefore contradicts REDACTED

. *See*, *e.g.*, Defendants' Post-Trial Proposed Findings of Fact and Conclusions of Law, ¶ 4 ("Plaintiff's limited placement REDACTED does not interfere with any liberty or property interest"), ¶ 6 ("Plaintiff's inability to travel to the United States stems from her lack of a visa"). This information is relevant to Dr. Ibrahim's claim that her widespread injuries are redressable by removal REDACTED , and should be considered on the merits. *See*, *e.g.*, Plaintiff's Trial Brief, p. 12 ("Placement on the No-Fly List implicates the liberty interest in international travel …. So does inclusion in the REDACTED , because this makes it practically impossible for Dr. Ibrahim to obtain a visa to the United States or to proceed through customs once on our shores. REDACTED may also result in the inability to board an international flight, because REDACTED

1

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL, 3:06-CV-00545-WHA (N D CAL)
WARNING THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW, AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS SSI DESIGNATIONS IN THIS ACTION.

1 REDACTED "); Fed. R. Evid. 401.

2 While the Court's inquiry into Ms. Mustafa Kamal's travel difficulties began as an inquiry into witness tampering, it does not change the fact that information relevant to Dr. Ibrahim's claims came to light as a result. Defendants should not be permitted to benefit from Ms. Dugan's testimony to explain their actions regarding Ms. Mustafa Kamal, but then shield that same testimony from plaintiff's case. In addition, defendants have not demonstrated any prejudice by the consideration of evidence related to Ms. Mustafa Kamal, nor can they, because the relevant information (*e.g.*, her REDACTED status, and defendants' e-mail to Philippine Airlines entitled "POSSIBLE NO BOARD REQUEST") was provided by defendants and has always been known to defendants. Defendants also have access to all of the actors who REDACTED denied her boarding. On the other hand, plaintiff would be prejudiced by the omission of the information from the Court's inquiry because Ms. Mustafa Kamal's REDACTED status, REDACTED , and inability to travel to the United States, are relevant to Dr. Ibrahim's claims. Plaintiff has already been prejudiced by defendants' late offer of Ms. Dugan's testimony, the limited ability to cross-examine Ms. Dugan, the inability to question other government witnesses about Ms. Mustafa Kamal, and the inability to corroborate Ms. Dugan's testimony.

Plaintiff has limited information on which to base her responses to defendants' proposed findings of fact and conclusions of law regarding Ms. Mustafa Kamal. Without prejudice to plaintiff's position stated above, plaintiff responds as follows:

**PLAINTIFF'S RESPONSES TO DEFENDANTS' PROPOSED FINDINGS OF FACT**

**The National Targeting Center**

1. REDACTED

   REDACTED

   **Response to No. 1: Agree that this statement is consistent with Dugan's declaration.**

2. REDACTED

PLAINTIFF'S RESPONSES TO DEFENDANTS' BRIEF AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S DAUGHTER; Case No C 06-0545 WHA **HIGHLY CONFIDENTIAL – SUBJECT TO ATTORNEY'S EYES ONLY PROTECTIVE ORDER**

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL, 3:06-CV-00545-WHA (N D CAL)
WARNING THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW, AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS SSI DESIGNATIONS IN THIS ACTION.

REDACTED

REDACTED

**Response to No. 2**: Agree that this statement is consistent with Dugan's testimony and declaration.

3. REDACTED

REDACTED

**Response to No. 3**: Agree that this statement is consistent with Dugan's testimony and declaration.

4. REDACTED

REDACTED

**Response to No. 4**: Agree that this statement is consistent with Dugan's declaration.

**Events of December 1, 2013**

5. On December 1, 2013, Raihan Binti Mustafa Kamal, Plaintiff's daughter, was booked to travel on December 2, 2013 from Kuala Lampur, Malaysia to Manila, Philippines (on Malaysia Airlines) and from Manila to San Francisco International Airport (on Philippine Airlines).

Dkt. 651 ¶ 1, 7-8, Ex. B.

**Response to No. 5**: Agree.

6. REDACTED

REDACTED

**Response to No. 6**: Agree that this statement is consistent with Dugan's testimony and declaration. Disagree to the extent that this statement suggests that there is any evidence that REDACTED

."

7. REDACTED
REDACTED

PLAINTIFF'S RESPONSES TO DEFENDANTS' BRIEF AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S DAUGHTER; Case No C 06-0545 WHA **HIGHLY CONFIDENTIAL – SUBJECT TO ATTORNEY'S EYES ONLY PROTECTIVE ORDER**

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL, 3:06-CV-00545-WHA (N D CAL)
WARNING THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW, AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS SSI DESIGNATIONS IN THIS ACTION.

