IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | No. C 06-00545 WHA<br><br>**REQUEST REGARDING ENTITLEMENT TO FEES AND COSTS** |

In the fees and costs motion, plaintiff appears to be seeking fees and costs to which she is not entitled to recover, including fees and costs associated with past settlements. This raises a question to address at the hearing on March 20.

On March 15, 2010, plaintiff stipulated for entry of judgment with the San Francisco defendants, John Bondanella, and the US Investigations Services, Inc. ("USIS") (Dkt. No. 328). The stipulation stated: "[a]s among plaintiff, the San Francisco defendants, Bondanella, and USIS, all parties are to bear their own costs and attorneys' fees." "When Dr. Ibrahim received a settlement of $225,000.00 from the non-federal defendants, [plaintiff's counsel] McManis Faulkner was paid $195,431.35 in account for fees and costs" (Dkt. No. 696, McManis Decl. ¶ 3). Costs of $437.60 were taxed against defendants appellees in August 2012 for the appeal (Dkt. Nos. 355, 356).

Nevertheless, plaintiff's motion for attorney's fees and costs appears to include fees wrapped in with the prior settlements. Here are some examples:

> "Telephone conference call with attorneys Flynn and Keith (offer to compromise)" (Mar. 3, 2010) (Dkt. No. 699-1 at 69),
>
> "Confer with attorneys WF and JM (offer to compromise)" (Mar. 3, 2010) (*id*. at 70),
>
> "Review Court Order (offer to compromise); Instruct legal assistant (same)" (Mar. 11, 2010) (*id*. at 72),

"Prepare stipulation for entry of judgment and proposed judgment" (Mar. 12, 2010) (*id*. at 72),

"Email from antdto [sic] attorney Keith; Memorandum to and from SS (settlement information)," (Mar. 12, 2010) (*id*. at 72),

"Confer with ME (judgment revisions)" (Mar. 12, 2010) (*id*. at 72),

"Confer with legal assistant (stipulated judgment)" (Mar. 15, 2010) (*id*. at 72), and

"Review signed stipulated judgment; Review court emails" (Mar. 15, 2010) (*id*. at 71).

All pin cites are to Dkt. No. 699-1 out of 172 pages.

The following line items are also of dubious merit. This action was filed on January 27, 2006. Yet, plaintiff seeks approximately $39,000 in fees allegedly incurred in 2005. The bench trial was completed on December 6, 2013. Plaintiff seeks approximately $132,000 in fees allegedly incurred in 2014 (Dkt. Nos. 699-1, 711). Moreover, plaintiff did not prevail on all claims. The declaration of Christine Peek, Exhibit A, however, shows requests for at least the following questionable fees:

"Review applicable authorities (Federal Tort Claims)," (June 29, 2005) (*id*. at 4),

"Review applicable authorities (First Amendment)," (July 26, 2005) (*id*. at 5),

"Review applicable authorities (Freedom of Religion)," (Jan. 6, 2006) (*id*. at 7),

"Review applicable authorities (equal protection)," (Jan. 4, 2006) (*id*. at 7),

\* \* \*

"confer with ME (status of research)," (Mar. 27, 2006) (*id*. at 10),

"Prepare opposition to motion to dismiss in D.C. Circuit," (July 25, 2006) (*id*. at 20),

"Prepare opposition to motion to dismiss D.C. Circuit petition," (July 31, 2006) (*id*. at 21),

"Prepare motion for oral argument and supporting declaration (D.C. Circuit action)," (Sept. 12, 2006) (*id*. at 22),

2

"Review 60-minutes video re No-Fly List,"
(Oct. 10, 2006) (*id*. at 23),

"Telephone call to Michael Terry (D.C. Circuit mediation),"
(Nov. 16, 2006) (*id*. at 24),

"Review and respond to multiple calls and emails re opinion,"
(Aug. 19, 2008) (*id*. at 31),

"Prepare DC Circuit report,"
(Sept. 10. 2008) (*id*. at 32),

"Review applicable authorities (immigration privileges),"
(June 12, 2009) (*id*. at 42),

"Review applicable authorities (administrative procedure act),"
(Aug. 4, 2009) (*id*. at 46),

"Plan and prepare for depositions of San Francisco defendants,"
(Oct. 27, 2009) (*id*. at 52),

"Telephone conference call with opposing counsel for San Francisco defendants, Bondanella, and USIS (case management),"
(Dec. 28, 2009) (*id*. at 61),

"Prepare mediation questionnaire," (Feb. 23, 2010) (*id*. at 71),

"Meeting with amicus counsel," (Apr. 23, 2010) (*id*. at 74),

"Review Muslim Advocates Amicus; Emails to and from amicus counsel," (Sept. 30, 2010) (*id*. at 92),

"Review Asian Law Caucus Amicus; Memorandum to/from amicus counsel," (Oct. 1, 2010) (*id*. at 92),

"confer with ME (status and plan)," (Oct. 4, 2010) (*id*. at 92),

"confer with attorney JM (status, plan)," (Nov. 4, 2010) (*id*. at 94),

\*     \*     \*

"Telephone conference with Judge Corley and opposing counsel (settlement conference)," (Nov. 6, 2012) (*id.* at 105),

"Manage data in CaseMap," (Mar. 25, 2013) (*id*. at 114),

"Prepare documents for uploading to CaseMap"
(Mar. 28, 2013) (*id*. at 115),

"Appear for/attend fingerprinting appointment for TSA clearance,"
(June 4, 2013) (*id*. at 116),

"Prepare for depositions and prepare letter brief to court regarding Holder and Clapper depositions," (May 20, 2013) (*id*. at 119),

"Prepare documents," (June 11, 2013) (*id*. at 123),

"Prepare third amended complaint," (July 10, 2013) (*id*. at 131),

"Manage data/files (backup CaseMap files),"
(July 24, 2013) (*id*. at 134),

"File organization," (Aug. 15, 2013) (*id*. at 138),

\*   \*   \*

"Prepare Ninth Circuit petition for review of TSA's final orders re SSI," (Jan. 6, 2014) (*id*. at 170),

"Confer with expert Kahn (follow up)," (Jan. 15, 2014) (*id*. at 171), and

"Confer with EP, CP, and RK (status and plan)"
(Jan. 16, 2014) (*id*. at 171).

*Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1259 (9th Cir. 2008), was filed on August 18, 2008, and *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 997 (9th Cir. 2012), was filed on February 8, 2012.

Both sides should please be prepared to address specific line items at the March 20 hearing on plaintiff's motion for attorney's fees and costs. This order notes the government's competing spreadsheet (Dkt. No. 709-2, Freeborne Decl. Exh. 2). Also, plaintiff did not group tasks on her fee spreadsheet by project or consistently identify the claim(s) or issue(s) for which the tasks pertained. Plaintiff's spreadsheet as presented makes it difficult to examine the fees sought in relation to the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 439 (1983).

Contrary to plaintiff, her request for approximately $3.67 million in fees and $294,000 in costs does not appear to account for overstaffing, redundancy, and inefficiencies. By **NOON ON MARCH 13**, plaintiff may file a separate itemized, detailed spreadsheet showing fees excluded from her fee request and the total sum of excluded fees (by year and final total).

For its part, the government should be prepared to explain whether it has meet its burden of demonstrating substantial justification. 28 U.S.C. 2412(d)(1)(A).

Dated: March 6, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4