IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 06-00545 WHA<br><br>**ORDER RE ATTORNEY'S<br>FEES AND EXPENSES** |

　　　1.　　As recently held in a companion order, plaintiff is entitled to recover reasonable attorney's fees and expenses incurred on the procedural due process, substantive due process, Administrative Procedure Act claims and post-2012 standing issues.

　　　2.　　The following procedure will be used to determine the amount of an award herein. It will be structured to allow meaningful evaluation of the time expended.

　　　3.　　No later than **MAY 1, 2014**, plaintiff's attorneys must file and serve a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time for the issues allowed. For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in ABC deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $125 | $562.50 |
| 01-10-01 | XYZ | Research procedural due process clause issue. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take ABC deposition. | 8.5 | $125 | $1,062.50 |
| 01-12-01 | RST | Prepare for and take ABC deposition. | 7.0 | $100 | $700 |
| | | Project Total: | 23.5 | | $2,670 |

4. All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end. Include only entries for which compensation is allowed, *i.e.*, after application of "billing judgment." For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage. This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

5. A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case and serve as a check against "piling on."

6. The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for

2

each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

7. Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive. To allow for symmetry, however, the award will take into account the staffing used by the opposing party. The burden is on movant to make such a showing.

8. If the opposing party doubts the accuracy of the declaration, then the moving party must immediately produce the original underlying time records for inspection upon request. The opposing party must then file and serve any opposition. In this case, the opposition will be due **FOURTEEN CALENDAR DAYS** after plaintiff's detailed declaration is filed. If the opposing party contends that any item or project was excessive, then the opposition must explain why and provide a declaration setting forth completely all time expended by the opposing party on the same project, in the same format described above, so that symmetry may be considered, also making available the underlying records for inspection if requested. If any billing rates are challenged, then the opposition must state the billing rates charged to the opposing party for all professionals representing the opposing party in the case and their experience levels. The opposing declaration must also state, as to each project, the percentage of the project the opposition contends was directed at issues on which fees are awardable,

1  stating reasons for the percentage.  This percentage should then be applied against the project
2  total to isolate the recoverable portion.

3      9.    The opposing submissions may not simply attack the numbers in the application.
4  It must also set forth a counter-analysis.  The counter-analysis should be in the same format
5  required of the applicant, arriving at a final number.  The opposition must clearly identify each
6  line item in the application challenged as excessive, improper or otherwise unrecoverable and
7  explain why.  The opposition, for example, may annotate (legible handwriting will be
8  acceptable) the applicant's declaration to isolate the precise numbers at issue.

9      10.    With the benefit of both sides' filings, representatives of the parties with final
10 decision authority shall meet *in person* in this district and confer to try to resolve all differences
11 as to the amount.  If no agreement is reached, the moving party must file and serve a declaration
12 showing full compliance with this paragraph, explaining when, where and who met, their
13 decision authority, how long they met, what documents were reviewed together, and the
14 principal points of disagreement.  This must be done within **28 CALENDAR DAYS** of the filing of
15 movant's detailed declaration.

16     11.    If no agreement is reached, a special master shall then be appointed.  If the
17 parties cannot agree on a special master, then the Court shall select a special master to
18 determine the value of services and fees and expenses to be awarded.  The parties must so
19 advise the Court on this within **28 CALENDAR DAYS** of the filing of movant's detailed
20 declaration.  Any communication with a special master to check on his or her availability must
21 be made jointly by counsel.

22     12.    The special master shall have all the powers set forth in FRCP 53(c) and
23 FRCP 54(d)(2)(D).  The parties shall provide the special master with copies of all motion
24 papers and other documents relevant to this dispute.  The special master shall review the briefs
25 and declarations by the parties on the pending motion, hear argument, and then determine a
26 reasonable amount to award, including any fees on fees.  The special master shall also
27 determine the extent to which any discovery should be permitted — with the caution that further
28

1  discovery should be the exception and not the rule. The special master shall then prepare and
2  file a report on recommended findings and amount.

3      13.    Absent any supplementation or hearing allowed by the special master, the
4  foregoing submissions (together with the briefs already filed) shall be the entire record for the
5  motion. There will be no replies unless allowed later by the special master. Any further
6  submissions for the special master's use should not be filed with the Court. If objections are
7  later made to the special master's report, the objecting party must file a declaration submitting
8  to the Court a complete appendix of relevant communications with the special master.

9      14.    Any objections to this procedure or proposed modification must be filed by
10  **NOON ON APRIL 23**.

**IT IS SO ORDERED.**

Dated: April 15, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5