IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>    Defendants.<br>                                        / | No. C 06-00545 WHA<br><br>**ORDER RE REVIEW OF<br>CLERK'S BILL OF COSTS** |

### INTRODUCTION

In this post-trial satellite litigation, the parties have filed hundreds of pages with the Court fighting over fees, expenses, and costs. This order addresses the government's motion for review, reduction, or denial of the Clerk's taxation of costs. For the reasons stated herein, the Clerk's taxation of costs is reduced.

### STATEMENT

The procedural history of this action is summarized in a companion order which addresses at length plaintiff's motion for attorney's fees and expenses. In the main, plaintiff's counsel are entitled to recover reasonable fees and expenses incurred for the procedural and substantive due process claims, Administrative Procedure Act claim, and defendant's lack-of-standing arguments following the remand in 2012. A special master procedure is set forth in a separate order. The facts relevant to this costs motion are as follows.

In December 2013, a five-day bench trial occurred. In January 2014, findings of fact, conclusions of law, and order for relief issued. Plaintiff was the prevailing party.

On January 28, plaintiff's counsel submitted a bill of costs for $58,615.31 (Dkt. No. 693). They also submitted more than 100-pages of invoices. The same day, plaintiff's counsel filed a motion for attorney's fees and costs, seeking $3.67 million in fees and $294,000 in expenses.

On February 7, plaintiff's counsel submitted four supplements to their bill of costs (Dkt. Nos. 704–07). The supplements were spreadsheets itemizing the costs sought via the invoices.

On February 21, the Clerk taxed $53,699.13 in costs. The breakdown was as follows: $2,320.00 for fees of the Clerk, $3,525.74 for fees for service of summons and subpoena, $26,690.00 for fees for printed and electronically recorded transcripts necessarily obtained for use in the action ($4,000.80 were disallowed as outside the ambit of Local Rule. 54-3(c)), $240.00 for witness fees, $7,954.34 for fees for exemplification and costs of making copies of materials where the copies were necessarily obtained for use in the action, $12,969.05 for other costs (Dkt. No. 713).

On February 28, after filing objections, defendants filed a motion for review of the Clerk's taxation of costs. The parties had an opportunity to request oral argument on this motion, but the deadline passed and no request was made. This motion follows full briefing.

**ANALYSIS**

**1.  COUNSEL'S SUPPLEMENTS.**

Plaintiff's untimely supplements filed on February 7 without leave of Court and after the fourteen-day deadline are hereby **STRICKEN** (Dkt. Nos. 704–07). As the government argues and the undersigned judge agrees, these were filed more than a week late and after the parties met and conferred. *See* Local Rule 54-1(a). Counsel should have provided all supporting materials by the deadline.

**2.  TAXATION OF COSTS.**

FRCP 54(d)(1) states that costs should be allowed to the prevailing party. Section 1920 provides for taxation of the following costs:

2

>    (1) Fees of the clerk and marshal;
>
>    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under section 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Local Rule 54-3 sets forth the standards for taxing costs. Relevant herein are the fees for filing and service of process (Local Rule 54-3(a)), deposition transcripts (Local Rule 54-3(c)), reproduction and exemplification (Local Rule 54-3(d)), and witness expenses (Local Rule 54-3(e)).

**LOCAL RULE 54-3(A) — FEES OF THE CLERK (EXHIBIT A).**

This order taxes **$955** for the complaint filing fee, appellate filing fee, and docketing fee for the April 2010 notice of appeal. No other fees are taxable in this category.

The Clerk taxed $2,320. Local Rule 54-3(a)(1) states: "The Clerk's filing fee is allowable if paid by the claimant." FRAP 39(a) states that "if a judgment is affirmed, costs are taxed against the appellant" but "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." In 2008, our court of appeals affirmed in part and reversed in part an order granting defendants' motion to dismiss. *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1253 (9th Cir. 2008). In 2012, our court of appeals reversed in part, affirmed in part, and vacated in part an order dismissing remaining claims. *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 999 (9th Cir. 2012). In 2012, the Clerk of our court of appeals taxed $437.60 against defendants for plaintiff's excerpt of record and briefs (Dkt. Nos. 355, 356).

This order finds that the docketing fees for the notices of appeal filed in 2006, 2009, and February 2010 are not taxable because plaintiff's main relief was obtained in the 2012 appellate decision. The filing fees and docketing fee for the April 2010 notice of appeal are taxable.

