IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 06-00545 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND ORDER RE OBJECTIONS TO THE SPECIAL-MASTER PROCEDURE** |

　　In this satellite litigation over attorney's fees and expenses, the motion for leave to file a motion for reconsideration is **DENIED**. This order also addresses the parties' objections to the special-master procedure.

　　**1.　MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION.**

　　Plaintiff's counsel move under Local Rule 7-9(b)(1) and 7-9(b)(3) for leave to file a motion for reconsideration of the April 2014 order on attorney's fees and expenses (emphasis added):

> (1) That at the time of the motion for leave, *a material difference in fact* or law *exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought*. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> 　　　　＊　　　　　　＊　　　　　　＊
>
> (3) *A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order*.

　　Neither ground applies. There is no material difference in fact or failure to consider material facts. Central to the application are the government's declarations filed on April 15.

1  Even though plaintiff's counsel urged entry of an attorney's fees order without delay in
2  February 2014 and opposed the government's request to wait, the April 2014 order was entered
3  only after review of the April declarations (Dkt. Nos. 711, 724). Indeed, in March 2014, the
4  Court asked the government if they could summarize the declarations in advance of the April 15
5  deadline so that the attorney's fees order could be issued without delay. At that time, the
6  government was not in a position to summarize the declarations, so the Court waited until it could
7  read the declarations (Dkt. No. 730). After reviewing the declarations, the attorney's fees order
8  was finalized. Even considering counsel's latest arguments, this order finds no bad faith
9  warranting a fee award of $3.67 million.

10  *First*, plaintiff's counsel argue that the State Department's visa denial letter to Dr.
11  Ibrahim, dated April 14, 2014, notifying her that she is eligible to seek a waiver under 8 U.S.C.
12  1182(d)(3) "wrongfully brands Dr. Ibrahim as a terrorist." The letter was not issued in bad faith
13  but rather a part of the relief provided by the January 2014 order. The order required that the
14  government inform Dr. Ibrahim that she is eligible to at least apply for a discretionary waiver.

15  *Second*, plaintiff's counsel argue that Dr. Ibrahim was wrongly denied a visa in 2009 and
16  2013 under Section 1182(a)(3)(B)(i)(I). (She was denied a visa under Section 1182(a)(3)(B)(i)(I)
17  ("has engaged in a terrorist activity") and Section 1182(a)(3)(B)(i)(IX) ("spouse or child of an
18  alien who is inadmissible").) The back-up for these conclusions was previously provided to the
19  Court as classified information. The main point, however, is that visa denials may not be
20  reviewed by district courts. *Kleindienst v. Mandel*, 408 U.S. 753, 769–70 (1972).

21  *Third*, plaintiff's counsel argue that the declarations reveal the existence of more
22  watchlists and databases than previously disclosed in discovery. In 2012, plaintiff propounded an
23  interrogatory asking for identification of "any other lists or government databases into which
24  plaintiff's name has been placed." The government's response did not list some of the databases
25  the government later searched as part of the relief provided under the January 2014 order.
26  The discovery response, however, did include a relevance objection and stated that the response
27  was limited to "screening-related lists and databases" (Pipkin Decl. Exh. 2B). Plaintiff never
28  objected or moved for further response. There was no bad faith in the government's discovery

2

response and recent efforts, pursuant to court order, to cleanse all of its records of any residue of the 2004 mistake.

*Fourth*, plaintiff's counsel argue that the Passenger Identity Verification Form (PIVF) response (PIVF was succeeded by the Travel Redress Inquiry Program (TRIP)) provided to Dr. Ibrahim in 2006 is evidence of bad faith because the declarations reveal that more should have been done. The PIVF response stated:

> In response to your request, we have conducted a review of any applicable records in consultation with other federal agencies, as appropriate. *Where it has been determined that a correction to records is warranted, these records have been modified to address any delay or denial of boarding that you may have experienced as a result of the watchlist screening process* . . . . This letter constitutes TSA's final agency decision, which is reviewable by the United States Court of Appeals under 49 U.S.C. § 46110.

(TX 40) (emphasis added). The January 2014 order found that TRIP provided inadequate due process for Dr. Ibrahim. Indeed, the April 2014 order *granted* attorney's fees and expenses to plaintiff's counsel for the procedural and substantive due process and Administrative Procedure Act claims under the Equal Access to Justice Act. This much is warranted but that wrong cannot be a spring board to recover all fees expended for a multitude of other issues.

