IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

    Plaintiff,

  v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

No. C 06-00545 WHA

**ORDER RE NON-COMPLIANT DECLARATIONS**

In this satellite litigation over attorney's fees and expenses, plaintiff's counsel have failed to make a good-faith effort at complying with the procedure for determining the proper amount of attorney's fees and expenses and defense counsel have failed to file their own time records. Both sides have until **NOON ON JUNE 9** to please comply.

                              *           *           *

On January 28, plaintiff's counsel filed a motion for attorney's fees and expenses in violation of the meet-and-confer requirement set forth in the local rules of our district court for such matters. *See* Civil Local Rule 54-5. In plaintiff's reply, counsel then violated our district's rules by referring to what happened during a prior confidential settlement conference. *See* ADR Local Rule 7-5(a). After full briefing and supplemental submissions, oral argument was held.

On April 16, an extensive order resolved the entitlement issue. The order stated: "Plaintiff's counsel must revise their submissions (for the special master) to account for the rules discussed in this order, including to account for good billing judgment." The order further stated that "plaintiff's counsel should review their time-sheets and reduce or remove any entries involving non-prevailing claims in accordance with this order." Plaintiff's counsel were

1  informed that they were not entitled to the whopping $3.67 million of fees and $294,000 in
2  expenses sought.  Counsel were entitled to recover reasonable attorney's fees and expenses
3  incurred on the procedural due process, substantive due process, Administrative Procedure Act
4  claims, and post-2012 standing issues.  That order determined *entitlement*.  A companion order
5  set forth a special-master procedure to determine the *amount* of fees to be awarded pursuant to
6  the entitlement order.  In addition, the order stated that the government's opposition must
7  "provide a declaration setting forth completely all time expended by the opposing party on the
8  same project, in the same format" (Dkt. Nos. 718, 739, 740).

   After plaintiff's counsel filed a motion for reconsideration, an April 25 order stated that
10 the "special master cannot overturn the April 2014 order.  Rather, the special master works with
11 the parties to calculate the *amount* of fees and expenses to be awarded pursuant to the
12 [entitlement] order."  Plaintiff's counsel were asked to do the best they could to comply with the
13 entitlement order, reserving, of course, their right to appeal on entitlement issues.  The
14 government was ordered to "submit the time records it does have" and "try to match the same
15 level of detail provided by plaintiff's counsel."

16  An April 29 order granted "plaintiff's unopposed administrative motion for extension of
17 time to file declaration re:  motion for attorney's fees and expenses in compliance with April 16,
18 2014 order" (Dkt. No. 752).

19  On May 13, plaintiff's counsel filed a declaration.  Counsel failed to reduce fees and
20 expenses in accordance with the entitlement order.  Instead, plaintiff's counsel merely separated
21 out 185 "projects" and continued to seek $3.88 million in fees (or $1.75 million in fees under the
22 EAJA) and $327,826.47 in expenses (Dkt. No. 756).  This was not a sincere effort to follow the
23 procedure.

24  On May 29, the government filed an opposition.  It stated:  "Plaintiff makes no attempt to
25 restrict her request to the limited issues the Court found to be awardable in its April 16 Order."
26 Exhibit 1 to the Freeborne Declaration was the government's effort at reducing plaintiff's
27 petition according to the entitlement order.  The government argued that the maximum amount

recoverable was $156,844 in fees. The government, however, failed to submit its own time records (Dkt. No. 757).

*     *     *

Both sides have not done what they were supposed to do. Plaintiff's counsel have failed to reduce fees for non-recoverable issues and to account for improper block-billing, overstaffing, and inefficiencies. They should have fully complied with the April 2014 orders, reserving their rights to appeal amounts removed because of the entitlement order. It is hard to believe there has been any kind of sincere misunderstanding. On the other hand, even though the government has made an effort at complying with the entitlement order, it has failed to include its own time records.

Accordingly, this order gives both sides one more chance to comply. The government shall submit its own time records. Plaintiff's counsel shall trim back the fees requested, limiting the submissions to those earlier found to be recoverable. Counsel for plaintiff's submission should also critique the government's counter-submission of $156,844. (Of course, plaintiff's counsel are free to reserve their rights on appeal.) If plaintiff's counsel fail to do this, the Court is likely to adopt the government's calculation and allocation to avoid the further expense of additional satellite litigation before the special master. These submissions are due by **NOON ON JUNE 9**. All existing deadlines remain in place.

**IT IS SO ORDERED.**

Dated: June 2, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3