IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>            Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>            Defendants.<br>                                                          / | No. C 06-00545 WHA<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

## INTRODUCTION

In this satellite litigation over attorney's fees and expenses, plaintiff's counsel filed a second motion for leave to file a motion for reconsideration of the order regarding attorney's fees and expenses. For the reasons stated herein, the motion is **DENIED**.

## STATEMENT

Five months have passed since plaintiff's counsel moved for attorney's fees and expenses. Now that the parties are preparing to go before a special master to determine the *amount* of fees and expenses to be awarded, plaintiff's counsel argue that the entitlement order should be reconsidered because the government has now stated the number of hours they spent litigating this matter. Reconsideration is not warranted.

                                    *          *          *

Judgment was entered in this action on January 14, 2014, following a five-day bench trial in December (Dkt. Nos. 682, 684). On January 28, plaintiff's counsel filed a motion for attorney's fees and expenses. That motion violated our district's local rules (Dkt. No. 694).

*See* Local Rule 54-5(a). On reply, plaintiff's counsel then violated our district's ADR rules. Nevertheless, after extensive briefing, supplemental submissions, and oral argument, an April 16 order granted in part and denied in part plaintiff's motion for attorney's fees. The April 16 order determined *entitlement* and a separate order set forth a special-master's procedure to determine the *amount*. The procedure required the parties to exchange time records (Dkt. Nos. 739, 740).

The next day, on April 17, plaintiff's counsel filed a motion for leave to file a motion for reconsideration. The motion was denied (Dkt. No. 748).

On April 23, the parties exchanged objections to the special-master's procedure (Dkt. Nos. 744, 746). An April 29 order granted plaintiff's motion to extend the time to file declarations complying with the April 16 order (Dkt. No. 752).

On May 13, plaintiff's counsel filed a declaration purporting to comply with the April 16 order. That declaration, however, continued to seek $3.88 million in attorney's fees for 9,616 hours of work. Counsel stated that 1,784 hours of work were excluded from their declaration (Dkt. Nos. 756-1, 756-3, Pipkin Decl. ¶ 16). In other words, plaintiff's counsel worked 11,400 hours on this matter.

The government's opposition stated that the "maximum amount of attorney's fees that should be awarded under the Court's April 16 Order is $156,844.28." The government urged for no fees to be awarded in light of counsel for plaintiff's repeated violation of the rules (Dkt. No. 757).

A June 2 order noted the violations by both sides. The order stated (Dkt. No. 758) (emphasis added):

> Accordingly, this order gives both sides one more chance to comply. *The government shall submit its own time records. Plaintiff's counsel shall trim back the fees requested, limiting the submissions to those earlier found to be recoverable* . . . . If plaintiff's counsel fail to do this, the Court is likely to adopt the government's calculation and allocation to avoid the further expense of additional satellite litigation before the special master.

On June 9, plaintiff's counsel filed a response but did not file a trimmed-back fee petition. Instead, plaintiff's counsel maintained that they had "already significantly reduced [their]

attorneys' fees in the exercise of ordinary billing judgment." They also critiqued the government's reductions, arguing that all fees sought were compensable (Dkt. No. 759).

The government filed their own time records, which showed 16,449 hours of work done by 26 attorneys, four paralegals, and an assistant. Counsel stated that "[t]he time record information provided, moreover, is a record of all time reported and maintained regarding this case" (Dkt. No. 760, Freeborne Decl. ¶ 8).

On June 13, plaintiff's counsel filed a second motion for leave to file a motion for reconsideration. Plaintiff's counsel filed notices of appeal as well (Dkt. Nos. 761–65).

On June 20, the government filed a response. The government urged a finding that "Plaintiff is entitled to no fees given her (repeated) non-compliance with the Court's orders, or at most, to $156,844.28, the amount Defendants' calculated" (Dkt. No. 767).

**ANALYSIS**

Local Rule 7-9(b) states (emphasis added):

> A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. *The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:*
>
> *(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or*
>
> *(2) The emergence of new material facts or a change of law occurring after the time of such order; or*
>
> *(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.*

Plaintiff's counsel argue that they should be granted leave to file a motion for reconsideration because it was only after the government was ordered to file declarations compliant with the April 16 order, did the government reveal that 31 government attorneys and staff spent 16,449 hours defending the case. In counsel for plaintiff's view, "significant time entries" were omitted from the government's records, including entries from Attorney John Tyler and TSA attorneys. Accordingly, plaintiff's counsel argue that the government should be ordered to provide "time

3

records for *all* attorneys and staff who worked on this case, including John Tyler and other omitted counsel" (Dkt. No. 765) (emphasis in original).

