IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,

    Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

    Defendants.

No. C 06-00545 WHA

**ORDER APPOINTING GINA MOON AS SPECIAL MASTER**

In this extended satellite litigation over attorney's fees and expenses, **ATTORNEY GINA MOON IS HEREBY APPOINTED AS A SPECIAL MASTER**.

\*          \*          \*

In January 2014, plaintiff's counsel filed a motion for attorney's fees and expenses in violation of our local rules (Dkt. No. 694). Following full briefing, supplemental submissions, and oral argument, an April 2014 order determined counsel's entitlement to attorney's fees and expenses. In brief, plaintiff's counsel may recover reasonable fees and expenses incurred for certain issues but not for other issues. This order will not restate the previously ruling. Both sides and the special master must abide by the previous ruling on these issues (Dkt. Nos. 739, 748). A companion order stated that the Court would select a special master to determine the amount of fees and expenses to be awarded (Dkt. No. 740). The special master has all the powers set forth in FRCP 53(c) and FRCP 54(d)(2)(D). The special master shall prepare and file a report on recommended findings and amount.

The parties were given adequate notice and an opportunity to be heard on the appointment of a special master and the special master's procedure. No objection to the appointment of a special master was timely made. The parties were then given an opportunity to suggest candidates, but they were unable to agree on a special master. A prior order proposed two candidates and an opportunity was given to make objections. No objections were made to the appointment of Attorney Gina Moon, who graciously agreed to cap her hourly rate to $200 per hour as a service to the Court and to save the parties expense (Dkt. Nos. 718, 739, 740, 748, 773).

Accordingly, the following is hereby ordered:

1. **ATTORNEY GINA MOON IS HEREBY APPOINTED AS A SPECIAL MASTER** pursuant to the Court's discretion under FRCP 53 and 54. By **NOON ON JULY 14**, Attorney Moon shall file a signed declaration undertaking the appointment and reference. The declaration shall: (1) disclose whether there is any ground for disqualification under 28 U.S.C. 455; (2) agree to the role of special master in this action; (3) agree to file a written report and recommendation regarding attorney's fees and expenses; (4) identify Attorney Moon's contact information for submissions from the parties; and (5) agree to cap her hourly rate to $200 per hour.

2. As previously stated, Attorney Moon shall not revisit prior rulings regarding entitlement. She must read and follow the entitlement order. She shall have all powers set forth in FRCP 53(c) and FRCP 54(d)(2)(D). She shall review relevant papers, consider the parties' arguments, and determine a reasonable amount to award. She shall have discretion, if necessary, to allow relevant discovery and/or oral argument (Dkt. Nos. 739, 748). The special master shall file and promptly serve a copy of all of the special master's orders on the parties. *See* FRCP 53(d).

3. By **NOON ON JULY 18, 2014**, the parties herein shall provide the special master with copies of all motion papers and other documents relevant to the dispute (*see, e.g.*, Dkt. Nos. 756, 757). The papers mailed shall be in a binder with tabs. An electronic text-searchable copy of all documents shall be included as well. Spreadsheets shall be produced in their native format (*e.g.*, Microsoft Excel) so that line items can be reviewed and calculated. Absent any supplementation or hearing allowed by the special master, the record is complete;

2

no further submissions shall be made. The parties shall retain and preserve all communications with the special master (Dkt. No. 740). If requested, the parties are responsible for arranging reporters to transcribe oral argument and/or communications with the special master. The reporter's expenses shall be split in the same proportions as the fees and expenses of the special master.

  4. By **SEPTEMBER 18, 2014**, the special master shall file a written report and recommendation. The report shall recommend an award of attorney's fees and expenses, as well as state all proposed findings. The report shall also recommend how to allocate all the special master's expenses and fees (and the reporter's fees). All objections to or motions regarding the special master's report and recommendation must be filed by **NOON ON OCTOBER 2, 2014**, to be noticed for a hearing on the normal 35-day track. The objection or motion shall not exceed ten pages. The objecting party must file a declaration submitting a complete appendix of all relevant communications with the special master. The response is due **SEVEN CALENDAR DAYS** from filing and shall not exceed ten pages. No reply briefing, please.

  5. The Court will then review any timely objections to the special master's report and recommendation according to the standards of review outlined in FRCP 53(f)(3–5). An order regarding attorney's fees and expenses will follow.

  6. As previously stated, in light of counsel for plaintiff's violation of the rules, the starting point for the allocation of the special master's fees is that plaintiff's counsel shall pay 75% of the special master's fees and the government shall pay the remainder. This ratio can be adjusted to reflect any unreasonable behavior in the litigation before the special master. The special master shall keep and preserve accurate time records. By **OCTOBER 2, 2014**, the special master shall send the parties an invoice. By **OCTOBER 9, 2014**, the parties shall file a statement regarding the special master's invoice stating: (a) that the parties have met-and-conferred in person or telephonically regarding the special master's invoice; (b) the proposed allocation of the special master's fees; and (c) all objections to the special master's invoice. *See* FRCP 53(g).

3

7. *Ex parte* communications with the special master should be avoided if possible. Any objection to an *ex parte* communication or motion to disqualify must be filed within seven calendar days of discovery.

8. Any proposed modification to this order must be promptly made in a joint letter brief (not to exceed three pages) filed after the parties have met-and-conferred (in person or telephonically) under the supervision of the special master.

**IT IS SO ORDERED.**

Dated: July 11, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE