IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHINAH IBRAHIM,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants.<br>                                    / | No. C 06-00545 WHA<br><br>**ORDER RESOLVING OBJECTIONS, ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION, VACATING HEARING, AND FIXING COMPENSATION** |

**INTRODUCTION**

At long last, this protracted satellite litigation over attorney's fees and expenses comes to an end, save and except for the pending appeal regarding attorney's fees and expenses. A prior order held that plaintiff was entitled to some but not all of the grossly excessive fees and expenses sought. The special master then issued a report and recommendation regarding the amount of the award. This order resolves the pending objections and adopts the special master's report and recommendation in its entirety.

**STATEMENT**

The history of this action has been summarized in prior orders and will not be repeated herein (Dkt. Nos. 682, 739). In pertinent part, in January 2014, plaintiff moved for attorney's fees and expenses. There were at least three defects with plaintiff's motion. *First*, in violation of our district's local rules, plaintiff's counsel failed to meet-and-confer prior to filing the motion. This alone was grounds to deny the motion. *Second*, no detailed spreadsheets or invoices supporting the expenses sought were appended to the motion. This was grounds to deny the expenses sought. *Third*, plaintiff's counsel referred to a confidential settlement conference in

violation of our local rules. In sum, even though it was a close call whether to deny counsel an award based on these violations, plaintiff's counsel were nevertheless permitted to proceed, spawning this massive satellite litigation.

Following full briefing, supplemental submissions, and oral argument, an April 2014 order determined counsel's entitlement to fees and expenses. Counsel were entitled to some but not all of the grossly excessive fees and expenses sought. A companion order required counsel to file revised declarations in accordance with the April 2014 order (Dkt. Nos. 715, 718, 739, 740).

This was not done. Plaintiff's counsel first requested an extension, which was granted. Counsel then re-filed their declarations seeking *all fees and expenses previously sought* and added more to their demand. In total, counsel sought $3.88 million in fees under market rates and $327,826 in expenses. A June 2014 order gave counsel one more chance to comply (Dkt. No. 758).

Counsel refused. Counsel stubbornly insisted on "the full amount of her requested attorney's fees" and filed notices of appeal regarding fees, expenses, and costs. Counsel then filed three motions for reconsideration, which upon review, were denied. A special master was appointed, after the parties were given adequate notice and an opportunity to be heard. The special master was ordered to file a written report regarding the *amount* of fees and expenses to be awarded. The special master, of course, could not revisit the *entitlement* rulings.

The special master reviewed the parties' submissions and relevant orders, allowed supplemental submissions, and heard oral argument. In pertinent part, plaintiff's counsel continued to insist on "100% of their fees." Counsel also asked for "additional fees" incurred since May 2014, which were actually fees-on-fees-on-fees. The special master then filed a 117-page report regarding attorney's fees and a sixteen-page report regarding expenses. In short, plaintiff's counsel sought $1.76 million in attorney's fees (or more than $3.88 million under market rates) and $293,860 in expenses. The government argued that no more than $232,550 in attorney's fees and $21,080 in expenses were due. The special master recommended an award of $419,987.36 in attorney's fees and $34,768.71 in expenses (Dkt. Nos. 787, 789). The parties had until October 2 to file objections, not to exceed ten pages.

Both sides filed objections. Plaintiff's counsel, however, filed two ten-page briefs and voluminous exhibits. Both sides filed responses. Notably, the government moved to strike all of plaintiff's objections for failure to comply with the page limits.

Now, the time for filings regarding the special master's report has elapsed. Having read the special master's report and recommendation and the parties' submissions, this order finds as follows.

**ANALYSIS**

**1.   IMPROPER OBJECTIONS.**

All of counsel for plaintiff's improper objections are **OVERRULED**.

*First*, plaintiff's counsel object to the appointment of a special master because she "did not preside over or attend the trial." Procedurally, this objection has been waived. The deadline to object to a special master was in April and no objection was timely made. Accordingly, the special master was appointed pursuant to Rule 53 and 54, after notice and an opportunity to be heard. Moreover, substantively, this objection makes no sense. There is no evidence that the special master lacked "familiarity" with the case, especially since she reviewed the parties' voluminous submissions and heard oral argument.

