**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAHINAH IBRAHIM,                                    No. C 06-00545 WHA

       Plaintiff,

  v.

DEPARTMENT OF HOMELAND SECURITY, et al.,    **ORDER RESOLVING**
                                                    **REMAINING ISSUES**

       Defendants.

                      /

All that remains in this protracted fee litigation are the two issues addressed below.

**1.**    **SUPPLEMENTATION.**

The deadline to file a motion for attorney's fees was in January 2014.  A motion was timely filed (although plaintiff's counsel failed to meet and confer in advance of filing the motion in violation of our local rules).  After considerable briefing and oral argument, an April 2014 order held that plaintiff's counsel were entitled to some but not all of the fees requested. Plaintiff's counsel were allowed to file a revised declaration in accordance with the order, but "[a]bsent any supplementation or hearing allowed by the special master," that constituted the "entire record" (Dkt. Nos. 739, 740).  On August 26, plaintiff's counsel sought leave from the special master to submit additional fees incurred since May 2014.  The special master reviewed that submission but ultimately concluded that the "fees-on-fees-on-fees" were not warranted (Dkt. No. 787 at 12, 115–17).  A final award was fixed (Dkt. No. 803).

More than two weeks later, plaintiff's counsel then demanded from the government $85,467.50 (or $35,784.49 under the EAJA) for fees "incurred for the remainder of the

**United States District Court**
For the Northern District of California

1   proceedings before the Special Master and the Court." The government opposed, arguing that

2   counsel's effort to supplement was untimely and that no additional fees were warranted.

3        This new demand is overstated and comes after a history of plaintiff's counsel stubbornly

4   refusing to cooperate in this significantly protracted satellite fee litigation. Now that an award

5   has been entered, counsel seek to augment that award by $85,467.50 for work done objecting to

6   the special master's report. This grossly overstated sum is not justified, especially considering

7   the outcome of counsel's objections. All of counsel for plaintiff's objections were overruled.

8   Indeed, they filed two, ten-page briefs when only one was permitted. Accordingly, one of their

9   briefs was stricken. Counsel's remaining objections, after careful consideration, were overruled.

10  Nevertheless, counsel now forge ahead to demand an additional large sum. The undersigned

11  judge will not encourage such behavior by allowing it to be trimmed back to a lesser number. To

12  do so would invite grossly overbroad requests on the strategy that counsel will at least get some

13  lesser amount. Since the amount sought is patently excessive for the work done, the baby will go

14  out with the bath water.

15       Accordingly, counsel for plaintiff's motion for leave to further supplement the record

16  regarding additional fees is **DENIED**.

17      **2.**        **OBLIGATION TO PAY.**

18       The award stated that "[a]ll payments shall be made by October 30, unless there is a

19  timely appeal by either side in which the payments shall be made when all appeals are finally

20  ended with no follow up required" (Dkt. No. 803). The government then filed a notice of appeal.

21  There is also a pending appeal regarding costs.

22       The parties dispute whether the government's obligation to pay should be stayed pending

23  appeal. The answer is yes. Although the Court has issued an entitlement order and fixed the

24  award, our court of appeals may yet disagree. To take one example, they could find that the

25  government's position was substantially justified, meaning that no fees would be recoverable

26  under the EAJA. 28 U.S.C. 2412(d)(1)(A). There is also no evidence a stay would substantially

27  injure plaintiff's counsel and it is indeed far better, in an exercise of this Court's discretion, to

28  stay payment until there is finality on the award, which would come out of the Treasury.

Accordingly, counsel for plaintiff's objection to staying the government's obligation to pay is **OVERRULED**.  Counsel for plaintiff's extremely belated request for an "interim attorney's fees" award is **DENIED**.

**IT IS SO ORDERED.**

Dated:   November 7, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California