**Response to No. 7**: Agree that this statement is consistent with Dugan's testimony. Disagree on the basis that this statement omits any reference to time. REDACTED

8. REDACTED

REDACTED

**Response to No. 8**: Agree that this statement is consistent with Dugan's declaration. Disagree on the basis that there is no evidence that REDACTED

9. REDACTED

REDACTED

**Response to No. 9**: Agree that this statement is consistent with Dugan's declaration and testimony.

10. REDACTED

REDACTED

**Response to No. 10**: Agree that this statement is consistent with Dugan's declaration and testimony.

11. REDACTED

REDACTED

**Response to No. 11**: Disagree to the extent this statement is not supported by Dugan testimony at 809:1-2. Disagree to the extent that a more complete version of this e-mail has

PLAINTIFF'S RESPONSES TO DEFENDANTS' BRIEF AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S DAUGHTER; Case No C 06-0545 WHA  **HIGHLY CONFIDENTIAL – SUBJECT TO ATTORNEY'S EYES ONLY PROTECTIVE ORDER**

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL, 3:06-CV-00545-WHA (N D CAL) WARNING THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW, AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS SSI DESIGNATIONS IN THIS ACTION.

been attached to Ms. Mustafa Kamal's declaration (Dkt. 651, Ex. C). Agree that the remainder of this statement is consistent with Dugan's declaration and testimony.

12. REDACTED

REDACTED

**Response to No. 12**: Agree that this statement is consistent with Dugan's declaration and testimony.

13. REDACTED

REDACTED

**Response to No. 13**: Disagree to the extent that this statement is not supported by Dugan Decl. ¶ 15. Agree that the remainder of this statement is consistent with Dugan's declaration.

14. REDACTED

REDACTED

**Response to No. 14**: Disagree to the extent that this statement is not supported by Dugan's testimony at 809:3-4, but agree that this statement is consistent with Dugan's testimony at 809:5-6 (not cited by defendants). Disagree to the extent that this statement is susceptible to the interpretation that REDACTED

15. REDACTED

5

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL , 3:06-CV-00545-WHA (N D CAL)
WARNING  THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW,  AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION.  PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS  SSI DESIGNATIONS IN THIS ACTION.

REDACTED

**Response to No. 15**: Agree that this statement is consistent with Dugan's testimony and declaration.

**Events of December 2, 2013**

16. REDACTED

REDACTED

**Response to No. 16**: Agree that this statement is consistent with Dugan's declaration.

17. REDACTED

REDACTED

**Response to No. 17**: Agree that this statement is consistent with Dugan's testimony. Disagree on the basis that this statement is wholly speculative and defendants are not qualified to state REDACTED .

18. REDACTED

REDACTED

**Response to No. 18**: Agree that this statement is consistent with Dugan's testimony and declaration.

19. REDACTED

REDACTED

**Response to No. 19**: Disagree on the basis that there is no admissible evidence that Ms. Mustafa Kamal was REDACTED . *See* **Mustafa Kamal Dec., Dkt. 651, ¶ 19.** Defendants supplied no documentation supporting their assertion, and their testimony is hearsay and violates the best evidence rule.

6

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL, 3:06-CV-00545-WHA (N D CAL)
WARNING THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW, AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS SSI DESIGNATIONS IN THIS ACTION.

20. REDACTED

REDACTED

**Response to No. 20**: Disagree to the extent that the Dugan Dec. ¶ 19 does not support the statement that the REDACTED

Disagree that Ms. Mustafa Kamal was booked on a December 3, 2013 flight. *See* **Mustafa Kamal Dec., Dkt. 651, ¶ 19.**

21. REDACTED

REDACTED .

**Response to No. 21**: Agree that this statement is consistent with Dugan's testimony. **Disagree that** REDACTED

22. REDACTED

REDACTED

**Response to No. 22**: Agree that this statement is consistent with Dugan's testimony. Disagree to the extent that this statement is susceptible to the interpretation that Ms. Mustafa Kamal willfully failed to "show up" for any December 3, 2013 flight. Ms. Mustafa Kamal did not book any such flight and therefore could not have failed to show up for it. Mustafa Kamal Dec., Dkt. 651, ¶ 19.