3

**LOCAL RULE 54-3(A) — SERVICE (EXHIBIT B).**

This order taxes costs reasonably required and actually incurred for service of the federal defendants remaining in the action at trial and for service of any witnesses who appeared at trial (*e.g.*, FBI Special Agent Kevin Michael Kelley). To the extent stated below, no other fees shall be taxed for this category. By **NOON ON APRIL 30**, the parties shall jointly file a statement indicating the fees to be taxed for this category in accordance with this order. Based on the 55-pages of invoices plaintiff submitted, it is difficult at this time to decipher which invoices correspond to which defendants and for what purpose. Some but not all of the names and purposes are recognizable. Accordingly, the parties are encouraged to work out their differences via a meet-and-confer. To be clear, the Clerk's taxation of $3,525.74 in this category will not be adopted wholesale.

Local Rule 54-3(a)(2) states in relevant part (emphasis added): "Fees for service of process by someone other than the marshal acting pursuant to [FRCP] 4(c), are allowable to the extent *reasonably required* and actually incurred." In April 2006, plaintiff filed a notice of voluntary dismissal for defendant County of San Mateo (Dkt. No. 49). In March 2010, plaintiff settled with the San Francisco defendants, John Bondanella, and the US Investigations Services, Inc. "As among plaintiff, the San Francisco defendants, Bondanella, and USIS, all parties are to bear their own costs and attorneys' fees" (Dkt. No. 328). Only the federal defendants proceeded to trial.

*First*, plaintiff seeks costs for serving the County of San Mateo, City of San Francisco, San Francisco Police Department, "Richard Pate, SFPD," "John Cunningham, SFPD," John Bondanella, United Airlines, Inc., UAL Corporation, "Elizabeth Maron, SFPD," County of San Francisco, San Francisco Airport, US Investigations Services, Inc., and others. Costs for serving these individuals and entities are not taxable herein because these individuals settled out long ago. Plaintiff and the settling defendants *agreed* to bear their own costs.

*Second*, in this category of "service of summons and subpoena," plaintiff's counsel include invoices for obtaining records from the "American Medical Response" and

4

"San Francisco Fire Department." These are not taxable. Indeed, plaintiff's counsel provide no supporting authority.

*Third*, plaintiff's counsel seek costs for serving deposition subpoenas on Attorney General Eric H. Holder, Jr. and the Director of National Intelligence James R. Clapper. A May 2013 order quashed these depositions (Dkt. No. 481). These will not be taxed.

*Fourth*, the government objects to invoices for four "may call" witnesses that plaintiff apparently served trial subpoenas on but did not call at trial: David Nevins, John Pearson, Kenneth Cottura, and Richard Pate. Plaintiff listed 48 witnesses on her trial witness list (Dkt. No. 568). Plaintiff's counsel argue that John Pearson, Kenneth Cottura, and Richard Pate came to Court in anticipation of being called for trial, but nevertheless counsel never called them. This order declines to tax these particular costs because these individuals were never called and it was unreasonable to list 48 witnesses on her list in light of the time allotted for trial. Reasonable judgment should be used in serving trial subpoenas. We cannot burden third-parties and then tax the losing side with the costs.

**LOCAL RULE 54-3(C) — DEPOSITION TRANSCRIPTS (EXHIBIT C).**

This order taxes **$18,218.78** for deposition costs. The Clerk taxed $26,690 for "fees for printed or electronically recorded transcripts obtained for use in this case," after disallowing $4,000.08 as "outside the ambit" of Local Rule 54-3(c). The government proposes no more than $15,319.50 be taxed (Dkt. No. 717). Local Rule 54-3(c) states (emphasis added):

> (1) *The cost of an original and one copy of any deposition* (including videotaped depositions) *taken for any purpose in connection with the case is allowable*.
>
> (2) The expenses of counsel for attending depositions are not allowable.
>
> (3) *The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable*.
>
> (4) Notary fees incurred in connection with taking depositions are allowable.
>
> (5) The attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness.

5

1  Plaintiff's counsel submitted invoices for the depositions of the FBI, Department of State,
2  Terrorist Screening Center, plaintiff herself, Professor Shirin Sinnar, Professor Jeffrey Kahn, and
3  Kevin Kelley. In addition to the costs for the deposition transcripts and exhibits, plaintiff's
4  counsel seek costs for rough transcripts, wait fees, shipping-and-handling fees, real-time service
5  fees, "Video on DVD w/ synch" fees, conference room rentals, and the reporter's certificates.
6  This order finds the "extra" costs duplicative and unsupported by Local Rule 54-3(c). The local
7  rule permits recovery of the cost of an original, a copy, and exhibits. The costs taxed in this
8  category are so limited.