*Fifth*, plaintiff's counsel seek to dictate the contents of the attorney's fees order by arguing that the order did not "specifically address" the aforementioned items. Courts have discretion over which items of evidence to address in an order. The April 2014 order did not find bad faith, even after considering the declarations.

Accordingly, the motion for leave to file a motion for reconsideration is **DENIED**.

2. **PLAINTIFF'S OBJECTIONS TO THE SPECIAL-MASTER PROCEDURE.**

The April 2014 order provided a deadline to object to the *procedures* set forth in the order. Rather than raise valid objections, plaintiff's counsel submitted an eleven-page brief arguing:

> Plaintiff respectfully objects to the Court's decision to eliminate work done on the petition to the Ninth Circuit and subsequently transferred to the D.C. Circuit, "visa issues," pre-2012 standing issues, discovery, and privilege issues. If the parties require a special master's assistance, the special master should examine these entries and determine the amount of fees to be awarded for the work performed on these tasks.

This argument is misplaced. The special master cannot overturn the April 2014 order.

3

Rather, the special master works with the parties to calculate the *amount* of fees and expenses to be awarded pursuant to the April 2014 order. Accordingly, this order need not address each of counsel's arguments because they essentially seek reconsideration of the April 2014 order.

The only *procedural* objection plaintiff's counsel make is to say that they cannot provide their time records by project. This order requires counsel to do so. Counsel must do the best they can. To simply pawn off all of the hard work on an overworked district and the special mater is unduly burdensome.

Plaintiff's counsel also ask that the special master use a cost-of-living adjustment. Section 2412(d)(2)(A)(ii) of Title 28 of the United States Code states (emphasis added):

> attorney fees shall not be awarded in excess of $125 per hour *unless the court determines that an increase in the cost of living or a special factor*, such as the limited availability of qualified attorneys for the proceedings involved, *justifies a higher fee.*

Plaintiff's counsel ask that the special master use the "Statutory Maximum Rates Under the Equal Access to Justice Act" available on the website for our court of appeals. For example, this would allow plaintiff's counsel to use $156.79 for work done in 2005, $172.24 for work done in 2009, and $187.02 for work done in 2013. The government previously argued that "[a]ny award, moreover, must be based upon a statutory rate set forth in the EAJA adjusted for an appropriate cost-of-living . . . not the fee enhancement sought by Plaintiff in her petition" (Opp. 1). Even though plaintiff's counsel should have focused on the cost-of-living argument in their original motion (rather than the rate enhancement argument for Christine Peek and Marwa Elzankaly), this order will allow plaintiff's counsel and the special master to use the statutory maximum rates under the EAJA.

### 3. GOVERNMENT'S OBJECTIONS TO THE SPECIAL-MASTER PROCEDURE.

The government requests relief from paragraph 10 of the special-master procedure which requires that a person with final decision-making authority attend the meet-and-confer to settle fee disputes. Only the Associate Attorney General has authority to settle fees in excess of two million dollars. *See* 28 C.F.R. 0.160 – 0.172. Since plaintiff's counsel request $3.67 million, this may require the Associate Attorney General to attend the settlement conference.

4

The government seeks relief from this provision and represents that "any proposed settlement reached during the settlement conference [will] be presented to the Associate Attorney General on an expedited basis." Based on this representation, the government is relieved from having the Associate Attorney General attend the conference, if the attorney's fees sought are in excess of two million dollars.

The government also requests relief from paragraph 8 which requires submission of the government's time records. The Department of Justice does not bill its clients or maintain contemporaneous time records which reflect the actual time spent on specific tasks (Freeborne Decl. ¶¶ 2–3). Paragraph 8 is thus amended to exempt the government from submitting hourly rates. The government, however, shall submit the time records it does have (*e.g.*, "the time records kept by Division attorneys are recorded in broad categories based on the stage of a case"). The government should try to match the same level of detail provided by plaintiff's counsel.

**CONCLUSION**

For the reasons stated herein, the motion for leave to file a motion for reconsideration is **DENIED**. Plaintiff's counsel shall do the best they can to provide their time records by project. The special-master procedure is amended to relieve the Associate Attorney General from attending the meet-and-confer if the fees requested exceed two million. (The settlement proposals should be provided to the Associate Attorney General on an expedited basis). The government is relieved from submitting hourly rates but shall submit time records, trying to match the level of detail provide by plaintiff's counsel. The parties may use the "Statutory Maximum Rates Under the Equal Access to Justice Act" in calculating reasonable fees pursuant to the April 2014 order. Neither side has asked for relief from the deadlines, so all existing deadlines remain in place.

**IT IS SO ORDERED.**

Dated: April 25, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5