The government responds that no material difference in fact exists to warrant reconsideration because the aggregate hours spent by defense counsel representing large federal departments and agencies is not material to whether plaintiff's counsel are entitled to certain fees and expenses. The government argues that because they are not seeking fees, they do not have the same obligation to produce time records on a claim-by-claim basis. Government counsel stated that their prior declaration included (Dkt. No. 767, Freeborne Decl. ¶ 3) (emphasis added):

> *all time reported and maintained by Department of Justice Attorneys assigned to work on the above-captioned matter.* The time sheets in Dkt. 760-1 contain rough data (*i.e.*, the time as entered, without review or edits for "billing judgment"). And although time was not reported for former lead counsel, John Tyler, Defendants set forth in footnote 2 of undersigned counsel's June 9th declaration the docket entries that Mr. Tyler devoted significant time to in defense of this matter. *No further records exist within the Department of Justice's Office of Management Information regarding the time Mr. Tyler devoted to this case.*

This order finds that leave to file a motion for reconsideration of the April 16 order is not warranted.

*First*, plaintiff's counsel have failed to show reasonable diligence in discovering the government's time records. Plaintiff's counsel violated our district's local rules by failing to make a good-faith effort to meet and confer with government counsel before filing their attorney's-fees motion in January 2014. Local Rule 54-5(a) unambiguously states that "[c]ounsel for the respective parties *must* meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees" (emphasis added). Nevertheless, no effort was made. Plaintiff's counsel filed their petition and never asked for the government's time records. Moreover, at no time between January to April did plaintiff's counsel seek the Court's assistance in obtaining the government's time records. Following the April 16 entitlement order, a companion order set forth a special-master's procedure wherein the parties would exchange time records so that an appropriate *amount* of fees could be determined. When the government did not file their time records, plaintiff's counsel did not object. Instead, the undersigned judge *sua sponte* compelled the government to file their time records (Dkt. No. 757).

4

Now, five months have passed since plaintiff's original fee petition. Reconsideration is not warranted for no reasonable diligence was exercised by plaintiff's counsel to try to promptly obtain the government's time records.

*Second*, plaintiff's counsel have failed to show that the number of hours worked by government counsel (representing numerous federal departments and agencies) is a fact materially different from those facts presented prior to the April 16 order. Prior to April 16, the precise number of hours worked by government counsel was not laid out. The first sentence of the April 16 order, however, acknowledged the "large litigation resources" of our federal government. The order further noted that plaintiff argued that "defendants had at least twice as many attorneys as plaintiff in the courtroom [for trial] each day" (Dkt. No. 739). This order is thus unpersuaded that the precise number of hours worked by government counsel is a material fact different from those in the record in April 2014. To now revisit the entitlement order two months later based only on a bald comparison between the 16,449 hours worked by government counsel (without reductions) and the 9,616 hours worked by plaintiff's counsel — represented to reflect "significant" reductions rendering counsel unable to further reduce their petition — is unwarranted. It is plaintiff's burden to produce proper time records for the Supreme Court has stated:

> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, *the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates*. The applicant should exercise "billing judgment" with respect to hours worked, and *should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims*. We reemphasize that the district court has discretion in determining the amount of a fee award.

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (emphasis added). It is of lesser moment the precise number of hours worked by government counsel when plaintiff's counsel seek fees. Reconsideration is not warranted simply because we now know the total number of hours worked by government counsel. Of course, the special master may take into account the number of hours worked by government counsel when recommending a fee award.

5

Finally, counsel for plaintiff's request for time records for all attorneys and staff who worked on this case is **DENIED**. This is an unduly burdensome request that could span countless agencies and departments. Since the government represents that they have included "all time reported and maintained by the Department of Justice Attorneys assigned to work" on this matter and "[n]o further records exist," this order will take them at their word.

## CONCLUSION

This fee petition has resulted in months of protracted satellite litigation. Nevertheless, having considered the papers and for the reasons stated herein, plaintiff's motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 26, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6