*Second*, plaintiff's counsel vaguely object to the "procedures" set forth in the April, June, and July orders. That is, the procedures for the special master and the orders to file revised declarations. No authority is provided for this objection, other than the bald argument that the "procedures" ordered resulted in "duplicative work" and forced them to "cut fees." Not so. Plaintiff's counsel never complied with the entitlement order, requiring the special master to sift through hundreds of pages of briefing, spreadsheets, and invoices to determine which fees and expenses were recoverable. This task was rendered even more difficult because the spreadsheets were "without formulas," even though a native production was ordered. Moreover, plaintiff's counsel never "cut fees," other than to excise $462,470 for a whopping $3.88 million demand.

*Third*, plaintiff's counsel object to the special master's "errors" in failing to award fees for non-recoverable tasks. For example, counsel argue that "the Special Master erred in denying recovery for work done in support of the Equal Protection and First Amendment claims."

3

Plaintiff did not prevail on these claims.  Counsel also argue that the special master erred in failing to award fees for visa issues, post-2012 standing issues, and privilege issues.  Counsel are wrong.  The special master could not (and did not) revisit the entitlement rulings.

*Fourth*, plaintiff's counsel ignored the page limits.  The July 2014 order stated that the objections were not to exceed ten pages.  Plaintiff's counsel filed 255 pages:  two ten-page briefs, a 234-page declaration with exhibits, and a one-page "statement."  This was not a good faith effort to comply with the page limits.  Indeed, no motion for a page extension was filed.

The government moves to strike all of plaintiff's objections for failure to comply with the page limits.  That motion is **GRANTED IN PART AND DENIED IN PART**.  As a sanction for violating the page limits, docket number 793 (brief regarding expenses) is hereby **STRICKEN**.  Counsel for plaintiff will not be allowed to "reincorporate" in her response her "previous" objections regarding expenses.  Pages eight through ten of her response (Dkt. No. 799) are hereby **STRICKEN**.  No objections to the special master's report regarding expenses are preserved because counsel failed to abide by the rules.  It would be unfair to retain these objections when the government made an effort to fit all objections within ten pages.

In sum, all of plaintiff's improper objections are **OVERRULED**.

### 2. REMAINING OBJECTIONS BY PLAINTIFF'S COUNSEL.

For the reasons stated herein, all of the remaining objections by plaintiff's counsel are **OVERRULED**.

*First*, plaintiff's counsel object to the special master's reductions for needless duplication, excessive conferencing, and lack of billing judgment.  For example, plaintiff's counsel sought fees for three attorneys conferencing regarding "status and plan."  Time billed by the third, more senior, attorney was excised by the special master.  This order adopts all of the special master's recommendations and finds that she properly reduced many of the grossly overbroad sums demanded by plaintiff's counsel.

*Second*, plaintiff's counsel object to the special master's reductions for block-billing and vague entries.  The special master did not err in finding these line items improper, excessive, and/or inadequately detailed.  Plaintiff's counsel also argue that to the extent the special master

4

could not "infer" information from the surrounding entries, "she could have requested further clarification." This argument is misplaced. It was counsel for plaintiff's burden to submit sufficient proof in January 2014. Plaintiff's counsel failed to do so. They were given a second chance to revise their declarations in April. They again failed to do so. They were given a third chance in June. They refused. They were then given an opportunity to work with the special master to calculate the proper amount of recoverable fees. They stubbornly insisted on "100% of their fees." To now blame the special master for not requesting "further clarification" is utterly misguided.

*Third*, plaintiff's counsel object to the special master's recommendation, after reviewing all of the relevant line items, that no fees-on-fees-on-fees be awarded. No authority is provided for this objection. Plaintiff's counsel only baldly assert that "[t]he Special Master declined to award plaintiff fees for work done since May 2014. This was improper. Plaintiff requests that the Court award her these fees." This order finds the special master's recommendation reasonable and finds that those amounts were properly omitted.

In sum, all of counsel for plaintiff's objections are **OVERRULED**.

**3.     OBJECTIONS BY THE GOVERNMENT.**

For the reasons stated herein, all of the government's objections are **OVERRULED**.