**PLAINTIFF'S RESPONSES TO DEFENDANTS' PROPOSED CONCLUSIONS OF LAW**

1. Defendants did not act to deprive Ms. Mustafa Kamal of the ability to testify at trial.

    Proposed Findings of Fact: 5-22; *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) ("Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them[,]" and have the "inherent power to punish bad faith conduct which abuses the judicial process," including witness tampering)

7

PLAINTIFF'S RESPONSES TO DEFENDANTS' BRIEF AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S DAUGHTER; Case No C 06-0545 WHA **HIGHLY CONFIDENTIAL – SUBJECT TO ATTORNEY'S EYES ONLY PROTECTIVE ORDER**

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL, 3:06-CV-00545-WHA (N D CAL)
WARNING  THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW,  AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION.  PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS  SSI DESIGNATIONS IN THIS ACTION.

**Response to No. 1**: Disagree on the basis that Department of Homeland Security (DHS) is a defendant in this matter, and is the parent agency of U.S. Customs and Border Protection (CBP) and the CBP's National Targeting Center (NTC). Second Amended Complaint (Dkt. 161); Dugan Dec. ¶¶ 1, 2. CBP Officers at the Regional Carrier Liaison Group (RCLG) in Honolulu, Hawaii requested via REDACTED  e-mail that Philippine Airlines follow a "POSSIBLE NO BOARD REQUEST" REDACTED

 ; Mustafa Kamal Dec. Ex. C.  The practical result of CBP's request was that Ms. Mustafa Kamal was denied boarding on her flight from Kuala Lumpur to Manila on December 1, 2013, and ultimately the ability to testify at trial.  Mustafa Kamal Dec. ¶¶ 10-19.

    2.    Defendants' Counsel did not act to deprive Ms. Mustafa Kamal of the ability to testify at trial.
> Proposed Findings of Fact: 5-22; *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996)

**Response to No. 2**: Agree that defendants did not present evidence that defendants' counsel acted to deprive Ms. Mustafa Kamal of the ability to testify at trial.

    3.    Defendants did not deny Raihan Binti Mustafa Kamal boarding on her Kuala Lampur to Manila flight on December 1, 2013.
> Proposed Findings of Fact: 9-21; 8 U.S.C. § 1103; 8 U.S.C. § 1323

**Response to No. 3**: Disagree on the basis that Department of Homeland Security (DHS) is a defendant in this matter, and is the parent agency of U.S. Customs and Border Protection (CBP) and the CBP's National Targeting Center (NTC). Second Amended Complaint (Dkt. 161); Dugan Dec. ¶¶ 1, 2. CBP Officers at the Regional Carrier Liaison Group (RCLG) in Honolulu, Hawaii requested via REDACTED  e-mail that Philippine Airlines follow a "POSSIBLE NO BOARD REQUEST" REDACTED

Mustafa Kamal Dec. Ex. C.  The practical result of CBP's request was that Ms. Mustafa Kamal was denied boarding on her flight from Kuala Lumpur to Manila on December 1, 2013, and ultimately the ability to testify at trial.  Mustafa Kamal Dec. ¶¶ 10-19.  Disagree on the basis that 8 U.S.C. § 1103 (entitled "Powers and duties of the

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v. DHS ET AL., 3:06-CV-00545-WHA (N.D. CAL)
WARNING: THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW,' AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS' SSI DESIGNATIONS IN THIS ACTION.

**Secretary, the Under Secretary, and the Attorney General) and 8 U.S.C. § 1323 (entitled "Unlawful bringing of aliens into United States) do not support the legal conclusion that defendants did not deny Ms. Mustafa Kamal boarding on her flight.**

4. CBP's December 1, 2013 email to Philippine Airlines regarding Ms. Mustafa Kamal was sent in connection with the agency's practice of assisting carriers transporting passengers to the United States to inform the carrier's decisions with respect to those passengers who may lack appropriate documentation or be found inadmissible upon arriving at a United States port of entry.

8 U.S.C. § 1231(e); 8 U.S.C. § 1323.

**Response to No. 4: Disagree on the basis that 8 U.S.C. § 1231(e) (entitled "Payment of expenses of removal") and 8 U.S.C. § 1323 (entitled "Unlawful bringing of aliens into United States) do not describe the legal basis for CBP's particular "practice of assisting carriers."**

5. Ms. Mustafa Kamal's assertions regarding her travel difficulties are not relevant to this litigation because she is not a party to this litigation, this case is not a class action, and the evidence does not relate to a claim or defense.