### LOCAL RULE 54-3(D) — REPRODUCTION AND EXEMPLIFICATION (EXHIBIT E).

This order taxes **$857.47** for fees for exemplification and costs of making copies of any materials where the copies were necessarily obtained for use in the case. The Clerk taxed $7,954.34. The government proposes no more than $491.93 be taxed. Local Rule 54-3(d) states (emphasis added):

> (1) The cost of reproducing and certifying or exemplifying government records used for any purpose in the case is allowable.
>
> (2) *The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable*.
>
> (3) The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.
>
> (4) *The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided*.
>
> (5) The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are *reasonably necessary to assist* the jury or *the Court* in understanding the issues at the trial.

Counsel's request for almost $8,000 is supported by three invoices.

*First*, counsel seek $1,457.75 for processing and producing "expert Jeffrey Kahn's documents in response to Defendants' November 8, 2013 Subpoena." The government quibbles about whether a subpoena was necessary because plaintiff should have produced the notes as part of her expert disclosures and in electronic form. There is, however, some merit to the government's argument that the additional service fees for "Convert to PDF," "Blowbacks," and "DVD Duplicate" may not have been necessary. Accordingly, these additional line items are

6

1  reduced but the balance spent on producing documents are taxed because these documents were
2  produced pursuant to defendants' subpoena and "used for any purpose in the case."
3  *Second*, counsel seek $6,496.59 for "two sets of trial exhibits." Defendants state that *they*
4  prepared the exhibit binders submitted to the Court — not plaintiff's counsel. Plaintiff's counsel
5  responds: "Plaintiff inadvertently claimed copies of trial exhibits as copies for the Court. These
6  were actually trial binders with copies of the exhibits for *use of plaintiff's counsel*." This sum is
7  not taxable.

### LOCAL RULE 54-3(E) — WITNESSES (EXHIBIT D).

This order taxes **$280** for fees of witnesses. Local Rule 54-3(3) states: "Per diem, subsistence and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Section 1821(b) states (emphasis added):

> A witness shall be paid an *attendance fee of $40 per day* for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

The Clerk reduced plaintiff's request from $484.06 to $240.00 for six witnesses (seven days) at $40 per day. This order observes that plaintiff indicated that Kevin Kelley attended two days so $280 should be taxed.

### SECTION 1920(6) — OTHER COSTS (EXHIBIT F).

No costs will be taxed for this category, even though the Clerk taxed $12,969.05.

*First*, plaintiff's counsel sought costs for obtaining sensitive security information clearance. No authority supporting taxation of these costs is provided. Indeed, neither Section 1920 nor Local Rule 54-3 identifies such costs as being recoverable. They are not taxable.

*Second*, plaintiff's counsel sought $5,166 in "fee(s)" for Professor Jeffrey Kahn's deposition on two days in 2013. Professor Kahn's hourly rate was $500 per hour. To be clear, Professor Kahn was not a court-appointed expert. 28 U.SC. 1920(6). Local Rule 54-3(e) states: "*No other witness expenses, including fees for expert witnesses, are allowable*."
Accordingly, these expert fees are not taxable.

7

*Third*, plaintiff's counsel sought $6,972 in costs for "[t]rial database preparation of video clips for Plaintiff's deposition." Counsel argue that because plaintiff was unable to attend trial in person, they had to cull down more than twenty hours of deposition testimony. Our court of appeals has stated that "the costs of deposition editing and synchronizing are not authorized by [Section] 1920." *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). These deposition-video-preparation costs are not taxable.

*Fourth*, plaintiff's counsel sought $662.70 for translating a police report from Malay to English — the document was provided to defendants in discovery. The Supreme Court has held that Section 1920(6) does not include costs for document translation. *Taniguchi v. Kan Pac. Saipan, Ltd.*, — U.S. —, 132 S. Ct. 1997, 2007 (2012). This sum is not taxable.

*Finally*, to be clear, there is no authority for counsel's attempt to recover the cost of obtaining eight copies of Professor Kahn's book (the Clerk disallowed these costs) and the five dollars incurred for obtaining a sheriff's report. Accordingly, no costs shall be taxed from exhibit F.

## CONCLUSION

For the reasons stated herein, the Clerk's taxation of costs is reduced. The sum of $20,311.25 is **TAXED**. The additional sum to be taxed under Local Rule 54-3(a) shall be determined following the parties' joint statement due by **NOON ON APRIL 30**. The statement shall indicate the costs reasonably required and actually incurred for service of the federal defendants remaining in the action at trial and for service of any witnesses who appeared at trial. Timely unrecovered costs may be submitted to the special master as "expenses."

**IT IS SO ORDERED.**

Dated: April 15, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8