*First*, the government argues that no fees and expenses should be awarded "given Plaintiff's counsel's obstinate refusal to comply with the Court's entitlement order . . . and her untimely and insufficiently documented request for expenses." All will recognize that plaintiff's counsel repeatedly disregarded the rules. In such circumstances, it would be justified to refuse to enter an award. Nevertheless, counsel were permitted to proceed, spawning this second major litigation which included three motions for reconsideration and hours-upon-hours spent sifting through voluminous submissions. Discretion has been exercised to award some but not all of the massive sum demanded. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

*Second*, the government takes issue with some of the special master's percentages and amounts. For some items, the government argues that only 33 percent of the amount requested should be awarded instead of the fifty percent recommended. For other items, the government

5

argues that no fees should be awarded instead of the sixteen percent recommended. For items associated with Professor Kahn, the government argues that no fees should be awarded on account of plaintiff's "uncooperative behavior" during discovery. The government also argues that certain mileage and subpoena expenses should not be awarded because plaintiff's discovery efforts were only partially successful or those depositions never occurred. Upon review of the special master's report, this order finds that the special master properly considered the recoverable items and those so inextricably intertwined.

*Third*, the government objects to recovery for any "vague" entries. For example, the government argues that plaintiff made no effort to provide detailed descriptions for some line items beyond "[p]repare for trial." The government also argues that no fees should be awarded for "client communication" without a "showing that the activity for which plaintiff seeks to tax the Government is compensable." Plaintiff's counsel respond that the government was not entitled to privileged information. Upon review of the special master's report, this order finds that the special master properly awarded the recoverable amounts.

*Fourth*, to determine the amount of fees-on-fees, the government argues that the special master should have multiplied the fees recovered by the percentage of merits fees initially sought ($3.5 million) instead of the $1.6 million sought under the EAJA. This order finds that the special master properly calculated the fees-on-fees amount, even though this order recognizes that plaintiff's counsel continue to demand all fees under market rates.

In sum, all of the government's objections are **OVERRULED**.

**4.     SPECIAL MASTER'S FEES AND EXPENSES.**

A prior order appointed Attorney Gina Moon as the special master. As a service to the Court and to save the parties expense, she agreed to cap her hourly rate at $200 per hour. She has submitted an invoice for $ 27,481.50 in fees and expenses. The time for filing objections has elapsed. Neither side objected to the entries on her invoice. This order finds that the special master's fees and expenses are reasonable. Pursuant to Rule 53(g), the special master's compensation is hereby **FIXED**.

6

The parties only dispute the allocation of the special master's fees. This order finds that plaintiff's counsel shall pay 75% of the special master's fees, save for one exception, as a sanction for counsel's failure to meet-and-confer before filing their motion, their obstinate refusal to file revised declarations in accordance with the entitlement order, and their disregard for the page limits. The exception is that plaintiff's counsel shall pay 100% of the special master's fees for work done on the fees-on-fees-on-fees demand.

## CONCLUSION

For the reasons stated herein, all objections are hereby **OVERRULED**. The special master's report and recommendation is hereby **ADOPTED IN FULL**. The November 20 hearing is hereby **VACATED** (Dkt. Nos. 787, 789).

Accordingly, plaintiff's counsel are hereby awarded $419,987.36 in attorney's fees and $34,768.71 in expenses. The special master's compensation of $ 27,481.50 is hereby **FIXED**.

To ensure that the special master is promptly paid for her services, the payment procedure shall be as follows. The government shall promptly send a check to the special master for 100% of her fees. The government shall then subtract all of this amount (minus its portion of the special master's fees) from the amount to be paid to plaintiff's counsel. The remainder is the amount due plaintiff's counsel. All payments shall be made by **OCTOBER 30**, unless there is a timely appeal by either side in which the payments shall be made when all appeals are finally ended with no follow up required. The parties shall file a joint status report by **NOON ON OCTOBER 31, 2014**.

This motion for attorney's fees and expenses involved a Herculean task. The Court extends its highest compliments and thanks Attorney Gina Moon for her excellent service and willingness to serve at a reduced rate.

**IT IS SO ORDERED.**

Dated: October 9, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7