Compl., Dkt. 161; Federal Rules of Evidence 401

**Response to No. 5: Disagree on the basis that Ms. Mustafa Kamal's travel difficulties are relevant to Dr. Ibrahim's due process claim that placement** REDACTED **infringes on her fundamental rights, including the right to travel internationally. Second Amended Complaint (Dkt. 161), ¶¶ 123-125; Fed. R. Evid. 401. Defendants admit that** REDACTED

**B. Dugan Dec. ¶ 5; RT 312:14-313:12 (defendants' response to Request for Admission No. 1). Defendants claim that Dr. Ibrahim's** REDACTED **"does not interfere with any liberty or property interest" and that Dr. Ibrahim's "inability to travel to the United States stems from her lack of a visa." Defs.' Post-Trial Proposed Findings of Fact and Conclusions of Law, ¶¶ 4, 6. Defendants' actions regarding Ms. Mustafa Kamal (an American citizen who does not require a visa to travel to the United States) tend to prove that** REDACTED **serves as an independent basis for infringing upon the right to international travel, separate and apart from the lack of a visa. Fed. R. Evid. 401.**

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v. DHS ET AL., 3:06-CV-00545-WHA (N.D. CAL)
WARNING: THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW,' AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS' SSI DESIGNATIONS IN THIS ACTION.

6.   Ms. Mustafa Kamal's assertions regarding her travel difficulties are not relevant to this litigation because the evidence does not involve facts that are of consequence in determining the action, and any probative value is substantially outweighed by the prejudice and confusion on the issues.

Federal Rules of Evidence 401, 403

**Response to No. 6: Disagree on the basis that Ms. Mustafa Kamal's travel difficulties are relevant to Dr. Ibrahim's due process claim that placement** REDACTED **infringes on her fundamental rights, including the right to travel internationally. Second Amended Complaint (Dkt. 161), ¶¶ 123-125; Fed. R. Evid. 401. Defendants admit that** REDACTED

REDACTED

**Dugan Dec. ¶ 5; RT 312:14-313:12 (defendants' response to Request for Admission No. 1). Defendants claim that Dr. Ibrahim's** REDACTED **"does not interfere with any liberty or property interest" and that Dr. Ibrahim's "inability to travel to the United States stems from her lack of a visa." Defs.' Post-Trial Proposed Findings of Fact and Conclusions of Law, ¶¶ 4, 6. Defendants' actions regarding Ms. Mustafa Kamal (an American citizen who does not require a visa to travel to the United States) tend to prove that** REDACTED **serves as an independent basis for infringing upon the right to international travel, separate and apart from the lack of a visa. Fed. R. Evid. 401.**

**Defendants have not shown that the relevance of the information regarding Ms. Mustafa Kamal is outweighed by any risk of unfair prejudice or confusion of the issues. Fed. R. Evid. 403. The fact that individuals with** REDACTED REDACTED **can be prevented from traveling is highly relevant and not prejudicial or confusing.**

7.   Defendants are not responsible for any actions undertaken by Malaysian Airlines.

> Proposed Findings of Fact: 11-13; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992) (noting that a plaintiff lacks standing to challenge the government for actions taken by third parties that the government did not cause); *Allen v. Wright*, 468 U.S. 737, 759–61 (1984) ("The links in the chain of causation between the challenged Government conduct and the asserted injury are far too weak for the chain as a whole to sustain respondents' standing")

**Response to No. 7: Disagree on the basis that defendants' conduct was the cause of Ms. Mustafa Kamal's inability to fly to the United States. But for defendants' requests, via** REDACTED **e-mail to Philippine Airlines, Ms. Mustafa Kamal would not have been denied**

SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER IN IBRAHIM v DHS ET AL , 3:06-CV-00545-WHA (N D CAL)
WARNING THIS RECORD MAY CONTAIN SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 CFR PART 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED TO KNOW, AS DEFINED IN 49 CFR PART 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. PLAINTIFF IS NOT THE DESIGNATING PARTY AND OBJECTS TO DEFENDANTS SSI DESIGNATIONS IN THIS ACTION.

**boarding on her flight from Kuala Lumpur to Manila.** *See* **Mustafa Kamal Dec. ¶¶ 10-19 and Ex. C; Dugan Dec. ¶¶ 8-13.** "A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm." CACI 430; *see also Mitchell v. Gonzales*, 54 Cal. 3d 1041, 1052 (Cal. 1991) (the "substantial factor" test subsumes the "but for" test of causation, that is, "but for" the defendant's conduct, the plaintiff's harm would not have occurred). Disagree on the basis that the cases cited by defendants regarding standing are inapposite, given that Dr. Ibrahim does not seek to adjudicate any claims concerning Ms. Mustafa Kamal.

DATED: December 20, 2013

McMANIS FAULKNER

/s/ Elizabeth Pipkin
ELIZABETH PIPKIN

Attorneys for Plaintiff,
Rahinah Ibrahim